JEFFREY A. NEEDELMAN (SBN 193892)
P.O. Box 471146
San Francisco, California 94147-1146
Telephone (415) 441-4401
Facsimile (415) 441-4956
E-Mail: jneedelmanesq@sbcglobal.net

Attorney and Plaintiff Pro Se

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY A. NEEDELMAN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AUTHORITY dba AMERICAN EDUCATION SERVICES; KEY BANK, N.A.; & EDUCATION CREDIT MANAGEMENT SERVICES;<br><br>　　　　　Defendants. | CASE NO. 08 CV 0442 L RBB<br><br>COMPLAINT FOR:<br><br>1. DECLARATORY RELIEF; AND<br><br>2. REIMBURSEMENT |

## FIRST CAUSE OF ACTION

## FOR DECLARATORY RELIEF

Plaintiff Jeffrey A. Needelman alleges as follows:

1. Plaintiff was and is at all relevant times an individual is an individual United States Citizen who is a resident, domiciliary and citizen of the State of California.

(Complaint)

2. Plaintiff is informed and believes and on that basis alleges that defendant Pennsylvania Higher Education Authority ("PHEAA") doing business as American Education Services ("AES") is a corporation incorporated under the laws of Pennsylvania or a business entity organized under the laws of the State of Pennsylvania with its principal place of business in the State of Pennsylvania, and a Citizen of Pennsylvania.

3. Plaintiff is informed and believes and on that basis alleges that defendant Key Bank, N.A. is a corporation incorporated under the laws of Pennsylvania or a business entity organized under the laws of the State of Pennsylvania with its principal place of business in the State of Pennsylvania, and a Citizen of Pennsylvania.

4. Plaintiff is informed and believes and on that basis alleges that defendant Education Credit Management Services ("ECMC") is a nonprofit member of ECMC Group and is a national guaranty agency that insures loans under the Federal Family Education Loan (FFEL) Program.

5. This Court has jurisdiction to adjudicate this lawsuit pursuant to 28 U.S.C. § 1331 because the case involves a controversy arising under the laws of the United States.

6. Venue in the Southern District of California is proper because the underlying events on which this lawsuit is based occurred in the Southern District of California; to wit, the plaintiff's filing of a Chapter 13 case in the Southern District with the intent to have his student loans forgiven and his fulfillment of a 5-year plan toward that end.

7. The PHEAA dba AES, Key Bank, ECMC or their predecessors issued, owned, guaranteed, purchased or serviced 7 federally guaranteed Stafford student loans ("the Student Loans") to plaintiff while he was in law school on the following disbursement dates: August 4, 1993, December 22, 1993, August 19, 1994, September 20, 1995, September 20, 1995, August 28, 1996, and August 28, 1996. Plaintiff graduated law school in 1997 and began making payments

-2- **(Complaint)**

on some or all of the Student Loans in 1998 until receiving a deferment or forebearance in the year 2000.

8. On December 6, 2001, Plaintiff filed a Chapter 13 bankruptcy in the United States District Court for the Southern District of California, Case No. 01-12461-H13. The bankruptcy included only student loan debts, including the Student Loans, and no other debts. A five-year plan was confirmed after notice to all lenders without objection on January 25, 2002. Under the plan, the plaintiff was to pay $29,197.11 to satisfy the total student loan obligations in the amount of $104,275.35, with the balance of the amount to be forgiven. The plan was concluded on March 9, 2007. After notice to all lenders without objection, an order discharging the debtor was executed on May 29, 2004.

9  The student loans issued, owned, guaranteed, purchased or serviced by PHEAA dba AES, Key Bank and ECMC, or their predecessors (collectively hereafter "defendants") were originally claimed and paid in the following amounts in Plaintiff's Chapter 13 bankruptcy:

| DISBURSEMENT DATE | AMOUNT OF CLAIM CLAIM IN BANKRUPTCY | AMOUNT PAID IN BANKRUPTCY |
|---|---|---|
| 08/04/1993 | $9,826.76 | $2,751.49 |
| 12/22/1993 | $1,310.17 | $366.85 |
| 08/19/1994 | $11,058.38 | $3,096.35 |
| 09/20/1995 | $11,058.38 | $3,096.35 |
| 09/20/1995 | $15,580.22 | $4,362.46 |

1  | 08/28/1996 | $11,058.38 | $3,096.35
2  |
3  | 08/28/1996 | $14,561.74 | $4,077.29
4
5  Thus, of the total amount claimed to be owed to defendants at the commencement of Plaintiff's
6  plan of $74,454.03, Plaintiff agreed to pay, and did pay, $20,847.14 over a five year period.
7
8      10.    In a letter dated July 12, 2007, defendant PHEAA dba AES wrote the Plaintiff,
9  stating that the above 7 loans had been repurchased by defendant Key Bank N.A. in the following
10 amounts:
11

| LOAN PROGRAM | 1ST DISB DATE | PRINCIPAL BALANCE | LOAN STATUS |
|---|---|---|---|
| STFFRD | 08/04/1993 | $10,144.62 | REPAYMENT |
| STFFRD | 12/22/1993 | $1,354.17 | REPAYMENT |
| STFFRD | 08/19/1994 | $11,414.30 | REPAYMENT |
| STFFRD | 09/20/1995 | $11,414.30 | REPAYMENT |
| UNSTFD | 09/20/1995 | $16,080.46 | REPAYMENT |
| STFFRD | 08/28/1996 | $11,414.30 | REPAYMENT |
| UNSTFD | 08/28/1996 | $15,028.82 | REPAYMENT |

28 The combined amount of the letter stated that I owed $76,850.97, an amount higher than the

$74,454.03 owed before the commencement of the 5-year plan.

