Michael L. Meeks (State Bar No. 172000)
meeksm@pepperlaw.com
Carol A. Dwyer (State Bar No. 239769)
dwyerc@pepperlaw.com
**PEPPER HAMILTON LLP**
4 Park Plaza, Suite 1200
Irvine, California 92614
Telephone: 949.567.3500
Facsimile: 949.863.0150

Attorneys for Defendant Pennsylvania Higher Education Assistance Agency dba American Education Services

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY A. NEEDELMAN,<br><br>Plaintiff,<br><br>vs.<br><br>PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AUTHORITY dba AMERICAN EDUCATION SERVICES, KEY BANK, N.A.; & EDUCATION CREDIT MANAGEMENT SERVICES,<br><br>Defendants. | Case No. 08 CV 0442 L RBB<br><br>Honorable M. James Lorenz<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) BY DEFENDANT PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY**<br><br>[Notice of Motion and Motion; Request for Judicial Notice, filed concurrently herewith]<br><br>Date:  June 30, 2008<br>Time:  10:30 a.m.<br>Place:  Crtrm 14 |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................1

II. STATEMENT OF FACTS....................................................................................2

III. STANDARD APPLICABLE TO RULE 12(b)(6) MOTIONS .......................3

IV. PLAINTIFF'S STUDENT LOANS WERE NOT DISCHARGED IN HIS CHAPTER 13 BANKRUPCTY................................................................................4

    A. The Bankruptcy Court's Discharge Order Expressly Excluded Student Loan Debts From Discharge. ...................................................................4

    B. Plaintiff's Student Loans Were Not Discharged By The Bankruptcy Plan or Confirmation Order. .....................................................................5

    C. Even If The Bankruptcy Court Attempted To Discharge The Student Loan Debts (Which It Express Did Not Do) Any Such Attempted Discharge Would Violate Due Process. ...................................................6

V. PLAINTIFF CANNOT STATE A CLAIM FOR REIMBURSEMENT OF INTEREST PAYMENTS..........................................................................................9

VI CONCLUSION..................................................................................................10

i

# TABLE OF AUTHORITIES

Page

## CASES

Banks v. Sallie Mae Servicng Corp.,
  299 F. 3d 296 (4th Cir. 2002) .................................................................................. 7

Buckman Co. v. Plaintiffs' Legal Committee,
  531 U.S. 341 ............................................................................................................ 8

Calderon v. Ashmus,
  523 U.S. 740 (1998) ................................................................................................ 4

Concise Oil & Gas Partnership v. Louisiana Intrastate Gas Corp.,
  986 F. 2d 1463 (5th Cir. 1993) ............................................................................... 4

Educ. Credit Mgmt. Corp. v. Repp,
  307 B.R. 144 (9th Cir. 2003) .................................................................................. 6

Enewally v. Was. Mut. Bank,
  368 1165 (9th Cir. 2004.) .................................................................................... 5, 7

Eureka Fed. Sav. & Loan Ass'n v. American Cas. Co.,
  873 F. 2d 229 (9th Cir. 1989) ................................................................................. 4

Great Lakes Educ. Corp. v. Pardee,
  193 F. 3d 1083 (9th Cir. 1999) ............................................................................... 6

Johnson v. Riverside Healthcare System, LP,
  516 F. 3d 759 (9th Cir. 2008) ................................................................................. 3

Mack v. South Bay Beer Distributors, Inc.,
  798 F. 2d 1279 (9th Cir. 1986) ............................................................................... 3

Mullis v. South Bay Beer Distributors, Inc.,
  828 F. 2d 1383 (9th Cir. 1987) ............................................................................... 3

Nash v. Kester,
  765 F. 2d 1410 (9th Cir. 1985) ............................................................................... 5

Parents Involved in Community Schools v. Seattle School Dist. No. 1,
  127 S.Ct. 2738 (2007) ............................................................................................. 8

