TIMOTHY P. BURKE, ESQ. (SBN 207084)
TIMOTHY P. BURKE & ASSOCIATES
A PROFESSIONAL CORPORATION
1136 Fremont Ave, Ste 108
South Pasadena, California  91030
Telephone:  (626) 799-8902
Facsimile:    (626) 799-8912

Attorneys for
EDUCATIONAL CREDIT MANAGEMENT CORPORATION

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY A. NEEDELMAN,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AUTHORITY dba AMERICAN EDUCATION SERVICES, KEY BANK N.A.; & EDUCATIONAL CREDIT MANAGEMENT CORPORATION<br><br>　　　　　　Defendants. | Case No.:  08- CV 0442 L RBB<br><br>Honorable M. James Lorenz<br><br>**MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) BY DEFENDANT EDUCATIONAL CREDIT MANAGEMENT CORPORATION**<br><br>**Hearing**<br>Date:    June 30, 2008<br>Time:   10:30 a.m.<br>Courtroom: "14" |

///

///

1

TO THE HONORABLE M. JAMES LORENZ, UNITED STATES DISTRICT JUDGE, PLAINTIFF IN PRO SE, AND ALL PARTIES OF INTEREST:

Educational Credit Management Corporation ("ECMC") presents its Motion to Dismiss Plaintiff Jeffrey A. Needelman's ("Plaintiff") Complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) on the grounds: (1) that the Complaint fails to state a claim for which relief may be granted.

This Motion will be based upon the Notice of Motion, this Motion, the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, oral argument and such further and other evidence that may be presented at the time of hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiff filed a Voluntary Chapter 13 Bankruptcy Petition, case number 01-12461-H13, in the United States Bankruptcy Court for the Southern District of California on or about December 6, 2001. Plaintiff filed a Chapter 13 Plan on or about December 6, 2001. (hereinafter the"Plan"). Plaintiff's Plan did not address his student loans. Rather, the Plan generally addressed unsecured debt, which he would pay up to 28% of the unsecured debt. (See, Plaintiff's Chapter 13 Plan, attached hereto and incorporated herein by reference as Exhibit "A")

Plaintiff alleges in his complaint that his student loans were somehow discharged by his Chapter 13 Bankruptcy.  However, student loans are non-dischargeable debts in bankruptcy. The only means by which a debtor may discharge their student loans is by filing an adversary proceeding.

In this matter, Plaintiff has never filed an adversary proceeding. Moreover, Plaintiff's Chapter 13 discharge order entered by the court explicitly excludes student loans from discharge.  As such, Plaintiff's complaint should be discharged for failure

to state a claim upon which relief may be granted under Federal Rule of Civil Procedure, Rule 12(b)(6).

## II.
## THE COURT HAS THE AUTHORITY TO DISMISS THE SECOND AND THIRD CAUSES OF ACTION IN PLAINTIFF'S AMENDED COMPLAINT

A motion to dismiss for failure to state a claim for which relief may be granted may be brought under Fed. R. Civ. P. 12(b)(6). The standard for determination of Fed. R. Civ. P. 12(b)(6) motion is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief". Conley v. Gibson, 355 U.S. 41, 45-6, 78 S. Ct. 99, 102, 2 L.Ed. 2d 80 (1957). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L.Ed. 2d 90 (1974). For purposes of a motion to dismiss, the factual allegations of the complaint are taken as true and are construed favorable to the pleader. *Id*.; Solid-Ramirez v. U.S. Dept of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985). However, conclusions of law asserted need not be accepted as true. The court makes its own determination of legal issues. Solis-Ramirez v. U.S. Dept of Justice, supra. Finally, ". . . a Rule 12(b)(6) motion to dismiss need not be granted nor denied in toto but may be granted as to part of a complaint and denied as to the remainder." Decker v. Massey-Ferguson, Ltd., 681 F.2d 111, 115 (2nd Cir. 1982).

In considering a motion to dismiss, the court must read the complaint generously and "accept as true all well –pleaded factual allegations in the complaint and view them in the light most favorable to [plaintiff]." De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 69 (2d Cir. 1996), *cert. denied*, 117 S. Ct. 509 (1996) (citing Papasan v. Allain, 478 U.S. 265, 283, 92 L.Ed 2d 209, 106 S. Ct. 2932 (1986)).

