1    **COX, WOOTTON, GRIFFIN,**
     **HANSEN & POULOS LLP**
2    Rupert P. Hansen  (SBN 082302)
     rhansen@cwghp.com
3    Courtney M. Crawford (SBN 242567)
     ccrawford@cwghp.com
4    190 The Embarcadero
     San Francisco, CA  94105
5    Telephone No.:  415-438-4600
     Facsimile No.:  415-438-4601
6
     Attorneys for Defendant
7    KEYBANK, N.A.

8

9                    **UNITED STATES DISTRICT COURT**

10                   **SOUTHERN DISTRICT OF CALIFORNIA**

11

12   JEFFREY A. NEEDELMAN,                )    Case No.:  08 CV 0442 L RBB
                                          )
13              Plaintiff,                )    Hon. M. James Lorenz
                                          )
14        vs.                             )    **POINTS AND AUTHORITIES IN**
                                          )    **SUPPORT OF DEFENDANT**
15   PENNSYLVANIA HIGHER EDUCATION )         **KEYBANK, N.A.'S MOTION TO**
     ASSISTANCE AUTHORITY dba             )    **DISMISS**
16   AMERICAN EDUCATION SERVICES,         )
     KEYBANK, N.A.; AND EDUCATION         )    **[FRCP RULE 12(b)(6)]**
17   CREDIT MANAGEMENT SERVICES,          )
                                          )    [Notice of Motion and Motion to Dismiss;
18              Defendants.               )    Request for Judicial Notice filed
     _____  )    concurrently herewith]
19
                                               Date:   June 30, 2008
20                                             Time:   10:30 a.m.
                                               Place:  Courtroom 14
21

22

23

24

25

26

27

28

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

KEY.Needelman/2602

1  COMES NOW Defendant KEYBANK, N.S. ("KEYBANK") and hereby respectfully

2  submits the following Memorandum of Points and Authorities in Support of its Motion to

3  Dismiss the Complaint of Plaintiff JEFFERY A. NEEDELMAN ("Plaintiff") filed in the

4  referenced action pursuant to Rule 12 b (6) of the Federal Rules of Civil Procedure ("FRCP")

5  on the grounds that it fails to state a claim for which relief may be granted.  This

6  Memorandum supports Defendant KEYBANK's Notice of Motion and Motion to Dismiss

7  and its Request for Judicial Notice filed concurrently herewith.

8  **I.     INTRODUCTION**

9
10  On or about March 10, 2008, Plaintiff filed a Complaint raising two causes of action

11  against Defendant KEYBANK and others in the captioned action ("Complaint").

   Plaintiff First Cause of Action is for Declaratory Relief and seeks a declaration that his
12
   federal student loan debts are discharged pursuant to his Chapter 13 bankruptcy and that
13
   interest was miscalculated based upon his Chapter 13 bankruptcy discharge.  This Court is
14
   empowered to take judicial notice of the Orders issued and pleadings filed in Plaintiff's
15
   Chapter 13 bankruptcy and the issues presented by this Motion can and should be decided as
16
   a matter of law.  In In Re Ransom, 336 B.R. 790 (9th Cir. 2005), the Ninth Circuit ruled in the
17
   exact same circumstances as this case presents that there was no discharge of the plaintiff's
18
   federal student loans.
19
20  Congress has spoken with regard to the required procedure that must be followed and

21  the burden of proof that a debtor must carry to have federal student loan debts discharged in

22  bankruptcy.  In this regard, debtors are required to file an adversary proceeding in their

23  bankruptcy and give notice to their federal student loan lender(s) of their attempted

24  discharge.  Additionally, such debtors must carry a heavy burden of proof that they will suffer

25  undue hardship and will be unable to maintain a minimal quality of life unless they are

26  discharged from their federal student loan debt.