11. Plaintiff disputed this result in letters to defendant PHEAA dba AES dated July 23, 2007, August 27, 2007, and September 14, 2007.

12. On September 27, 2007, Plaintiff received a letter from defendant ECMC, advising that it considered the Student Loans with interest still owing during the period of the 5-year plan.

13. On October 17, 2007, Plaintiff received a letter from "PHEAA powered by AES," stating that student loan debts are non-dischargeable without an adversary proceeding instituted by the debtor. The letter warned, "Inasmuch as interest continues to accrue on the outstanding principal, it is in your best interest, to make payments in accordance with the terms of the promissory note(s)."

14. To avoid assessment of interest, late penalties and creditor harassment, Plaintiff in October of 2007 began making monthly payments on these loans in the amount of $971.01, as demanded in monthly letters from PHEAA dba AES.

15. An actual controversy has arisen and now exists between Plaintiff and defendants regarding their respective rights and duties in connection with the Student Loans. Plaintiff contends (1) the failure of defendants or their predecessors to object to the plan at its confirmation hearing after notice; (2) the acceptance of defendants or their predecessors of monthly payments over five years without reserving rights; and (3) the failure of defendants or their predecessors to object to the termination of the plan constituted an acceptance of, and a waiver of any objections to, the plan's terms and conditions, including no accrual of interest during the pendency of the plan and / or forgiveness of any outstanding principal after completion of the plan.

16. A judicial determination is now necessary in order to determine whether Plaintiff

owes any money to defendants and whether Plaintiff is entitled to reimbursement of loan payments made since October of 2007.

## SECOND CAUSE OF ACTION
## FOR REIMBURSEMENT

17.  Plaintiff incorporates by this reference each of the above allegations.

18.  The failure of defendants to object to the plan at its confirmation hearing after notice; the acceptance of defendants of monthly payments over five years without reserving rights; and the failure of defendants or their predecessors to object to the termination of plaintiff's Chapter 13 plan constituted an acceptance of, and a waiver of any objections to, the plan's terms and conditions, including no accrual of interest on the Student Loans during the pendency of the plan and forgiveness of any outstanding principal after completion of the plan.

19.  Defendants have received and have been unjustly enriched by Plaintiff's monthly payments on the Student Loans in the amount of $971.01 since October of 2007.

WHEREFORE, Plaintiff seeks judgment in his favor and against defendants:

1.  Pursuant to the first cause of action, for a declaration that the order of discharge dated May 24, 2007 in Plaintiff's Chapter 13 bankruptcy in the United States District Court for the Southern District of California, Case No. 01-12461-H13, applies to the Student Loans, extinguishing, forgiving and forever discharging the Student Loans and that, therefore, Plaintiff is no longer obligated to pay any money to defendants arising from the Student Loans.

2.  Alternatively, pursuant to the first cause of action, for a declaration that, during the pendency of the 5-year plan in Plaintiff's Chapter 13 bankruptcy in the United States District

1  Court for the Southern District of California, Case No. 01-12461-H13, interest on the Student
2  Loans' principal was stayed and should not have accrued and that, therefore, Plaintiff is entitled to
3  a credit against the principal claimed at the commencement of the 5-year plan of $74,454.03 in the
4  amount of the $20,847.14 paid to defendants during the plan.

6      3.    Pursuant to the second cause of action, for reimbursement, with prejudgment and
7  post-judgment interest, of the monthly payments Plaintiff has made on the aforementioned student
8  loan debts since October of 2007 in the amount of $971.01;

10     4.    Alternatively, pursuant to the second cause of action, for reimbursement and re-
11 allocation toward principle of the portion of the payments Plaintiff has made on the
12 aforementioned student loan debts since October of 2007 in the amount of $971.01 misapplied
13 toward interest;

15     5.    For costs of suit; and

17     6.    For all other relief as the Court deems proper.

19 DATED: March 9, 2008          JEFFREY A. NEEDELMAN



By: _____
Jeffrey A. Needelman,
Attorney and Plaintiff Pro Se

-7-  (Complaint)

```
           UNITED STATES
           DISTRICT COURT
       SOUTHERN DISTRICT OF CALIFORNIA
             SAN DIEGO DIVISION

          # 148583      - SH
          * * C O P Y * *
            March 10, 2008
              13:52:18


            Civ Fil Non-Pris
      USAO #.: 08CV0442
      Judge..: M. JAMES LORENZ
      Amount.:              $350.00 CC


          Total-> $350.00


      FROM: NEEDELMAN V. PHEAA ET AL
```

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jeffrey A. Needelman

### DEFENDANTS
PHEAA dba AES; Key Bank, N.A.; ECMC

08 MAR 10 PM 1:46
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

(b) County of Residence of First Listed Plaintiff: **San Francisco**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

'08 CV 0442 L RBB

(c) Attorney's (Firm Name, Address, and Telephone Number)
P.O. Box 471146; San Francisco, California 94147-1146

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  |  |  | ☐ 810 Selective Service |
|  | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) |  |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** / **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
11 U.S.C.A. §§ 502(b)(2), 523(a)(8), 1328(a)(2)

Brief description of cause:
Declaratory Judgment Plaintiff Owes No Principal or interest after confirmation and completion of Ch. 13 plan

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE Hargrove
DOCKET NUMBER 01-12461-H13

DATE: 03/09/2008
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 148583   AMOUNT $350   APPLYING IFP   JUDGE   MAG. JUDGE
ML 3/10/08

IR