Ransom,
  336 B.R. 790 (9th Cir. 2005) .................................................................................. 1

Ruehle v. Educ. Credit Mgmt. Corp.,
  412 F. 3d 679 (6th Cir. 2005) ................................................................................. 7

SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.
  88 F. 3d 780 (9th Cir. 1996) ................................................................................... 3

Tennessee Student Assistance Corp. v. Hood,
  541 U.S. 440 (2004) ................................................................................................ 4

## OTHER AUTHORITIES

11 U.S.C. Section 523(a)(8) ........................................................................................... 6

## RULES

Federal Rules of Civil Procedure Rule 12(b)(6) ....................................................... 1, 3

## I. INTRODUCTION

Plaintiff Jeffrey Needelman ("Plaintiff") seeks a declaration that his student loan debts are discharged pursuant to his Chapter 13 bankruptcy and that interest was miscalculated based upon the bankruptcy discharge. However, the bankruptcy court's discharge order expressly excepts student loans from discharge. The bankruptcy court's orders and documents may be judicially noticed and the issues presented should be decided as a matter or law. The Ninth Circuit has address the exact circumstance of this case in In re Ransom, 336 B.R. 790 (9th Cir. 2005), and held that there is no discharge.

Plaintiff is an attorney admitted to practice law in California. He attended the University of California Los Angeles School of Law from about August 1993 until he graduated in 1997. Plaintiff took out various student loans for his legal education that were disbursed on August 4, 1993, December 22, 1993, August 19, 1994, September 20, 1995 and August 28, 1996. Pennsylvania Higher Education Assistance Agency ("PHEAA") is the loan servicing agent for Plaintiff's student loans for his lender, Key Bank, N.A. In 2001, Plaintiff filed for Chapter 13 bankruptcy and attempted to discharge his student loans.

Federal law imposes a heavy burden of proof on student loan debtors to discharge their obligations. Debtors are required to file an adversary proceeding and provide notice to the lender(s) of the attempted discharge. In the proceeding, debtors are required to prove that they will suffer an undue hardship and will be unable to maintain a minimal quality of life unless they are relieved from their debt.

Here, Plaintiff failed to follow the procedural prerequisites in obtaining a discharge of his student loans. His student loans were not discharged and there is no law or facts to support his claims for Declaratory Relief or Reimbursement. Accordingly, Plaintiff's complaint and both causes of action must be dismissed for failure to state a claim upon which relief can be granted under Federal Rules of Civil Procedure Rule 12(b)(6).

## II. STATEMENT OF FACTS

On or about December 6, 2001, Plaintiff filed a Voluntary Petition (the "Petition") for Chapter 13 Bankruptcy in the United States District Court – Southern District of California (the "Bankruptcy Court"), Case No. 01-12461-H13 (the "Bankruptcy Action"). Plaintiff also filed a Chapter 13 Plan on or about December 6, 2001, which was simply a completed Chapter 13 Recommended Form for the U.S. Bankruptcy Court – Southern District of California (the "Plan"). See Request for Judicial Notice ("RJN"), ¶2, Exhibit "1." The Plan did not explicitly declare that Plaintiff sought to discharge his student loans or specify what debts he sought to discharge, other than to generically indicate that he would pay up to 28% of the amount of his "unsecured claims." See Exhibit "1" at p. 3. Plaintiff's Petition listed three student loan creditors in Schedule F-Creditors Holding Unsecured Nonpriority Claims, including EFG, SLSC Keycorp Trust, and Sallie Mae Servicing. See RJN., ¶3, Exhibit "2." There is no proof or certificate of service in the bankruptcy court's file indicating that the Plan or Petition was ever served on PHEAA or any other creditor.

On or about December 12, 2001, Plaintiff filed an Order and Notice for Meeting of Creditors To Be Held on Jan. 17, 2002 at 3:00 p.m (the "Meeting Notice"). See RJN., ¶4, Exh. "3." The Meeting Notice was apparently mailed to no one in particular at a lockbox for EFG and SLSC Keycorp Trust, respectively. The Meeting Notice did not disclose that Plaintiff's Plan included a provision for payment of his student loans. The Meeting Notice did not include a copy of the Plan or the Petition.