3

MEMO OF P& A'S IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) BY DEFENDANT EDUCATIONAL CREDIT MANAGEMENT CORPORATION
CH 7 CASE NO. 08 CV 0442 L RBB
1905

### III.

### PLAINTIFF FAILS TO STATE A CLAIM FOR DECLARATORY RELIEF AND REIMBURSEMENT

Declaratory relief is proper when there is a controversy and it would resolve uncertainty. (See, Calderon v. Ashmus, 523 U.S. 740, 745 (1998); See also, Concise Oil & Gas Partnership v. Louisiana Interstate Gas Corp., 986 F. 2d. 1463, 1471 (5th Cir. 1993).

In this case, there is no controversy or uncertainty. Pursuant to the bankruptcy code, the courts discharge order is the only item that can discharge a debt. (See, 11 U.S.C. Section 1328). Plaintiff's Chapter 13 discharge order did not discharge his student loan debt. (*See*, Plaintiff's Chapter 13 discharge order, attached hereto and incorporated herein by reference as Exhibit "B"). In fact, the order explicitly excluded Plaintiff's student loan debt from the discharge.

Further, it is well settled law that the only way to discharge student loan debt is to prevail in an adversary proceeding.  As the United States Supreme Court stated, "Section 523(a)(8) is 'self-executing.'  Unless the debtor affirmatively secures a hardship determination, the discharge order will not include a student loan debt." *Tenn. Student Assistance Corp. v. Hood*, 124 S.Ct. 1905, 1912 (2004) (citations omitted).  Plaintiff does not appear to dispute the fact that he never filed an adversary to determine whether his student loans were discharged. As such, Plaintiff cannot establish a claim for declaratory relief or reimbursement.

### IV

### PLAINTIFF'S STUDENT LOANS COULD NOT BE DISCHARGED BY THE CHAPTER 13 BANKRUPTCY PLAN AND CONFIRMATION PROCESS, BECAUSE IT WOULD VIOLATE DUE PROCESS

Plaintiff's bankruptcy plan, confirmation hearing and any related notices could not have discharged the debt, because it would violate due process.

The confirmation of a Chapter 13 plan does not discharge every debt. (See, *Nash v. Kester,* 765 F.2d. 1410, 1413 (9th Cir. 1985). Instead, the confirmation of the

Chapter 13 plan determines the terms by which creditors will be paid during the Chapter 13. Id. At the conclusion of the Chapter 13, those debts that are dischargeable are discharged. (See, 11 U.S.C. Sections 1327, 1328). The creditors that have debts that are non-dischargeable are free to resume collection of those debts.

While the Ninth Circuit at one point had allowed the discharge of the interest portion of a student loan debt, that case, *Pardee*, is no longer viable law. In a later case, the Ninth Circuit, quoting the Fourth Circuit, explicitly stated, ""[I]f an issue must be raised through an adversary proceeding it is not part of the confirmation process and, unless it is actually litigated, confirmation will not have a preclusive effect." *Enewally v. Wash. Mut. Bank (In re Enewally)*, 368 F.3d 1165, 1173 (9th Cir. 2004) (citation omitted).

Further, the Ninth Circuit Bankruptcy Appellate Panel recognized that *Pardee* did not address the lack of due process a creditor receives if an adversary proceeding is not filed. *Educ. Credit Mgmt. Corp. v. Repp (In re Repp)*, 307 B.R. 144, 146 (B.A.P. 9th Cir. 2004). In determining that student loan debt could not be discharged through improper plan language, the court stated:

> The minimal service requirements for chapter 13 plan confirmations cannot be used as a way to stay below the creditor's radar and elude the obligation to demonstrate "undue hardship" in an adversary proceeding in the usual adversarial format. Although stealth may achieve surprise at the tactical level, the strategic problem is that "below the radar" is also fatally below the due process threshold.

*Repp*, 307 B.R. at 154.