27  In this case Plaintiff did not file an adversary proceeding and give notice of such a

28  proceeding to Defendant KEYBANK, whom Plaintiff alleges is one of the defendant entities

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

KEY:Needelman/2602

that "issued, owned, guaranteed, purchased or serviced 7 federally guaranteed Stafford student loans…" to Plaintiff while he was in law school. <u>See</u> Request for Judicial Notice ("RJN"), at ¶6 and Exhibit "6" (at ¶¶ 3 and 7)  There are no facts in Plaintiff's Complaint to support his claims for Declaratory Relief or Reimbursement.  As a consequence, Plaintiff's Complaint should be dismissed in its entirety pursuant to Rule 12(b)(6) of the FRCP for failure to state a claim upon which relief can be granted.

## II.    STATEMENT OF FACTS

On or about December 6, 2001, Plaintiff filed a Voluntary Petition (the "Petition") for Chapter 13 Bankruptcy in the United States District Court for the Southern District of California (the "Bankruptcy Court"), Case No. 01-12461-1113 (the "Bankruptcy Action"). <u>See</u> RJN, at ¶1 and Exhibit "1."  Plaintiff also filed a Chapter 13 Plan on or about December 6, 2001, which was simply a completed Chapter 13 Recommended Form for the Bankruptcy Court (the "Plan").  <u>See</u> RJN, at ¶2 and Exhibit "2 ."  The Plan did not explicitly declare that Plaintiff sought to discharge his federal student loans or specify' what debts he sought to discharge, other than to generically indicate that he would pay up to 28% of the amount of his "unsecured claims." <u>See</u> RJN, at ¶2 and Exhibit "2" (at p. 3).  Plaintiff's Petition listed three loan creditors in Schedule F-Creditors Holding Unsecured Nonpriority Claims, including EFG ("Perkins laon"), SLSC Keycorp Trust ("Student laon"), and Sallie Mae Servicing ("Student loan"). <u>See</u> RJN., at ¶6 and Exhibit "1" (at p 16).  There is no proof or certificate of service in the bankruptcy court's file indicating that the Plan or Petition was ever served on PHEAA or any other creditor.  On or about December 12, 2001, an Order and Notice for Meeting of Creditors To Be Held on Jan. 17, 2002 at 3:00 p.m was issued in the Bankruptcy Action (the "Meeting Notice"). <u>See</u> RJN, at ¶3 and Exhibit "3."  The Meeting Notice was apparently mailed to no one in particular at a lockbox for EFO and SLSC Keycorp Trust, respectively.  The Meeting Notice did not disclose that Plaintiff's Plan included a provision for payment of his federal student loans.  <u>Id</u>.  The Meeting Notice did not include a copy of the Plan or the Petition.  <u>Id</u>.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

KEY:Needelman/2692

On or about January 24, 2002, the court in the Bankruptcy Action issued an Order Confirming Debtor(s) Plan and Allowing Attorneys Fees ("Confirmation Order"). <u>See</u> RJN, at ¶4 and Exhibit "4." The Confirmation Order does not specify that the Plan includes federal student loans. The Confirmation Order also does not include a determination as to whether Plaintiff would suffer "undue hardship" without bankruptcy relief. Indeed, there is no mention of federal student loans or undue hardship in the Plan or the Confirmation Order. <u>Id.</u> Eventually, on or about May 29, 2007, Plaintiff obtained a Discharge of Debtor Order ("Discharge Order") that provided, in pertinent part, as follows:

> IT IS ORDERED THAT:
>
> 1. The Debtor is hereby discharged of all debts provided for by the Plan or disallowed under 11 U.S.C. §502, **except any debt**
>
>    a.  Provided for under 11 U.S.C. §1322(b)(5);
>
>    b.  **of the kind specified under 11 U.S.C.§523(a)(5)(8), or (9);**
>
> (Emphasis added.) <u>See</u> RJN at ¶5 and., at Exhibit "5."

Section 523(a)(8) of the federal bankruptcy code (Title 11 U.S.C.) prohibits the discharge of student loans in bankruptcy unless there is a showing that the debt imposes and undue hardship on the debtor. Here, there was no finding of undue hardship in the Bankruptcy Action and the Discharge Order expressly excluded student loans from discharge. <u>See</u> RJN at ¶5 and., at Exhibit "5."