On or about January 24, 2002, the court issued an Order Confirming Debtor(s) Plan and Allowing Attorneys Fees ("Confirmation Order"). See RJN., at ¶5, Exhibit "4." The Confirmation Order does not specify that the Plan includes student loans. The Confirmation Order also does not include a determination as to whether Plaintiff would suffer undue hardship without bankruptcy relief. Indeed,

there is no mention of student loans or undue hardship in the Plan or the Confirmation Order.

Eventually, on or about May 29, 2007, Plaintiff obtained a Discharge of Debtor Order ("Discharge Order") that provided, in pertinent part, as follows:

IT IS ORDERED THAT:

1. The Debtor is hereby discharged of all debts provided for by the Plan or disallowed under 11 U.S.C. §502, **except any debt**

   a. Provided for under 11 U.S.C. §1322(b)(5);

   b. **of the kind specified under 11 U.S.C. §523(a)(5)(8), or (9)**…

(Emphasis added.) See RJN., at ¶6, Exhibit "5." Section 523(a)(8) prohibits the discharge of student loans in bankruptcy unless there is a showing that the debt imposes and undue hardship on the debtor. Here, there was no finding of undue hardship in the Bankruptcy Action and the Discharge Order expressly excluded student loans from discharge.

### III.   STANDARD APPLICABLE TO RULE 12(b)(6) MOTIONS

Dismissal pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) is proper where the claim is not based on a cognizable legal theory or where there are insufficient facts alleged to support cognizable claim. Johnson v. Riverside Healthcare System, LP, 516 F. 3d 759, 764 (9th Cir. 2008); SmileCare Dental Group v. Delta Dental Plan of Cal., Inc. 88 F. 3d 780, 783 (9th Cir. 1996). In ruling on a motion to dismiss, the Court may also take judicial notice of facts which are in addition to or contradict the allegations in the complaint. Mullis v. South Bay Beer Distributors, Inc., 828 F. 2d 1383, 1388 (9th Cir. 1987). Public records such as pleadings, orders and other papers on file in another action may be judicially noticed on a Rule 12(b)(6) motion to dismiss. See Mack v. South Bay Beer Distributors, Inc., 798 F. 2d 1279, 1282 (9th Cir. 1986).

3

## IV. PLAINTIFF'S STUDENT LOANS WERE NOT DISCHARGED IN HIS CHAPTER 13 BANKRUPCTY

Plaintiff's First Claim for Relief seeks a declaration that his Chapter 13 Bankruptcy case discharged his student loan debts. Plaintiff's claim fails because (1) the discharge order expressly excludes student loan debts, (2) the Chapter 13 payment plan does not discharge student loan debts as a matter of law, and (3) even assuming *arguendo* that the Chapter 13 bankruptcy attempted to discharge the student loan debts (which it did not), any such discharged would have been a violation of Due Process as a matter of law.

To state a claim for declaratory relief, Plaintiff must establish there is an actual controversy regarding a matter within federal subject matter jurisdiction. See Calderon v. Ashmus, 523 U.S. 740, 745 (1998). Declaratory relief is only proper where it will relieve the parties from uncertainty. Concise Oil & Gas Partnership v. Louisiana Intrastate Gas Corp., 986 F. 2d 1463, 1471 (5th Cir. 1993); Eureka Fed. Sav. & Loan Ass'n v. American Cas. Co., 873 F. 2d 229, 231 (9th Cir. 1989).