Further, every Circuit Court of Appeal that has considered this issue has determined that a debtor cannot discharge a student loan debt with insufficient due process. *Whelton v. Educ. Credit Mgmt. Corp.*, 432 F.3d 150, 156 (2nd Cir. 2005) (student loan debt cannot be discharged without due process); *Ruehle v. Educ.*

5

*Credit Mgmt. Corp. (In re Ruehle)*, 412 F.3d 679, 684 (6th Cir. 2005); *Banks v. Educ. Credit Mgmt. Corp. (In re Banks)*, 299 F.3d 296, 302 (4th Cir. 2002).

Even the Tenth Circuit, who had previously issued the *Andersen* decision upon which the *Pardee* decision relied, has since stated that "if an issue must be raised through an adversary proceeding it will not have a preclusive effect unless it is actually litigated." *Educ. Credit Mgmt. Corp. v. Mersmann (In re Mersmann)*, 505 F.3d 1033, 1050 (10th Cir. 2007). In overruling *Andersen*, the court even recognized that "the Ninth Circuit called into question the rationale employed by *Pardee*, undermining its continued validity." *Mersmann*, 505 F.3d at 1046, *citing Enewally*, 368 F.3d at 1173.

Similarly, several courts have determined that student loan debt cannot be discharged through a discharge order that explicitly, though improperly, stated that the debt was discharged because of the lack of due process. *See In re Hanson*, 397 F.3d 482 (7th Cir. 2005); *Educ. Credit Mgmt. Corp. v. Doane (In re Harig)*, 302 B.R. 177 (W.D. Va. 2003), *aff'd*, 102 Fed.Appx. 312 (4th Cir. 2004), *cert. denied*, 125 S.Ct. 1302 (2005); *In re Tyler*, 285 B.R. 685 (Bankr. W.D. Tex. 2002).

Plaintiff may argue that the Trustee's Notice of Claim and Intention to Pay Claim, that were not objected to by ECMC are sufficient to discharge the debt through the plan. However, If all the courts that have addressed these plan issues, have determined that plan language is not controlling because of the lack of due process, then it is impossible to assert that any court could find that the Trustee's Notice of Claims Filed and Intention to Pay Claims, which is not even served on creditors, that simply lists the percentage of the claim that is not being paid, noted as "% Forgive", could be sufficient to discharge any student loan debt.

First, as the court pointed out in *Bell*, "[t]here is a fundamental difference between the 'debt' and the 'claim.' Claim allowance and debt liability are different concepts." *Bell v. Educ. Credit. Mgmt. Corp. (In re Bell)*, 236 B.R. 426, 430 (N.D. Ala. 1999). The trustee is obligated to pay on the claim, but that does not affect the

6

MEMO OF P& A'S IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) BY DEFENDANT EDUCATIONAL CREDIT MANAGEMENT CORPORATION
CH 7 CASE NO. 08 CV 0442 L RBB
1905

debtor's personal liability on the debt. *See Wagner v. Ohio Student Loan Comm. (In re Wagner)*, 200 B.R. 160, 165 (Bankr. N.D. Ohio 1996) (noting that "Paid in Full" on final disbursement check simply noted satisfaction of trustee's obligation on claim, not debtor's obligation on the debt). Second, even if it did explicitly state that a percentage of the debt was to be forgiven, it would not have any legal effect because of the lack of due process. As discussed above, the only way to discharge any portion of a student loan debt is to initiate an adversary proceeding and demonstrate that repayment of the debt will impose an undue hardship under Section 523(a)(8).

As such, Plaintiff's Complaint fails to state a claim for which relief may be granted pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6)

## V

## **CONCLUSION**

For the reasons stated herein, ECMC respectfully requests that the Complaint be dismissed with prejudice and that Plaintiff not be provided with leave to amend regarding the above-referenced causes of action.

Respectfully submitted,

DATED: May 15, 2008         TIMOTHY P. BURKE & ASSOCIATES
                            A PROFESSIONAL CORPORATION

                      By:   /s/ TIMOTHY P. BURKE
                            TIMOTHY P. BURKE
                            Attorneys for EDUCATIONAL CREDIT
                            MANAGEMENT CORPORATION