### III.     LEGAL ARGUMENT

#### A.     APPLICABLE STANDARD FOR DECISION

A motion to dismiss under Rule 12(b)(6) of the FRCP tests the legal sufficiency of a party's claim for relief. The Rule allows trial courts to terminate lawsuits "that are fatally flawed in their legal premises and destined to failure, and thus to spare litigants the burdens of unnecessary pretrial and trial activity. <u>Advanced Cardiovascular Sys., Inc. v. Scimend Life Sys., Inc.</u>, 988 F.2d 1157, 1160 (Fed. Cir. 1993). Dismissal pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) is proper where the claim is not based on a cognizable legal theory

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

KEY.Needelman/2602

1    or where there are insufficient facts alleged to support cognizable claim, Johnson v. Riverside

2    Healthcare System, LP, 516 F.3d 759, 764 (9th Cir. 2008); SmileCare Dental Group v. Delta

3    Dental Plan of Cal., Inc., 88 F. 3d 780, 783 (9th Cit 1996).

4    A court need not accept as true bald assertions and legal conclusions in a complaint, See,

5    Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996), or legal conclusions "couched" or

6    "masquerading" as facts. See, Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct.

7    1955, 1965 (2007).  Additionally, in deciding this Motion the Court may consider matters of

8    public record and other matters pursuant to judicial notice (including judicial pleadings),

9    without converting the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment.

10    See, Tellabs, Inc. v. Makor Issues & Rights, Ltd., ___ U.S. ___, 127 S.Ct. 2499, 2509 (2007);

11    Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007); Mack v. South Bay Beer

12    Distributors. Inc., 798 F. 2d 1279, 1282 (9th Cir. 1986).  For example, the Court may take

13    judicial notice of facts which are in addition to or contradict the allegations in the complaint.

14    Mullis v. South Bay Beer Distributors, Inc., 828 F. 2d 1383, 1388 (9th Cir. 1987).

15    **B.    PLAINTIFF'S STUDENT LOANS WERE NOT DISCHARGED IN HIS**

16    **CHAPTER 13 BANKRUPCTY**

17    Plaintiff's First Claim for Relief seeks a declaration that his Chapter 13 Bankruptcy

18    case discharged his student loan debts.  Plaintiff's claim fails because (1) the discharge order

19    expressly excludes student loan debts, (2) the Chapter 13 payment plan does not discharge

20    student loan debts as a matter of law, and (3) even assuming arguendo that the Chapter 13

21    bankruptcy attempted to discharge the student loan debts (which it did not), any such

22    discharged would have been a violation of Due Process as a matter of law.  To state a claim

23    for declaratory relief; Plaintiff must establish there is an actual controversy regarding a matter

24    within federal subject matter jurisdiction.  See, Calderon v. Ashmus, 523 U.S. 740, 745

25    (1998).  Declaratory relief is only proper where it will relieve the parties from uncertainty.

26    Concise Oil & Gas Partnership v.Louisiana Intrastate Gas Corp., 986 F. 2d 1463, 1471 (5th

27    Cir. 1993); Eureka Fed. Sav. & Loan Ass'n v. American Cas. Co., 873 F. 2d 229, 231 (9th

28    Cir. 1989).

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

KEY.Needelman/2692

### 1.    The Bankruptcy Court's Discharge Order Expressly Excluded Student Loan Debts From Discharge.

The Discharge Order unambiguously, on its face, excludes student loans (which include interest) from discharge. At most, the Discharge Order is a generalized form that did not intend to specifically discharge Plaintiffs student loans.  Tennessee Student Assistance Corp. v. Hood, 541 U.S. 440, 451 (2004) ("student loans guaranteed by governmental units are not included in a general discharge order unless the bankruptcy court determines that excepting the debt from the order would impose an 'undue hardship' on the debtor") (citing to 11 U.S.C. §523(a)).  For example, in In re Ransom, 336 BR. 790 (9th Cr. 2005), the court entered a discharge order that provided as follows:

> "[T]he debtor is discharged from all debts provided for by the plan or disallowed under 11 U.S.C. §502 except debt.. .of the kind specified in paragraph (5), (8) [student loans], or (9) of 11 U.S.C. §523(a)."