### A. The Bankruptcy Court's Discharge Order Expressly Excluded Student Loan Debts From Discharge.

Here, there is no uncertainty as to the meaning of the Discharge Order. The Discharge Order unambiguously, on its face, excludes student loans (which include interest) from discharge. At most, the Discharge Order is a generalized form that did not intend to specifically discharge Plaintiff's student loans. Tennessee Student Assistance Corp. v. Hood, 541 U.S. 440, 451 (2004) ( "student loans guaranteed by governmental units are not included in a general discharge order unless the bankruptcy court determines that excepting the debt from the order would impose an 'undue hardship' on the debtor") (citing to 11 U.S.C. §523(a)).

For example, in In re Ransom, 336 B.R. 790 (9th Cir. 2005), the court entered a discharge order that provided as follows:

4

> "[T]he debtor is discharged from all debts provided for by the plan or disallowed under 11 U.S.C. §502 except debt…of the kind specified in paragraph (5), (8) [student loans], or (9) of 11 U.S.C. §523(a)."

Ransom, 336 B.R. at 792; **compare** RJN, at ¶6, Exhibit "5." In Ransom, the Ninth Circuit recognized that the discharge order "expressly excluded student loan debt from its scope." Id. at 792.

The Discharge Order in the instant case is virtually identical to the discharge in Ransom. The Discharge Order expressly excludes Plaintiff's student loans and there are simply no **facts** to establish an uncertainty or an actual controversy that needs to be clarified between Plaintiff and PHEAA. Accordingly, Plaintiff cannot state a claim for declaratory relief or reimbursement.

**B.    Plaintiff's Student Loans Were Not Discharged By The Bankruptcy Plan or Confirmation Order.**

"[T]he chapter 13 plan is only effective during its life. During that period, everyone must comply with it. Thereafter, the debts that are discharged are discharged. The debts that are not discharged may be collected." Ransom, 336 B.R. at 796. "Confirmation of a Chapter 13 plan is not a discharge. Instead, confirmation of a chapter 13 plan fixes the terms upon which claims are to be settled subject to modification by the court." 5 Collier ¶ 1327.02[3]; See Nash v. Kester, 765 F. 2d 1410, 1413 (9th Cir. 1985) ("[A] Chapter 13 plan does not discharge any debts")(superseded by statute on unrelated grounds pertaining to the duties of the bankruptcy trustee, as discussed in In re Parish, 275 B.R. 424 (U.S. D.C. 2002)); See 11 U.S.C. §§ 1327, 1328; See Enewally v. Was. Mut. Bank, 368 1165, 1173 (9th Cir. 2004.) ("A confirmed plan has no preclusive effect on issues that must be brought by adversary proceeding, or were not sufficiently evidenced in a plan to provide adequate notice to the creditor.")

Plaintiff's Plan was only effective until it ended and did not survive after the Bankruptcy Action terminated, which was June 7, 2007. Thereafter, only debts that were discharged in the Discharge Order were extinguished. Ransom, 336 B.R. at 796. Plaintiff's Student Loans were expressly excluded from the Discharge Order. Therefore, student loans may be collected because neither Plaintiff's Plan nor the Confirmation Order could have the effect of discharging the loan.

Plaintiff may attempt to rely on Great Lakes Educ. Corp. v. Pardee, 193 F. 3d 1083 (9th Cir. 1999) as the basis for his argument that his student loan was discharged by the Discharge Order and/or the Confirmation Order. However, Pardee is not applicable to the instant case. In Pardee, the debtors' plan expressly provided for payment of the **entire principal balance** of their student loans. Id. at 1086. Here, Plaintiff has attempted to pay only 28% of the balance of his student loans. In Pardee, the plan **only sought discharge of the interest** on the loans – providing "any remaining unpaid amounts, if any, including any claims for interest, shall be discharged by the Plan." Id. Here, nothing in the Plan, Petition, Discharge Order or Confirmation Order mentioned interest or attempted to discharge interest.