Ransom, 336 B.R. at 792; compare RJN, at ¶5, Exhibit "5." In Ransom, the Ninth circuit recognized that the discharge order "expressly excluded student loan debt from its scope." Id. at 792.  The Discharge Order in the instant case is virtually identical to the discharge in Ransom.  The Discharge Order expressly excludes Plaintiffs student loans and there are simply no facts to establish an uncertainty or an actual controversy that needs to be clarified between Plaintiff and KEYBANK, N.A.  Accordingly, Plaintiff has not and cannot state a claim for declaratory relief or reimbursement.

### 2.    Plaintiff's Student Loans Were Not Discharged By The Bankruptcy Plan or the Confirmation Order

"[T]he chapter 13 plan is only effective during its life. During that period, everyone must comply with it.  Thereafter, the debts that are discharged are discharged. The debts that are not discharged may be collected." Ransom, 336 B.R. at 796.  "Confirmation of a Chapter 13 plan is not a discharge.  Instead, confirmation of a Chapter 13 plan fixes the terms upon which claims are to be settled subject to modification by the court." 5 Collier ¶ 1327,02[3]; See, Nash v. Kester, 765 F. 24 1410, 1413 (9th Cit 1985) ("[A] Chapter 13 plan does not discharge any debts")(superseded by statute on unrelated grounds pertaining to the duties of

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

KEY.Noedelman/2602

1  the bankruptcy trustee, as discussed in In re Parish, 275 B.R. 424 (U.S. D.C. 2002)); See 11

2  U.S.C. §§ 1317, 1328; See, Enewaliy v. Wash. Mut. Bank, 368 1165, 1173 (9th Cir. 2004)

3  ("A confirmed plan has no preclusive effect on issues that must be brought by adversary

4  proceeding, or were not sufficiently evidenced in a plan to provide adequate notice to the

5  creditor.")

6      Plaintiff's Plan was only effective until it ended and did not survive after the

7  Bankruptcy Action terminated, which was June 7, 2007. Thereafter, only debts that were

8  discharged in the Discharge Order were extinguished. Ransom, 336 B.R. at 796. Plaintiff's

9  Student Loans were expressly excluded from the Discharge Order. Therefore, the Student

10  Loans may be collected because neither Plaintiff's Plan nor the Confirmation Order could

11  have the effect of discharging them. Plaintiff may attempt to rely on Great Lakes Educ.

12  Corp. v. Pardee, 193 F. 3d 1083 (9th Cir. 1999), as the basis for an argument that his student

13  loan was discharged by the Discharge Order and/or the Confirmation Order. However, Pardee

14  is inapplicable to the instant ease. In Pardee, the debtors' plan expressly provided for

15  payment of the entire principal balance of their student loans, Id. at 1086. Here, Plaintiff has

16  attempted to pay only 28% of the balance of his student loans. In Pardee, the plan only

17  sought discharge of the interest on the loans providing "any remaining unpaid amounts, if

18  any, including any claims for interest, shall be discharged by the Plan," Here, nothing in the

19  Plan, Petition, Discharge Order or Confirmation Order mentioned interest or attempted to

20  discharge interest.

21      **3.    Even if The Bankruptcy Court Attempted To Discharge The**
22  **Student Loan Debts (Which It Expressly Did Not Do) Any Such**
      **Attempted Discharge Would Violate Due Process.**

23
24      To discharge a student loan, the debtor must: (1) file an adversarial proceeding

25  to determine whether the debt imposes an undue hardship on the debtor and (2) serve a

26  summons and complaint on the creditor to the attention of an officer or agent authorized to

27  accept service. In re Ransom, 336 B.R. 790, 791 (9th Cir. 2005) ("[Any discharge of student