**C.    Even If The Bankruptcy Court Attempted To Discharge The Student Loan Debts (Which It Express Did Not Do) Any Such Attempted Discharge Would Violate Due Process.**

To discharge a student loan, the debtor must: (1) file an adversarial proceeding to determine whether the debt imposes an undue hardship on the debtor and (2) serve a summons and complaint on the creditor to the attention of an officer or agent authorized to accept service. In re Ransom, 336 B.R. 790, 791 (9th Cir. 2005) ("[A]ny discharge of student loans through a Chapter 13 plan requires notice of the quality expected of the adversary proceeding that Federal Rule of Bankruptcy Procedure 7001 prescribes for making 'undue hardship' dischargeability determinations under 11 U.S.C. §523(a)(8)") (citing Educ. Credit Mgmt. Corp. v. Repp, 307 B.R. 144 (9th Cir. 2003)); See Fed. Rules Bkrtcy. Proc. Rule

6

7001(6)(requires an adversary proceeding to discharge debt); See Fed. Rules Bkrtcy. Proc. Rule 7003 (provides method of commencing adversary proceeding); See Fed. Rules Bkrtcy. Proc. Rule 7004(3) (provides procedure for serving summons and complaint upon a corporation); Repp, 307 B.R. at 153 (attempted discharge of a student loan in a Chapter 13 plan is procedurally deficient and not binding on a creditor unless the creditor had proper notice under Fed. Rules Bkrptcy. Proc. Rule 7004); See also In re Mersman, 505 F. 3d 1033, 1049 (10th Cir. 2007) ([A] bankruptcy court **lacks authority to confirm a plan** provision that seeks to discharge a student loan debt without an adversary proceeding proving 'undue hardship.'" (emphasis added.))

An attempt to discharge a student loan without bringing an undue hardship proceeding and properly serving the creditor with notice in compliance with Fed. R. Bkptcy. Proc. Rules 7001, 7003 and 7004 violates due process. Repp, 307 B.R. at 154 ("Although stealth may achieve surprise at the tactical level, the strategic problem is that 'below the radar' is also fatally below the due process standard"); See also Ransom, 336 B.R. at 795-96 ("[I]f chapter 13 plan provisions regarding matters that require an adversary proceeding do not "adequately identify" the modification of a creditor's claim, then there would be an "ambush" that would raise due process concerns.") (quoting Enwally v. Washington Mutual Bank, 368 F. 3d 1165, 1173 (9th Cir. 2004)); accord Banks v. Sallie Mae Servicng Corp., 299 F. 3d 296, 300 (4th Cir. 2002); accord Ruehle v. Educ. Credit Mgmt. Corp., 412 F. 3d 679, 681 (6th Cir. 2005); accord In re Hansom, 397 F. 3d 482, 484 (7th Cir. 2005).

In holding that discharge of student loans requires heightened notice, the Ninth Circuit in Repp explained, "[t]he nub of the problem in this appeal is that the method chosen for notice was calculated to minimize the chance that it would come to the attention to any of the persons in the position to make litigation decisions for the creditor." 307 B.R. at 149. The court held that due process requires that the summons and complaint be served on an officer or authorized agent of the creditor,

7

under Rule 7004. Id. at 150. There, the plaintiff merely mailed a copy of the chapter 13 plan to no one in particular to the creditor's lockbox and the court held that such notice "flunk[ed] due process." Id. at 147-46. Here, Plaintiff similarly "flunked" due process. Plaintiff mailed a form 25-day Meeting Notice to no one in particular to a lockbox, which did not attach the Plan or the Petition. Indeed, the Plan itself did not even set forth Plaintiff's student loans.

The gist of Plaintiff's argument is that PHEAA should have retrieved the Plan, retrieved the Petition, and objected, all within 25-days of Plaintiff's mailing of the Meeting Notice. Plaintiff's contention is unreasonable. Plaintiff's method of notice was unmistakably calculated to minimize the chance that PHEAA would actually become aware that his Plan allegedly sought to discharge his student loans. Plaintiff was required to initiate an adversary proceeding, file a complaint with a cause of action to determine undue hardship, and serve a summons and complaint upon an authorized person at PHEAA. He did not do so. Accordingly, Plaintiff's attempted discharge violated due process and was invalid.