28  loans through a Chapter 13 plan requires notice of the quality expected of the adversary

proceeding that Federal Rule of Bankruptcy Procedure 7001 prescribes for making `undue

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

150 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

KEY.Needelman/2602

-7-
Case No.: 08CV0442L RBB

1  hardship' dischargeability determinations under 11 U.S.C. §523(a)(8)") (citing Educ. Credit

2  Mgmt. Corp. v. Repp, 307 B.R. 144 (9th Cit 2003)); See, Fed. Rules Bkrtcy. Proc. Rule 7001

3  (6)(requires an adversary proceeding to discharge debt); See, Fed, Rules Bkrtcy. Proc. Rule

4  7003 (provides method of commencing adversary proceeding); See, Fed. Rules Bkrtcy. Proc.

5  Rule 7004(3) (provides procedure for serving summons and complaint upon a corporation);

6  See, 307 B.R. at 153 (attempted discharge of a student loan in a Chapter 13 plan is

7  procedurally deficient and not binding on a creditor unless the creditor had proper notice

8  under Fed. Rules Bkrptcy. Proc. Rule 7004); See also, In re Mersman, 505 F. 3d 1033, 1049

9  (10th Cir. 2007) ([A' bankruptcy court **lacks authority to confirm a plan** provision that

10  seeks to discharge a student loan debt without an adversary proceeding proving 'undue

11  hardship." (emphasis added.))

12  An attempt to discharge a student loan without bringing an undue hardship

13  proceeding and properly serving the creditor with notice in compliance with Fed. R Bkptcy.

14  Proc. Rules 7001, 7003 and 7004 violates due process. Repp 307 B.R. at 154 ("Although

15  stealth may achieve surprise at the tactical level, the strategic problem is that 'below the

16  radar' is also fatally below the due process standard"); See also, Ransom, 336 BR. at 795-96

17  ("[I]f chapter 13 plan provisions regarding matters that require an adversary proceeding do

18  not "adequately identify" the modification of a creditor's claim, then there would be an

19  "ambush" that would raise due process concerns.") (quoting Enwally v. Wash. Mut. Bank,

20  368 F. 3d 1165, 1173 (9th Cir. 2004)); accord, Banks v. SallieMae Servieng Corp., 299 F.

21  296, 300 (4th Cir. 2002); accord Ruehie v, Educ. Credit Mgmt. Corp., 412 F. 3d 679, 681

22  (6th Cir. 2005); accord, In re Hansom 397 F. 3d 482, 484 (7th Cit. 2005).

23  In holding that discharge of student loans requires heightened notice, the Ninth

24  Circuit in Repp explained, "[t]he nub of the problem in this appeal is that the method chosen

25  for notice was calculated to minimize the chance that it would come to the attention to any.of

26  the persons in the position to make litigation decisions for the creditor." 307 B.R. at 149.

27  The court held that due process requires that the summons and complaint be sewed on an

28  officer or authorized agent of the creditor, under Rule 7004. Id. at 150. There, the plaintiff

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

KEY:Needelman/2602

1    merely mailed a copy of the chapter 13 plan to no one in particular to the creditor's lockbox

2    and the court held that such notice "flunk[ed] due process." Id. at 147-46. Here, Plaintiff

3    similarly "flunked" due process. Plaintiff mailed a form 25-day Meeting Notice to no one in

4    particular to a lockbox addressed to at SLSC KEYCORP TRUST, which did not attach the

5    Plan, or the Petition. Indeed, the Plan itself did not even set forth Plaintiff's Student Loans.

6    Plaintiffs method of notice was unmistakably calculated to minimize the chance that

7    Defendant KEYBANK would actually become aware that his Plan allegedly sought to

8    discharge his student loans.  Plaintiff was required to initiate an adversary proceeding, file a

9    complaint with a cause of action to determine undue hardship, and serve a summons arid

10    complaint upon an authorized person at KEYBANK. He did not do so. Accordingly,

11    Plaintiff's attempted discharge violated due process and was invalid.

12    Plaintiff may attempt to rely on Pardee to argue that any type of notice to a creditor is

13    adequate.  However, Pardee does not discuss the Due Process requirements of notice. See,