Plaintiff may attempt to rely are Pardee to argue that any type of notice to a creditor is adequate. However, Pardee does not discuss the Due Process requirements of notice. See Buckman Co. v. Plaintiffs' Legal Committee, 531 U.S. 341, 352-53(a case does not stand for a proposition that is not discussed); See Parents Involved in Community Schools v. Seattle School Dist. No. 1, 127 S.Ct. 2738, 2762 (2007) (a court is not bound to follow a prior case "in which the point now at issue was not fully debated.")(internal citations omitted.) The Pardee court simply stated that the creditor received notice. Id. Here, the bankruptcy court's records do not indicate that PHEAA receive proper notice. Accordingly, Pardee is inapplicable to the instant case. For Plaintiff's Confirmation Order to have any effect (assuming it even purported to "discharge" the student loan debts which it does not), he was required to provide notice to PHEAA as set forth by Rule 7004

8

and as explained in Ransom and Repp.[1] Thus, Plaintiff has failed to state a claim and his complaint must be dismissed.

## V. PLAINTIFF CANNOT STATE A CLAIM FOR REIMBURSEMENT OF INTEREST PAYMENTS.

Plaintiff's Second Claim for Relief for reimbursement is functionally a claim for unjust enrichment. See Complaint at ¶19. Plaintiff seeks the return of interest paid on the outstanding student loan debt under the theory that it was discharged. As discussed above, there was no discharge.

As discussed above, there is no discharge of Plaintiff's student loans. This applies not only to the principal balance of Plaintiff's student loans, but also to the interest. Ransom, 336 B.R. at 794. In Ransom, the plaintiff filed Chapter 13 bankruptcy plan that included a provision to pay a student loan debt and a provision that attempted to bar accrual of interest on the loans. Id. at 792. The bankruptcy court confirmed the plan. Id. The Ninth Circuit held that, even where a plan contains a "no-accrual-of-interest provision," the interest is non-dischargeable unless there was proper notice under Rule 7004. Id.

Here, Plaintiff's Plan did not even purport to discharge interest. There was no mention of interest in the Petition, Plan, Confirmation Order or Discharge Order. Plaintiff failed to provide PHEAA with notice of any kind that he intended to discharge the interest. While the Notice of Meeting was defective under due process to notify PHEAA of the attempted student loan discharge, no notice

---

[1] Neither the Petition nor the Plan affirmatively requested a "discharge" of Plaintiff's debt. Rather, the Plan seeks to pay 28% of the debt "in full satisfaction thereto." See RNJ, ¶5, Exh. 4, page 3. However, to the extent the Court treats this language as a request for a *de facto* discharge, Plaintiff's duty to provide PHEAA with adequate notice under Due Process remains intact. In Ransom, the court held that the debtor could not accomplish a *de facto* discharge of student loan interest without an adversarial proceeding, proper notice, and a finding of undue hardship. 336 B.R. 794-95.

9

whatsoever was sent to PHEAA related to Plaintiff's purported discharge of interest.[2] Thus, Plaintiff has not and cannot state any facts to support his claim for reimbursement.

## VI. CONCLUSION

Based on the foregoing, PHEAA respectfully requests that Plaintiff's complaint and each cause of action therein be dismissed in its entirety.

DATED: April 18, 2008          PEPPER HAMILTON LLP

By:     /s/
       Michael L. Meeks
       Carol A. Dwyer
       Attorneys for Defendant Philadelphia
       Higher Education Assistance Agency

---

[2] PHEAA anticipates that Plaintiff will argue that neither Repp nor Ransom should apply to this case because they were decided after he filed his Petition in 2001. However, both the Ransom and Repp courts applied their decisions **retroactively** to the plaintiffs who had filed their petitions in 1997 and 1999, respectively, and were bound by the court's decision.

10