14    Buckman Co. v. Plaintiffs' Legal Committee, 531 U.S. 341, 352-53(a case does not stand for

15    a proposition that is not discussed); See, Parents Involved in Community Schools v. Seattle

16    School Dist. No. 1, 127 S.Ct. 2738, 2762 (2007) (a court is not bound to follow a prior case

17    "in which the point now at issue was not filly debated.")(internal citations omitted.). For

18    Plaintiffs Confirmation Order to have any effect (assuming it even purported to "discharge"

19    the student loan debts **which it does not**), he was required to provide notice to KEYBANK

20    as set forth by Rule 7004 and as explained in Ransom and Repp.  Thus, Plaintiff has failed to

21    state a claim and his complaint must be dismissed.

### C.    PLAINTIFF CANNOT STATE A CLAIM FOR REIMBURSEMENT OF INTEREST PAYMENTS.

23    Plaintiff's Second Claim for Relief for reimbursement is functionally a claim for

24    unjust enrichment. See, RJN at ¶6 and Exhibit 6 (at ¶19).  Plaintiff seeks the return of interest

25    paid on the outstanding student loan debt under the theory that it was discharged.  As

26    discussed above, there is no discharge of Plaintiffs Student Loans.  This legal conclusion

27    applies not only to the principal balance of Plaintiff's Student Loans, but also to the interest.

28    Ransom, 336 E,R. at 794. In Ransom, the plaintiff filed Chapter 13 bankruptcy plan that

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

KEY.Needelman/2602

-9-                    Case No.: 08CV0442L RBB

1  included a provision to pay a student loan debt and a provision that attempted to bar accrual

2  of interest on the loans. Id. at 792. The bankruptcy court confirmed the plan. Id. The Ninth

3  Circuit held that, even where a plan contains a "no-accrual-of-interest provision," the interest

4  is non-dischargeable unless there was proper notice under Rule 7004. Id.

5       Here, Plaintiffs Plan did not even purport to discharge interest. There was no mention

6  of interest in the Petition, Plan, Confirmation Order or Discharge Order. See, RJN at ¶¶ 1, 2,

7  4 & 5 and Exhibits 1, 2, 4 & 5. Thus, Plaintiff has not and cannot state any facts to support

8  his claim for reimbursement.

9  **VI. CONCLUSION**

10      In 2007 the Supreme Court in Bell Atlantic, supra, expressly overruled the oft-quoted

11  language from its 1957 decision in Conley v. Gibson, 355 U.S. 41, 45-6 (1957), that "a

12  complaint should not be dismissed for failure to state a claim unless it appears beyond doubt

13  that the plaintiff can prove no set of facts in support of his claim which would entitle him to

14  relief." The Court instead articulated a plausibility standard. Pleaders must show that their

15  allegations "possess enough heft" to establish an entitlement to relief, and "nudge their

16  claims across the line form conceivable to plausible" (and the costly process of litigation to

17  continue). Bell Atlantic, supra, 127 S.Ct. at 1965-66. There is nothing plausible about

18  Plaintiff's claims that his Chapter 13 bankruptcy discharged his Student Loans or that he is

19  entitled to recoup prior interest he paid on those Student Loans. Defendant KEYBANK

20  respectfully requests that Plaintiff's complaint and each cause of action therein be dismissed

21  in its entirety.

22  Dated: May 19, 2008                COX, WOOTTON, GRIFFIN,
                                       HANSEN & POULOS, LLP
23                                     Attorneys for Defendant
                                       KEYBANK, N.A.

24

25

26

27

28

By: ____s/Rupert P. Hansen_____
                Rupert P. Hansen

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL 415-438-4600
FAX 415-438-4601

KEY.Noolehnin/2602

Case No.:

08CV0442L RBB
POINTS AND AUTHORITIES OF DEFENDANT KEYBANK, N.A., IN SUPPORT OF ITS MOTION TO DISMISS