1 | JEFFREY A. NEEDELMAN (SBN 193892)
P.O. Box 471146
2 | San Francisco, California 94147-1146
Telephone (415) 441-4401
3 | Facsimile (415) 441-4956
E-Mail: jneedelmanesq@sbcglobal.net
4 |

ORIGINAL

08 JUN 12 PM 2: 53

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY

DEPUTY

5 | Attorney and Plaintiff Pro Se

6

7

8 | **UNITED STATES DISTRICT COURT**

9 | **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11

12 | JEFFREY A. NEEDELMAN,

Plaintiff,

13 | vs.

14 | PENNSYLVANIA HIGHER EDUCATION
ASSISTANCE AUTHORITY dba AMERICAN
15 | EDUCATION SERVICES; KEY BANK, N.A.;
& EDUCATION CREDIT MANAGEMENT
16 | SERVICES;

17 | Defendants.

18

19

CASE NO. 08-CV-0442-L-RBB

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' [12(b)(6)] MOTIONS TO DISMISS COMPLAINT**

**[Concurrently filed with Plaintiff'S Opposition; Declaration of Plaintiff In Support of Opposition]**

Noticed Hearing Date
(Ordered off-calender):  June 30, 2008
Dept.: 14
Judge: M. James Lorenz

20 |      Pursuant to Federal Rule of Evidence, Rule 201, Plaintiff JEFFREY A. NEEDELMAN

21 | ("plaintiff") requests that the Court take judicial notice of the following documents in support of

22 | his opposition to the Rule 12(b)(6) motions to dismiss filed by defendants PENNSYLVANIA

23 | HIGHER EDUCATION ASSISTANCE AGENCY erroneously sued as PENNSYLVANIA

24 | HIGHER EDUCATION ASSISTANCE AUTHORITY dba AMERICAN EDUCATION

25 | SERVICES; KEY BANK, N.A.; & EDUCATION CREDIT MANAGEMENT SERVICES:

26 |      1.    The Voluntary Petition for Chapter 13 Bankruptcy in United States District Court

27 | for the Southern District of California, Case No. 01-12461-H13 and attached Chapter 13 plan filed

28

**(CASE NO. 08-CV-0442-L-RBB)**

1   by plaintiff on or about December 6, 2001 (a true and correct copy of which is attached hereto as

2   Exhibit "A");

3         2.      The Order and Notice for Meeting of Creditors To Held on Jan. 17, 2002 at 3:00

4   p.m. filed in the United States District Court – Southern District of California Case No. 01-12461-

5   H13 and attached Chapter 13 plan filed by plaintiff on or about December 12, 2001 (a true and

6   correct copy of which is attached hereto as Exhibit "B");

7         3.      The Order Confirming Debtor(s) Plan and Allowing Attorneys Fees filed in the

8   United States District Court – Southern District of California Case No. 01-12461-H13 on or about

9   January 24, 2002 (a true and correct copy of which is attached hereto as Exhibit "C");

10        4.      Seven Notices of Transfer and Pending Subrogation of Claim And Orders

11  Substituting Transferee as Payee on Claim issued by the Bankruptcy Court on April 10, 2005 for

12  each of the 7 Student Loans at issue in this case (a true and correct copy of which is attached

13  hereto as Exhibit "D");

14        5.      Notice of Claims Filed and Intention to Pay Claims issued by the Bankruptcy Court

15  on June 26, 2006, pursuant to 11 U.S.C. § 502(a) and Federal Rules of Bankruptcy Procedure,

16  Rule 3007 (a true and correct copy of which is attached hereto as Exhibit "E");

17        6.      Interim Final Report of the Chapter 13 Trustee dated on April 12, 2007 (a true and

18  correct copy of which is attached hereto as Exhibit "F");

19        7.      The Discharge of Debtor Order filed in the United States Distrcit Court – Southern

20  District of California Case No. 01-12461-H13 on or about May 29,. 2007 (a true and correct copy

21  of which is attached hereto as Exhibit "G"); and

22        8.      Final Report of the Chapter 13 Trustee dated on June 6, 2007 (a true and correct

23  copy of which is attached hereto as Exhibit "H").

24  DATED:  June 10, 2008                    Respectfully Submitted,

25

26

27                                          Jeffrey A. Needelman
                                            Attorney and Plaintiff Pro Se
28

## *TABLE OF CONTENTS OF EXHIBITS*

Exhibit "A" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

Exhibit "B" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -28-

Exhibit "C" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -31-

Exhibit "D" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -32-

Exhibit "E" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -39-

Exhibit "F" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -41-

Exhibit "G" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -45-

Exhibit "H" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -46-



**EXHIBIT** A

(Official Form 1) (9/97) West Group, Rochester, NY

**FORM B1**

### United States Bankruptcy Court
_SOUTHERN_ **District of** _CALIFORNIA_

**Voluntary Petition**

| | |
|---|---|
| **Name of Debtor** (if individual, enter Last, First, Middle): <br><br> _Needelman, Jeffrey A._ | **Name of Joint Debtor** (Spouse)(Last, First, Middle): |
| **All Other Names used by the Debtor in the last 6 years** <br> (include married, maiden, and trade names): <br><br> _aka Jeff Needelman_ | **All Other Names used by the Joint Debtor in the last 6 years** <br> (include married, maiden, and trade names): |
| **Soc. Sec./Tax I.D. No.** (if more than one, state all): <br> _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_ | **Soc. Sec./Tax I.D. No.** (if more than one, state all): |
| **Street Address of Debtor** (No. & Street, City, State & Zip Code): <br> _8540 Costa Verde Blvd #4448_ <br> _San Diego CA  92122_ | **Street Address of Joint Debtor** (No. & Street, City, State & Zip Code): |
| **County of Residence or of the** <br> **Principal Place of Business:** _San Diego_ | **County of Residence or of the** <br> **Principal Place of Business:** |
| **Mailing Address of Debtor** (if different from street address): <br> _SAME_ | **Mailing Address of Joint Debtor** (if different from street address): |
| **Location of Principal Assets of Business Debtor** <br> (If different from street address above): _NOT APPLICABLE_ | |

### Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box) | |
|---|---|---|---|
| ☒ Individual(s)    ☐ Railroad | | ☐ Chapter 7    ☐ Chapter 11    ☒ Chapter 13 | |
| ☐ Corporation    ☐ Stockbroker | | ☐ Chapter 9    ☐ Chapter 12 | |
| ☐ Partnership    ☐ Commodity Broker | | ☐ Sec. 304 - Case ancillary to foreign proceeding | |
| ☐ Other_____ | | | |

| **Nature of Debts** (Check one box) | | **Filing Fee** (Check one box) |
|---|---|---|
| ☒ Consumer/Non-Business    ☐ Business | | ☒ Full Filing Fee attached |
| **Chapter 11 Small Business** . (Check all boxes that apply) | | ☐ Filing Fee to be paid in installments (Applicable to individuals only) |
| ☐ Debtor is a small business as defined in 11 U.S.C. § 101 | | Must attach signed application for the court's consideration |
| ☐ Debtor is and elects to be considered a small business under | | certifying that the debtor is unable to pay fee except in installments. |
| 11 U.S.C. § 1121(e) (Optional) | | Rule 1006(b). See Official Form No. 3. |

**Statistical/Administrative Information**      (Estimates only)

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.

☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

_01-12461-JHB_
_Jeffrey A. Needelman_

_Dec 6, 2001_
_at 12:32_

**Estimated Number of Creditors**

| 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Estimated Debts**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

-3-
Exhibit A

(Official Form 1) (9/97) West Group, Rochester, NY

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br><br>**Needelman, Jeffrey A.** | FORM B1, Page 2 |
|---|---|---|

| Location Where Filed:<br>**Central District of CA** | Case Number:<br>**LA24095** | Date Filed:<br>**5-4-2001** |
|---|---|---|

**Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)**

| Name of Debtor:<br>**NONE** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief avaiable under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

**Dec 5, 2001**
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of Attorney

X _____
Signature of Attorney for Debtor(s)

**Robert B. Shanner 030593**
Printed Name of Attorney for Debtor(s)

**Robert B. Shanner**
Firm Name

**2067 First Avenue**
Address

**San Diego CA 92101**

**619-232-3057**        **Dec 5, 2001**
Telephone Number            Date

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be competed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____
Signature of Attorney for Debtor(s)

**Dec 5, 2001**
Date

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.

-4-
Exhibit A

CSD 1009 [04/28/96]
Name, Address, Telephone No. & I.D. No.

Robert B. Shanner   SBN 030593
Attorney at Law
2067 First Avenue
San Diego CA  92101
(619) 232=3057

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

JEFFREY A. NEEDELMAN

BANKRUPTCY NO.

Debtor.

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.  Pursuant to 11 U.S.C. § 329(a) and Federal Rule of Bankruptcy Procedure 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $  1,500.00

Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $   150.00

Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $  1,350.00

2.  The source of the compensation paid to me was:

    ☒ Debtor          ☐ Other (specify)

***A filing fee of $185.00 is not included in attorney fees***

3.  The source of compensation to be paid to me is:

    ☐ Debtor          ☒ Other (specify)

4.  ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;

    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

CSD 1009

[Continued on Page 2]

-5-
Exhibit A

CSD 1009 **(Page 2)** [04/28/96]

   d.   Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

   e.   [Other provisions as needed]

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following services:

```
-Adversary proceedings
-Continuances caused by debtor's failure to appear or to cooperate
-Motions to Dismiss or to Convert
-"522F" Motions
-Objections to claims
=Motion for Relief from Stay
-Objections to Discharge
-Amendments to Schedules, etc
```

## CERTIFICATION

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

DATED:  Dec 5, 2001

Robert B. Shanner
(Typed Name and Signature)

Robert B. Shanner
(Name of Law Firm)

-6-
Exhibit A

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA

In re **Needelman, Jeffrey A.**

Case No.
Chapter   **13**

_____ / Debtor

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages on each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | Attached (Yes/No) | No. of Sheets | AMOUNTS SCHEDULED | | |
| --- | --- | --- | --- | --- | --- |
| | | | ASSETS | LIABILITIES | OTHER |
| A-Real Property | Yes | 1 | $ 0.00 | | |
| B-Personal Property | Yes | 3 | $ 8,870.00 | | |
| C-Property Claimed as Exempt | Yes | 1 | | | |
| D-Creditors Holding Secured Claims | Yes | 1 | | $ 0.00 | |
| E-Creditors Holding Unsecured Priority Claims | Yes | 1 | | $ 0.00 | |
| F-Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | $ 105,259.26 | |
| G-Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H-Codebtors | Yes | 1 | | | |
| I-Current Income of Individual Debtor(s) | Yes | 1 | | | $ 4,065.00 |
| J-Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $ 3,565.00 |
| Total Number of Sheets in All Schedules ► | | 12 | | | |
| Total Assets ► | | | $ 8,870.00 | | |
| Total Liabilities ► | | | | $ 105,259.26 | |

-7-

Exhibit A

In re  **Needelman, Jeffrey A.**_____ / Debtor    Case No._____

(if known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether the husband, wife, or both own the property by placing an "H," "W," "J." or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C-Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband--H Wife--W Joint--J Community--C | Current Market Value of Debtor's Interest, In Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| *None* | | | | *None* |
| | | | | |
| | | | **TOTAL $** | *0.00* |
| | | | (Report also on Summary of Schedules.) | |

No continuation sheets attached

- 8 -

*Exhibit* A

FORM B6B (10/89) West Group, Rochester, NY

In re **Needelman, Jeffrey A.** _____ / Debtor    Case No. _____
                                                                                    (if known)

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C-Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| Type of Property | N o n e | Description and Location of Property | Husband—H Wife—W Joint—J Community—C | Current Market Value of Debtor's Interest, In Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | | *Cash*<br>*Location: In debtor's possession* | | $ 20.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | *California Fed Bank Checking*<br>*Location: In debtor's possession* | | $ 100.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | *Security deposit with Landlord*<br>*Location: In debtor's possession* | | $ 800.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | *HHF*<br>*Location: In debtor's possession* | | $ 500.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | *Miscellaneous*<br>*Location: In debtor's possession* | | $ 100.00 |
| 6. Wearing apparel. | | *Clothing*<br>*Location: In debtor's possession* | | $ 500.00 |
| 7. Furs and jewelry. | | *Watch*<br>*Location: In debtor's possession* | | $ 50.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |

Page ___1___ of ___3___

Exhibit A

In re **_Needelman, Jeffrey A._**                                                    / Debtor      Case No. _____
                                                                                                              (if known)

# SCHEDULE B-PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband—H Wife—W Joint—J Community—C | Current Market Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Goverment and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 15. Accounts Receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor include tax refunds. Give particulars. | | _California Appellate Project_ _Location: In debtor's possession_ | | $ 4,000.00 |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers and other vehicles. | | _1993 Mustang 5.0 (108,000) miles_ _Location: In debtor's possession_ | | $ 2,000.00 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircarft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | | _Office equipment_ _Location: In debtor's possession_ | | $ 800.00 |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |

-10-
Exhibit A

In re **Needelman, Jeffrey A.** _____ / Debtor    Case No. _____
(if known)

## SCHEDULE B-PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband—H Wife—W Joint—J Community—C | Current Market Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | Total ➡ | $ 8,870.00 |

-11-
Exhibit A

(Report total also on Summary of Schedules.)
Include amounts from any continuation sheets attached.

In re  Needelman, Jeffrey A.                                    / Debtor    Case No. _____
                                                                                        (if known)

# SCHEDULE C-PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b) (1):  Exemptions provided in 11 U.S.C. § 522(d). Note: These exemptions are available only in certain states.

☒ 11 U.S.C. § 522(b) (2):  Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Market Value of Property Without Deducting Exemptions |
|---|---|---|---|
| Cash | Calif. C.C.P. §703.140(b)(5) | $ 20.00 | $ 20.00 |
| California Fed Bank Checking | Calif. C.C.P. §703.140(b)(5) | $ 100.00 | $ 100.00 |
| Security deposit with Landlord | Calif. C.C.P. §703.140(b)(5) | $ 800.00 | $ 800.00 |
| HHF | Calif. C.C.P. §703.140(b)(3) | $ 500.00 | $ 500.00 |
| Miscellaneous | Calif. C.C.P. §703.140(b)(6) | $ 100.00 | $ 100.00 |
| Clothing | Calif. C.C.P. §703.140(b)(3) | $ 500.00 | $ 500.00 |
| Watch | Calif. C.C.P. §703.140(b)(4) | $ 50.00 | $ 50.00 |
| California Appellate Project | Calif. C.C.P. §703.140(b)(5) | $ 4,000.00 | $ 4,000.00 |
| 1993 Mustang 5.0 (108,000) miles | Calif. C.C.P. §703.140(b)(2) | $ 2,000.00 | $ 2,000.00 |
| Office equipment | Calif. C.C.P. §703.140(b)(6) | $ 800.00 | $ 800.00 |

-12-
Exhibit A

In re _Needelman, Jeffrey A._              / Debtor      Case No. _____

                                                                   (if known)

# SCHEDULE D-CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column marked "Codebtor," include the entity on the appropriate schedule of creditors and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on the Summary of Schedules.

☒ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including Zip Code | Codebtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien H—Husband W—Wife J—Joint C—Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, if any |
|---|---|---|---|---|---|---|---|
| Account No: | | | | | | | |
| | | Value: | | | | | |
| Account No: | | | | | | | |
| | | Value: | | | | | |
| Account No: | | | | | | | |
| | | Value: | | | | | |
| Account No: | | | | | | | |
| | | Value: | | | | | |
| Account No: | | | | | | | |
| | | Value: | | | | | |

No continuation sheets attached                                     Subtotal $       0.00

                                               (Total of this page)

                                             Total $       0.00

                       (Use only on last page) Report total also on Summary of Schedules)

_Exhibit A_

In re <u>Needelman, Jeffrey A.</u> _____ / Debtor     Case No._____
(if known)

# SCHEDULE E-CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☒ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**

Check the appropriate box(es) below if claims in that category are listed on the attached sheets.

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2):

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4300* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $4300* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**
Claims of individuals up to $1950* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☐ **Alimony, Maintenance or Support**
Claims of a spouse, former spouse, or child of the debtor, for alimony, maintenance or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, custom duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

*Amounts are subject to adjustment on April 1, 2001, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

No continuation sheets attached

-14-<br>Exhibit A

In re _Needelman, Jeffrey A._ _____ / Debtor       Case No. _____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three  columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | H–Husband W–Wife J–Joint C–Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:<br><br>Creditor # : 1<br>EFG<br>PO Box 2901<br>Winston Salem NC 27102 | | 1998<br><br>Perkins loan | | | | | $ 2,650.00 |
| Account No:<br><br>Creditor # : 2<br>SLSC Keycorp Trust 1996A<br>660 Boss Street<br>PO Box 8155<br>Hamburg PA 17102 | | 93-98<br><br>Student Loan | | | | | $ 94,664.26 |
| Account No:<br><br>Creditor # : 3<br>Sallie Mae Servicing<br>PO Box 7400<br>Wilkes Barre PA 18773-7400 | | 1999<br><br>Student Loan | | | | | $ 7,945.00 |
| Account No: | | | | | | | |
| Account No: | | | | | | | |

| | | |
|---|---|---|
| No continuation sheets attached | Subtotal $<br>(Total of this page) | 105,259.26 |
| | Total $<br>(Report total also on Summary of Schedules) | 105,259.26 |

-15-
Exhibit A

In re **Needelman, Jeffrey A.** _____ / Debtor     Case No. _____

(if known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.
State nature of debtor's interests in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described.

NOTE: A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

☒ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
| | |

-16-
Exhibit A

In re **Needelman, Jeffrey A.** _____ / Debtor      Case No. _____
                                                                          (if known)

# SCHEDULE H-CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☒ Check this box if the debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
| | |

FORM B6I (6/90) West Group, Rochester, NY

In re **Needelman, Jeffrey A.** _____ / Debtor    Case No. _____

(if known)

# SCHEDULE I-CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | | | |
|---|---|---|---|---|
| **Divorced** | NAMES | | AGE | RELATIONSHIP |
| | **Ona Sofia** | | **9 yrs** | **Daughter** |
| EMPLOYMENT: | DEBTOR | | | SPOUSE |
| Occupation | **Attorney** | | | |
| Name of Employer | **Self-employed** | | | |
| How Long Employed | **1 1/2 yrs** | | | |
| Address of Employer | **8540 Costa Verde Blvd #4448** | | | |
| | **San Diego CA   92122** | | | |

| | DEBTOR | SPOUSE |
|---|---|---|
| Income: (Estimate of average monthly income) | | |
| Current Monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $ 4,065.00 | $ 0.00 |
| Estimated Monthly Overtime | $ 0.00 | $ 0.00 |
| SUBTOTAL | $ 4,065.00 | $ 0.00 |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll Taxes and Social Security | $ 0.00 | $ 0.00 |
| b. Insurance | $ 0.00 | $ 0.00 |
| c. Union Dues | $ 0.00 | $ 0.00 |
| d. Other  (Specify): | $ 0.00 | $ 0.00 |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ 0.00 |
| TOTAL NET MONTHLY TAKE HOME PAY | $ 4,065.00 | $ 0.00 |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ 0.00 | $ 0.00 |
| Income from Real Property | $ 0.00 | $ 0.00 |
| Interest and dividends | $ 0.00 | $ 0.00 |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ 0.00 |
| Social Security or other government assistance | | |
| Specify: | $ 0.00 | $ 0.00 |
| Pension or retirement income | | |
| Other monthly income | $ 0.00 | $ 0.00 |
| Specify: | $ 4,065.00 | $ 0.00 |
| TOTAL MONTHLY INCOME | | |
| TOTAL COMBINED MONTHLY INCOME     $ 4,065.00 | | |
| (Report also on Summary of Schedules) | | |

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

# PROFIT & LOSS
## for JEFFREY A. NEEDELMAN
## From August 2001 to November 2001

Income

| | |
|---|---|
| August | $3,636.00 |
| September | $3,800.00 |
| October | $4,550.00 |
| November | $4,275.00 |
| Total | $16,261.00 divided by 4= $4,065.00 per month |

Expenses

| | |
|---|---|
| Copier | $125.00 |
| Postage | $200.00 |
| Taxes | $130.00 |
| Supplies | $100.00 |
| Internet | $ 40.00 |
| Lexis | $165.00 |
| | $760.00-Expenses |

-19-
Exhibit A

In re **Needelman, Jeffrey A.** _____ / Debtor    Case No. _____

(if known)

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR

Complete this schedule by estimating the average expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,300.00 |
| Are real estate taxes included?    Yes ☐    No ☒ | | |
| Is property insurance included?    Yes ☐    No ☒ | | |
| Utilities: Electricity and heating fuel | $ | 110.00 |
|       Water and sewer | $ | 0.00 |
|       Telephone | $ | 75.00 |
|       Other    **Cable** | $ | 45.00 |
| Home maintenance (Repairs and upkeep) | $ | 0.00 |
| Food | $ | 300.00 |
| Clothing | $ | 25.00 |
| Laundry and dry cleaning | $ | 50.00 |
| Medical and dental expenses | $ | 30.00 |
| Transportation (not including car payments) | $ | 200.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 40.00 |
| Charitable contributions | $ | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | |
|       Homeowner's or renter's | $ | 0.00 |
|       Life | $ | 0.00 |
|       Health | $ | 175.00 |
|       Auto | $ | 65.00 |
|       Other    **Liability Insurance** | $ | 120.00 |
| Taxes (not deducted from wages or included in home mortgage) | | |
| Specify: | $ | 0.00 |
| Installment payments: (in chapter 12 and 13 cases, do not list payments to be included in the plan) | | |
|       Auto | $ | 0.00 |
|       Other: | $ | 0.00 |
| Alimony, maintenance, and support paid to others | $ | 270.00 |
| Payments for support of additional dependents not living at your home | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 760.00 |
| Other: | $ | 0.00 |
| TOTAL MONTHLY EXPENSES    (Report also on Summary of Schedules) | $ | 3,565.00 |

(FOR CHAPTER 12 AND 13 DEBTORS ONLY)

Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | | |
|---|---|---:|
| A. Total projected monthly income | $ | 4,065.00 |
| B. Total projected monthly expenses | $ | 3,565.00 |
| C. Excess Income (A minus B) | $ | 500.00 |
| D. Total amount to be paid into plan each:    **Monthly** | $ | 500.00 |

-20-<br>Exhibit A

In re _Needelman, Jeffrey A._                                    / Debtor    Case No. _____

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY AN INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___13___ sheets, and that they are true and correct to the best of my knowledge, information and belief.

Date: _12/5/01_                    Signature _____

_Needelman, Jeffrey A._

Exhibit A

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA

In re *Needelman, Jeffrey A.*
　　*aka Jeff Needelman*

Case No.

Chapter  *13*

_____ / Debtor

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-15 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 16-21. If the answer to any question is "None," or the question is not applicable, mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101.

## 1. Income from employment or operation of business.

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter  13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE (if more than one) |
|---|---|
| *Year to date:$36,000.00* | *Self employment* |
| *Last Year:$31,139.00* | |
| *Year before:* | |

## 2. Income other than from employment or operation of business.

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter·13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 3a. Payments to creditors.

List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

-22-

*Exhibit A*

Statement of Affairs - Page 1

**3b.** List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

## 4a. Suits and administrative proceedings, executions, garnishments and attachments.

List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

**4b.** Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

## 5. Repossessions, foreclosures and returns.

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

## 6a. Assignments and receiverships.

Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

**6b.** List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

## 7. Gifts.

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.(Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

## 8. Losses.

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

## 9. Payments related to debt counseling or bankruptcy.

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Payee:Robert B. Shanner Address:2067 First Avenue | Date of Payment: Payor: | $185.00 Filing fee $150.00 Retainer |

---

## 10. Other transfers.

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

**11. Closed financial accounts.**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless spouses are separated and a joint petition is not filed.)

☒ NONE

**12. Safe deposit boxes.**

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE  *open, list with no contents*

**13. Setoffs.**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**14. Property held for another person.**

List all property owned by another person that the debtor holds or controls.

☒ NONE

**15. Prior address of debtor.**

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

☒ NONE

---

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of Perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information, and belief.

Date _12/5/01_    Signature _____

                                     *Needelman, Jeffrey A.*

Date _____    Signature _____

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both, 18 U.S.C. § 152 and § 3571.

-24-
Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA

Chapter 13 (Recommended Form)

In Re: (name) Needelman, Jeffrey

Case Number:_____

(name) _____

SSN  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

SSN _____

There shall be paid to the Chapter 13 Trustee $ 500.00 _____ each month by debtor(s), or any entity from whom debtor(s) rec income, in such installments as agreed upon with the Trustee, for payment of all existing debts of debtor(s) pursuant to this Plan, except as the Court may otherwise order. Debtor(s) submit all future income to the supervision and control of the Trustee during the pendency of this case and agree to pay sufficient funds to the Trust on or before five years from commencement of this case to fully complete this Plan.

1.  **Administrative Claims.**  Trustee shall disburse dividends to all section 1326(b) claims and charges in advance of all other claims, unless priority expressly waived. All other section 1322(a) and section 1305(a)(1) claims allowed shall be paid in full by deferred payments in such priority and installments as the Trustee in h sole discretion deems appropriate, unless this plan specifically provides otherwise.

2.  **Specified Leases, Personal Property.**  Debtor(s) elect to assume the existing lease of personal property with the following named creditors. Trustee shall make distribution to the allowed claim of lessor/creditor in advance of all claims except those allowed under paragraph 1 until any default in said lease is cured; therea trustee shall disburse to the allowed claim of said lessor/creditor from funds on hand available for periodic distribution the monthly lease payment provided for in said lease until said lease expires.  The exercise of any option to purchase or payments under a carry over provision shall not be paid under this plan by the trustee.

| Name of Creditor | Current through date listed below | Regular Monthly Installment |
|---|---|---|
| | | |
| | | |

3.  **Specified Secured Claims, Personal Property.**  After payments provided for by paragraphs 1 and 2, Trustee shall make payment to creditors (their agents assigns) named in this paragraph whose claims are allowed secured solely by personal property. Each named creditor shall be paid in installments from funds availab for distribution monthly, non-cumulative, as indicated until claim is paid in amount allowed plus interest at ten percent (10%) per annum unless a different percentage specified below.

| Name of Creditor | Fair Value | Installment | (Optional) % Interest |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

4.  **Specified Support Claims.**  After payments provided for by paragraphs 1 and 2, allowed claims for unassigned debts to a spouse, former spouse, or child o the debtor(s), for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court o record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, shall be paid as to amounts due and payable at the commencement of the case in full 100% to those creditors named below in installments from funds available for distribution monthly, non-cumulative, as indicated until claim is paid in amount allowed plus interest at ten percent (10%) per annum unless a different percentage is specified below.  Holders of support claim other than creditors specifically named will be paid as indicated in paragraph 1 of this plan if the criteria under section 507(a) is met.  Support claims not set forth belo or not meeting the criteria of 507(a) shall be treated as general unsecured creditors.  Post-petition support shall be paid by the debtor directly as such payments becon due and payable.

| Name of Creditor | Estimated Arrears | Installment | (Optional) % Interest |
|---|---|---|---|
| | | | |
| | | | |

Revised 6/00

Page 1 of 3  -25-
Exhibit A

Case Number: _____

5.    **Secured Co-debtor claims.**  After payments provided for by paragraph 1 and 2, creditors (their agents & assigns) named in this paragraph who have allow claims secured by personal property with a co-debtor liable thereon, shall be paid by the trustee 100% of the claim as allowed plus interest at the contract rate (if clear specified in the claim) in installments as indicated.  Installments to be paid from funds available for distribution monthly non-cumulative.  If no contract rate of interest clearly specified in the claim, pay the interest rate specified below or if none specified, pay 12% A. P. R. interest.

| Name of Creditor | Installment | (Optional) % Interest |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |

6.    **Real Estate or Mobile Homes (Trustee to pay arrears only).**  Notwithstanding any other provision of this plan, debtor(s) during the pendency of this case sh make, and following completion of this case shall continue to make, the usual and regular payments (including any balloon payments) called for by any security agreements supporting non-voidable liens against debtor's real estate or mobile home, directly to below named lien holders in a current manner.  However, arrears to named lien holders (their agents and assigns) shall be paid in installments by Trustee from funds available for distribution monthly, non-cumulative, and except for creditors in paragraph 1 through 5 of this plan,  shall be paid in advance of periodic distribution to other creditors.  Each named creditor shall be paid in installments indicated until arrears claim is paid in amount allowed plus interest at ten percent (10%) per annum, unless a different percentage is specified below.

Provisions of this paragraph shall operate to cure any default of any real estate or mobile home security agreement notwithstanding that by the terms thereof or by the laws or processes of a governmental unit the time for redemption or reinstatement has expired.  If there exist creditors not dealt with by this plan holding statutory or o liens against debtor's real estate or mobile home and the obligation is fully due, for reasons other than the exercise of power of acceleration for failure to make installm payments, unless the Court orders otherwise, debtor(s) will pay said claim directly to said creditor in full on or before six months time following the date of confirmation this Plan.

| Name of Creditor | Estimated Arrears | Installment | (Optional) % Interest |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

7.    **Real Estate or Mobile Home (Trustee to pay entire claim).**  Notwithstanding any other provisions of this plan, the below named lien holders (their agents an assigns) who have security agreements supporting non-voidable liens against debtor's real estate or mobile home shall be paid in installments by Trustee from funds available for distribution monthly, non-cumulative, and except for creditors in paragraph 1 through 6 shall be paid on their allowed claims in advance of periodic distribution to other creditors.  Each named creditor shall be paid in installments as indicated until the allowed secured claim is paid 100% plus interest at ten percent (10%) per annum, unless a different percentage is specified below.

| Name of Creditor | Estimated claim | Installment | (Optional) % Interest |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

8.    **Unsecured co-debtor claims.**  After payments provided for by paragraphs 1 through 7, creditors (their agents and assigns) named in this paragraph who h allowed unsecured claims with a co-debtor liable thereon, shall be paid by the trustee 100% of the claim as allowed plus interest at the contract rate (if clearly specified the claim) in installments as indicated.  Installments to be paid from funds available for distribution monthly non-cumulative.  If no contract rate of interest is clearly specified in the claim, pay the interest rate specified below or if none specified, pay 12% A.P.R. interest.

| Name of Creditor | Installment | (Optional) % Interest |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |

9.    **Other secured personal property creditors and lease creditors.**  After payments provided for in paragraphs 1 through 8, Trustee shall pay holders of other claims allowed secured solely by personal property.  Any creditor holding a lease on personal property in debtor's possession who files a claim, unless specifically deal with elsewhere in this plan, shall be treated as a secured creditor herein.  All claims  under this paragraph shall be paid pro rata with other such creditors to the amount allowed plus interest at ten percent (10%) per annum and in advance of distribution to general unsecured creditors.

Revised 6/00

Case No.: _____

10.    **Unsecured Claims.** After dividends to all other creditors pursuant to this Plan, Trustee shall pay dividends pro rata on claims allowed unsecured herein to ____ 28 % of the amount allowed in full satisfaction thereof (if left blank, pay 100%)

11.    **Special Unsecured Claims.** Notwithstanding any other provision of the plan, creditors named in this paragraph shall be paid as an unsecured claim but 100% of the claim amount allowed [Debtors represent compliance with section 1322(b)(1)]

    Name of Creditor

_____

12.    **Exclusion of creditor.** Notwithstanding any other provision of the plan, debtor(s) elect to assume the existing lease or contract with creditors in this paragraph. These named creditors shall not be dealt with or provided for by this plan.

    Name of Creditor                    Collateral

_____    _____

_____    _____

13.    **Rejection of Claim, Return of Collateral.** Debtor(s) elect not to assume the lease or contract with creditors (their agents and assigns) named in this paragraph and shall surrender to such creditor the collateral subject to creditor's lien or lease in full satisfaction of any secured claim arising from the transaction creating creditor's interest in said property.

    Name of Creditor                    Collateral

_____    _____

_____    _____

14.    **Post Petition Claims.** Claims allowed for post-petition debts incurred by debtor(s) may be paid in full 100% of the claim in such order and on such terms as the Trustee, in his sole discretion, may determine. Trustee or any adversely affected party in interest may file to dismiss case if debtor(s) incur post-petition debts without the written consent of Trustee and debtor(s) fail to keep such obligations current in payments.

15.    **Lien Avoidance.** Debtor(s) hereby elect to avoid the fixing of liens pursuant to section 522(f), Bankruptcy Code. All secured creditors, except those whose liens are avoidable pursuant to 522(f), shall retain their liens pending payment of their secured debt pursuant to this plan.

16.    **General Provisions.** Post-Petition earnings during the pendency of this case shall remain property of the estate notwithstanding section 1327. Any remaining funds held by the Trustee after dismissal or conversion of a confirmed case may be distributed to creditors pursuant to these Plan provisions. Notwithstanding section 1329(a), Trustee may bring a motion anytime within the first 36 months of the Plan to modify debtors' Plan to meet the criteria of 1325(b). Pursuant to section 1322(b)(?) Trustee shall have the power to waive, in writing and on such conditions as the Trustee may impose, any default in debtor's payment to Trustee under this Plan. Any tax refunds or other funds sent to the debtor(s) in care of the Trustee, during the pendency of this case may be deposited to debtor(s) account and disbursed to creditors pursuant to the plan. Debtor(s) agree to provide tax return and pay stub information upon written request of the Trustee anytime during the pendency of this case.

*Special Note: This plan is intended as an exact copy of the recommended form prepared by the standing Chapter 13 trustees, and last revised 6/00, except as to any added paragraphs after paragraph 16 above. The Chapter 13 trustee shall be held harmless from any changes in this plan from the recommended form dated 6/00.*

Plan Dated: ___12/5/01___

Debtor _____

Debtor _____

-27-
Exhibit A

BLUEBIRDDocsNet.com (888) 477-0700

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA

IN RE:
JEFFREY A NEEDELMAN

8540 COSTA VERDE BLVD
#4448
SAN DIEGO  CA          92122-0000
AKA(1):JEFF NEEDELMAN
AKA(2):

CHAPTER 13 CASE NUMBER
01-12461-H13          01 DEC 12  AM 10: 27

SSN(1):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          CLERK
SSN(2):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  U.S. BANKRUPTCY CT.
                    SO. DIST OF CALIF

DBA(1):
DBA(2):

-------------------------------------------------------------------
                Order and Notice for Meeting of Creditors
                To Be Held on Jan 17, 2002 At  3:00 PM
-------------------------------------------------------------------

An order for relief under Chapter 13 of Title 11 of the United States Code was
entered on Dec  6, 2001 upon filing of a petition by the above debtor(s).  As a
result of the filing, certain acts and proceedings against debtor and debtor's
property are stayed as provided in 11 USC 362(a) and against certain codebtors
as provided in 11 USC 1301.  Notice is given that a Meeting of Creditors under
11 USC 341(a) shall be held on Jan 17, 2002 at  3:00 PM at Suite 2330, 23rd Floo
600 B Street          ,San Diego CA, 92101.  Debtor(s) shall appear for examinatio
and you may attend the meeting for that purpose.  The meeting may thereafter be
continued without further written notice.  If debtor(s) fails to timely file
schedules or a plan or fails to appear at the 341(a) meeting, the Trustee
will move for dismissal of this case without further notice to the debtor or
creditors.  In order to participate in the distribution of any dividend, A
CREDITOR MUST FILE A CLAIM, even if the creditor is not on the list of
creditors.  CLAIMS NOT FILED BY Apr 17, 2002 WILL NOT BE ALLOWED EXCEPT
AS PROVIDED BY LAW.

A hearing on confirmation of the plan will be held ONLY IF WRITTEN OBJECTIONS TO
CONFIRMATION (FORM CSD 1172) AND NOTICE OF HEARING THEREON (FORM CSD 1173) ARE
TIMELY FILED WITH CLERK, BANKRUPTCY COURT, PURSUANT TO RULE 3015 LOCAL
BANKRUPTCY RULES.  IF NO OBJECTION IS FILED, THE PLAN MAY BE CONFIRMED WITHOUT
FURTHER NOTICE AND WILL BE BINDING ON ALL CREDITORS.  ALSO THE COURT MAY GRANT
DEBTORS ATTORNEY FEES IN EXCESS OF $500 UNLESS WRITTEN OBJECTION IS FILED.  ALL
OBJECTIONS ARE DUE AT THE BANKRUPTCY COURT THE DAY AFTER THE 341(a) MEETING IS
CONCLUDED.  TO OBJECT TO CONFIRMATION, OBTAIN A HEARING DATE FROM TRUSTEE AT THE
341(A) HEARING OR CALL 619-233-4343.  OTHER INQUIRIES 619-233-7525.

                        · · BANKRUPTCY CRIMES

IF YOU HAVE INFORMATION REGARDING ANY BANKRUPTCY FRAUD OR ABUSE, PLEASE CONTACT
THE UNITED STATES TRUSTEE IN WRITING AT 402 WEST BROADWAY, SUITE 600, SAN DIEGO,
CA 92101.

FILE CLAIM IN DUPLICATE WITH:          SERVE COPIES OF CLAIM ON TRUSTEE,
U.S. BANKRUPTCY COURT                  DEBTOR AND DEBTOR'S ATTORNEY.
BANKRUPTCY COURT CLERK
                                       THOMAS H. BILLINGSLEA, CHAPTER 13 TRUSTE
                                       P.O. Box 188
                        00000-0000     Memphis, TN 38101-0188

DATED: Dec 11, 2001

ATTORNEY FOR DEBTOR:(619)232-3057     SCHEDULED DEBTS:
        ROBERT B SHANNER              SECURED      PRIORITY      UNSECURED
        2067 1ST AVENUE                    .00          .00      105,259.26
        SAN DIEGO        CA
                    92101-0000

                        -28-
                     Exhibit B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA

IN RE:
JEFFREY A NEEDELMAN

8540 COSTA VERDE BLVD
#4448
SAN DIEGO  CA                    92122-0000
AKA(1):JEFF NEEDELMAN
AKA(2):

CHAPTER 13 CASE NUMBER
01-12461-H13

SSN(1):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
SSN(2):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

DBA(1):
DBA(2):

-----------------------------------------------------------------------
FIRST MEETING ADDITIONAL INFORMATION
-----------------------------------------------------------------------

The plan proposes payments of $   500.00  per month to the Trustee, and will pay
a  28.00% dividend to unsecured creditors over a plan length of approximately
 65 months.  Unsecured claims to be paid     .00  percent A.P.R. interest.
Generally, creditors allowed secured, other than real estate creditors, to be
paid 10% APR interest on amount allowed secured and in advance of unsecured
claims.

    Debtors Chapter 13 plan is on file at the Bankruptcy Court and is a
public record.  Creditors must refer to the plan for precise details.

-29-
Exhibit B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA

IN RE:
JEFFREY A NEEDELMAN

CHAPTER 13 CASE NUMBER
01-12461-H13

8540 COSTA VERDE BLVD
#4448                                          JUDGE: HARGROVE
SAN DIEGO  CA        92122
SSN(1):  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 AKA(1):   JEFF NEEDELMAN
SSN(2):  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 AKA(2):

---

CERTIFICATE OF SERVICE BY MAIL OF
341A NOTICE FOR MEETING OF CREDITORS

---

ROBERT B SHANNER                    BANKRUPTCY COURT CLERK
2067 1ST AVENUE
SAN DIEGO       CA
                      92101                                    00000

---

EFG                                 SALLIE MAE SERVICING
BOX 2901                            BOX 7400
WINSTON-SALEM  NC                   WILKES BARRE, PA
                      27102                                    18773

---

SLSC KEYCORP TRUST 1996A
660 BOSS STREET
BOX 8155
HAMBURG  PA          17102

---

JEFFREY A NEEDELMAN
8540 COSTA VERDE BLVD
#4448
SAN DIEGO  CA        92122

---

I certify under penalty of perjury that on the date shown, I served a true copy
of the Order and Notice for Meeting of Creditors and a Proof of Claim by U.S.
Mail, Postage prepaid on the parties indicated herein.

Date:   DEC 11 2001                 _Nancy Saylor_
                                    Clerk of the Office of
                                    THOMAS H. BILLINGSLEA, JR.

-30-
Exhibit B

BLUEBIRD OFFICE SUPPLIES (888) 477-0700, www.bluebirdonline.com

**EXHIBIT  C**

Name, Address, Telephone No. & I.D. No.

Robert B. Shanner
Attorney at Law
2067 First Avenue
San Diego CA 92101
(619) 232-3057

*1/25/02*

JAN 2 4 2002

## UNITED STATES BANKRUPTCY COURT
### Southern District of California

Re:          )

JEFFREY A. NEEDELMAN   )

         )

        Debtor(s) )

Chapter 13
Case No.   01-12461-JH13 *H*

APPLICATION FOR CONFIRMATION OF PLAN;
ORDER CONFIRMING PLAN AND ALLOWING
ATTORNEY FEES

---

**I**    APPLICATION FOR CONFIRMATION AND DISCLOSURE OF COMPENSATION

The undersigned attorney for debtor(s) herein represents:

1. The Section 341(a) meeting of creditors in this case has been concluded and the Plan complies with all requirements of Section 1322 and Section 1325(a) of Title 11, United States Code.

2. The agreed value of attorney services to date is   $ _____1,500.00_____ ;

   and the undersigned has received payments of   $ _____150.00_____ ;

   Leaving unpaid for services to date the sum of   $ _____1,350.00_____

3. Wherefore, the undersigned prays that the debtor(s) Plan be confirmed and that the attorneys fee be allowed in the amount set forth.

Dated:   1-17-02      Attorney for Debtor _____

                                 (Typed Name)   Robert B. Shanner

---

**II**    ORDER CONFIRMING DEBTOR(S) PLAN AND ALLOWING ATTORNEYS FEES

Upon considering the foregoing Application for Confirmation, notice of said Plan and confirmation hearing having been duly given as required by law; the court finds all allegations in the Application are true; and good cause appearing IT IS HEREBY ORDERED THAT

1. The debtor(s) Plan dated _____12-5-01_____ is confirmed and, to the extent that payments on said Plan may exceed 36 months, is approved; the debtor(s) shall commence payments as in said Plan provided to the Trustee forthwith, if not already begun; and

2. The attorneys fee is allowed as requested, balance as set forth above to be paid under the Plan by Trustee as in said Plan provided. Upon application by attorney the court without further notice may allow additional attorney fees during the pendency of this case for additional services rendered or to be rendered.

Dated:   JAN 2 4 2002          _____
                                   BANKRUPTCY JUDGE

-31-

*Exhibit C*

BLUEBIRDonline.com (888) 477-0700

**T. H. BILLINGSLEA, TRUSTEE**
530 B STREET, SUITE 1500
SAN DIEGO, CA 92101
PHONE (619) 233-7525

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Re:** | Chapter 13 Case |
| JEFFREY A    NEEDELMAN | Case No. 0112461 H 13 |
| 8540 COSTA VERDE BLVD | **NOTICE OF TRANSFER AND** |
| #4448                           92122 | **PENDING SUBROGATION OF CLAIM** |
| SAN DIEGO   CA | **AND ORDER SUBSTITUTING** |
| Debtor(s) | **TRANSFEREE AS PAYEE ON CLAIM** |

**NAME AND ADDRESS OF ORIGINAL CLAIMANT** — Creditor No. 519345

STUDENT LOAN SERV CENTER
1200 NORTH 7TH STREET
CLAIMS DEPT - 2ND FLR                         Acct. No. 218 90 7405
HARRISBURG PA                    17102-1444

**NAME AND ADDRESS OF TRANSFEREE** — Creditor No. 032203

ECMC
LOCKBOX 8682
BOX 75848                                              Acct. No.
ST PAUL   MN                          55175-0848

**YOU ARE HEREBY NOTIFIED**  that evidence of transfer of <u>Claim No. 0003</u>
has been filed in this case by the Original Claimant or Transferee named
above.  Pursuant to Federal Rules of Bankruptcy Procedure 3001(e)(2) and
3001(e)(5), you are hereby notified that unless you request a hearing
within **20 days** of the mailing date of this notice, notice of such request
to be served upon the Chapter 13 Trustee and Transferee, the following
Order will become fully effective without further action by the Court.
   **IT IS SO ORDERED** that <u>ECMC</u>                              , Transferee, is
hereby subrogated in the place and instead of <u>STUDENT LOAN SERV CENTER</u>
Original Claimant, as payee on the claim filed herein and future dividends
shall be paid to said Transferee.  The Trustee shall give notice by mail to
the above Original Claimant and Transferee.  This Order shall be effective
on the 21st day hereafter absent a proper request for hearing.

**Dated: April 10, 2002**

_James W. Meyers_
JUDGE UNITED STATES BANKRUPTCY COURT

I, the undersigned, certify under penalty of perjury that on this date a
copy of this notice was mailed, postage prepaid, to all named addressees.

ATTORNEY FOR DEBTOR(S)
ROBERT B SHANNER
2067 1ST AVENUE
SAN DIEGO            CA
                    92101

Clerk for the office of
T. H. BILLINGSLEA, TRUSTEE

-32-
Exhibit D

T. H. BILLINGSLEA, TRUSTEE
530 B STREET, SUITE 1500
SAN DIEGO, CA 92101
PHONE (619) 233-7525

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Re: | Chapter 13 Case |
| JEFFREY A    NEEDELMAN | Case No. 0112461 H 13 |
| 8540 COSTA VERDE BLVD #4448           92122 SAN DIEGO  CA·         Debtor(s) | **NOTICE OF TRANSFER AND PENDING SUBROGATION OF CLAIM AND ORDER SUBSTITUTING TRANSFEREE AS PAYEE ON CLAIM** |

NAME AND ADDRESS OF ORIGINAL CLAIMANT          Creditor No. 519345

| | |
|---|---|
| STUDENT LOAN SERV CENTER 1200 NORTH 7TH STREET CLAIMS DEPT - 2ND FLR HARRISBURG PA          17102-1444 | Acct. No. 218 90 7405 |

NAME AND ADDRESS OF TRANSFEREE          Creditor No. 032203

| | |
|---|---|
| ECMC LOCKBOX 8682 BOX 75848 ST PAUL  MN          55175-0848 | Acct. No. 218 90 7405 |

**YOU ARE HEREBY NOTIFIED**  that evidence of transfer of <u>Claim No. 0004</u> has been filed in this case by the Original Claimant or Transferee named above.  Pursuant to Federal Rules of Bankruptcy Procedure 3001(e)(2) and 3001(e)(5), you are hereby notified that unless you request a hearing within **20 days** of the mailing date of this notice, notice of such request to be served upon the Chapter 13 Trustee and Transferee, the following Order will become fully effective without further action by the Court.

**IT IS SO ORDERED** that <u>ECMC</u>                               , Transferee, is hereby subrogated in the place and instead of <u>STUDENT LOAN SERV CENTER</u> Original Claimant, as payee on the claim filed herein and future dividends shall be paid to said Transferee.  The Trustee shall give notice by mail to the above Original Claimant and Transferee.  This Order shall be effective on the 21st day hereafter absent a proper request for hearing.

Dated: April 10, 2002

_James W. Meyers_

JUDGE, UNITED STATES BANKRUPTCY COURT

I, the undersigned, certify under penalty of perjury that on this date a copy of this notice was mailed, postage prepaid, to all named addressees.

ATTORNEY FOR DEBTOR(S)
ROBERT B SHANNER
2067 1ST AVENUE
SAN DIEGO          CA

          92101

Clerk for the Office of
T. H. BILLINGSLEA, TRUSTEE

-33-
Exhibit D

**T. H. BILLINGSLEA, TRUSTEE**
**530 B STREET, SUITE 1500**
**SAN DIEGO, CA 92101**
**PHONE (619) 233-7525**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Re:**<br><br>JEFFREY A    NEEDELMAN<br><br>8540 COSTA VERDE BLVD<br>#4448                          92122<br>SAN DIEGO   CA<br>            Debtor(s) | Chapter 13 Case<br><br>Case No. 0112461 H 13<br><br>**NOTICE OF TRANSFER AND**<br>**PENDING SUBROGATION OF CLAIM**<br>**AND ORDER SUBSTITUTING**<br>**TRANSFEREE AS PAYEE ON CLAIM** |

**NAME AND ADDRESS OF ORIGINAL CLAIMANT**        Creditor No. 519345

STUDENT LOAN SERV CENTER
1200 NORTH 7TH STREET
CLAIMS DEPT - 2ND FLR                                    Acct. No. 218 90 7405
HARRISBURG PA                  17102-1444

                                                         Creditor No. 032203

**NAME AND ADDRESS OF TRANSFEREE**

ECMC
LOCKBOX 8682
BOX 75848                                                Acct. No. 218 90 7405
ST PAUL  MN                    55175-0848

**YOU ARE HEREBY NOTIFIED** that evidence of transfer of Claim No. 0005
has been filed in this case by the Original Claimant or Transferee named
above.  Pursuant to Federal Rules of Bankruptcy Procedure 3001(e)(2) and
3001(e)(5), you are hereby notified that unless you request a hearing
within **20 days** of the mailing date of this notice, notice of such request
to be served upon the Chapter 13 Trustee and Transferee, the following
Order will become fully effective without further action by the Court.
   **IT IS SO ORDERED** that ECMC                              , Transferee, is
hereby subrogated in the place and instead of STUDENT LOAN SERV CENTER
Original Claimant, as payee on the claim filed herein and future dividends
shall be paid to said Transferee.  The Trustee shall give notice by mail to
the above Original Claimant and Transferee.  This Order shall be effective
on the 21st day hereafter absent a proper request for hearing.

**Dated: April 10, 2002**

                                        _James W. Meyers_
                              JUDGE  UNITED STATES BANKRUPTCY COURT

I, the undersigned, certify under penalty of perjury that on this date a
copy of this notice was mailed, postage prepaid, to all named addressees.

ATTORNEY FOR DEBTOR(S)
ROBERT B SHANNER
2067 1ST AVENUE
SAN DIEGO           CA                  Clerk for the Office of
                                        T. H. BILLINGSLEA, TRUSTEE
        92101

                    -34-
                  Exhibit D

**T. H. BILLINGSLEA, TRUSTEE**
**530 B STREET, SUITE 1500**
**SAN DIEGO, CA  92101**
**PHONE (619) 233-7525**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Re:**<br><br>JEFFREY A    NEEDELMAN<br><br>8540 COSTA VERDE BLVD<br>#4448                    92122<br>SAN DIEGO   CA<br>                Debtor(s) | Chapter 13 Case<br><br>Case No. 0112461 H 13<br><br>**NOTICE OF TRANSFER AND**<br>**PENDING SUBROGATION OF CLAIM**<br>**AND ORDER SUBSTITUTING**<br>**TRANSFEREE AS PAYEE ON CLAIM** |

**NAME AND ADDRESS OF ORIGINAL CLAIMANT**          Creditor No. 519345

STUDENT LOAN SERV CENTER
1200 NORTH 7TH STREET
CLAIMS DEPT - 2ND FLR          Acct. No. 218907405
HARRISBURG PA          17102-1444

**NAME AND ADDRESS OF TRANSFEREE**          Creditor No. 032203

ECMC
LOCKBOX 8682
BOX 75848          Acct. No. 218907405
ST PAUL  MN          55175-0848

**YOU ARE HEREBY NOTIFIED**  that evidence of transfer of <u>Claim No. 0006</u>
has been filed in this case by the Original Claimant or Transferee named
above.  Pursuant to Federal Rules of Bankruptcy Procedure 3001(e)(2) and
3001(e)(5), you are hereby notified that unless you request a hearing
within **20 days** of the mailing date of this notice, notice of such request
to be served upon the Chapter 13 Trustee and Transferee, the following
Order will become fully effective without further action by the Court.
   **IT IS SO ORDERED** that <u>ECMC</u>             , Transferee, is
hereby subrogated in the place and instead of <u>**STUDENT LOAN SERV CENTER**</u>
Original Claimant, as payee on the claim filed herein and future dividends
shall be paid to said Transferee.  The Trustee shall give notice by mail to
the above Original Claimant and Transferee.  This Order shall be effective
on the 21st day hereafter absent a proper request for hearing.

**Dated: April 10, 2002**

                                 *James W. Meyers*
              JUDGE, UNITED STATES BANKRUPTCY COURT

I, the undersigned, certify under penalty of perjury that on this date a
copy of this notice was mailed, postage prepaid, to all named addressees.

ATTORNEY FOR DEBTOR(S)
ROBERT B SHANNER
2067 1ST AVENUE
SAN DIEGO          CA
                            Clerk for the Office of
    92101          T. H. BILLINGSLEA, TRUSTEE

-35-
Exhibit D

**T. H. BILLINGSLEA, TRUSTEE**
**530 B STREET, SUITE 1500**
**SAN DIEGO, CA  92101**
**PHONE (619) 233-7525**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Re:<br><br>JEFFREY A    NEEDELMAN<br><br>8540 COSTA VERDE BLVD<br>#4448                    92122<br>SAN DIEGO  CA<br>            Debtor(s) | Chapter 13 Case<br><br>Case No. 0112461 H 13<br><br>**NOTICE OF TRANSFER AND PENDING SUBROGATION OF CLAIM AND ORDER SUBSTITUTING TRANSFEREE AS PAYEE ON CLAIM** |

**NAME AND ADDRESS OF ORIGINAL CLAIMANT**        Creditor No. 519345

STUDENT LOAN SERV CENTER
1200 NORTH 7TH STREET
CLAIMS DEPT - 2ND FLR                Acct. No. 218 90 7405
HARRISBURG PA            17102-1444

**NAME AND ADDRESS OF TRANSFEREE**        Creditor No. 032203

ECMC
LOCKBOX 8682
BOX 75848                Acct. No. 218 90 7405
ST PAUL  MN            55175-0848

**YOU ARE HEREBY NOTIFIED**  that, evidence of transfer of <u>Claim No. 0007</u> has been filed in this case by the Original Claimant or Transferee named above.  Pursuant to Federal Rules of Bankruptcy Procedure 3001(e)(2) and 3001(e)(5), you are hereby notified that unless you request a hearing within **20 days** of the mailing date of this notice, notice of such request to be served upon the Chapter 13 Trustee and Transferee, the following Order will become fully effective without further action by the Court.
    **IT IS SO ORDERED** that <u>ECMC</u>, Transferee, is hereby subrogated in the place and instead of <u>STUDENT LOAN SERV CENTER</u> Original Claimant, as payee on the claim filed herein and future dividends shall be paid to said Transferee.  The Trustee shall give notice by mail to the above Original Claimant and Transferee.  This Order shall be effective on the 21st day hereafter absent a proper request for hearing.

Dated: April 10, 2002

_James W. Meyers_
JUDGE, UNITED STATES BANKRUPTCY COURT

I, the undersigned, certify under penalty of perjury that on this date a copy of this notice was mailed, postage prepaid, to all named addressees.

ATTORNEY FOR DEBTOR(S)
ROBERT B SHANNER
2067 1ST AVENUE                Clerk for the Office of
SAN DIEGO        CA            T. H. BILLINGSLEA, TRUSTEE
    92101

-36-
Exhibit D

**T. H. BILLINGSLEA, TRUSTEE**
**530 B STREET, SUITE 1500**
**SAN DIEGO, CA 92101**
**PHONE (619) 233-7525**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Re:** | Chapter 13 Case |
| JEFFREY A    NEEDELMAN | Case No. 0112461 H 13 |
| 8540 COSTA VERDE BLVD<br>#4448                    92122<br>SAN DIEGO  CA<br>Debtor(s) | **NOTICE OF TRANSFER AND PENDING SUBROGATION OF CLAIM AND ORDER SUBSTITUTING TRANSFEREE AS PAYEE ON CLAIM** |

**NAME AND ADDRESS OF ORIGINAL CLAIMANT**          Creditor No. 519345

STUDENT LOAN SERV CENTER
1200 NORTH 7TH STREET
CLAIMS DEPT - 2ND FLR                                          Acct. No. 218 90 7405
HARRISBURG PA                       17102-1444

**NAME AND ADDRESS OF TRANSFEREE**          Creditor No. 032203

ECMC
LOCKBOX 8682
BOX 75848                                                              Acct. No. 218 90 7405
ST PAUL  MN                          55175-0848

**YOU ARE HEREBY NOTIFIED**  that evidence of transfer of Claim No. 0008 has been filed in this case by the Original Claimant or Transferee named above.   Pursuant to Federal Rules of Bankruptcy Procedure 3001(e)(2) and 3001(e)(5), you are hereby notified that unless you request a hearing within **20 days** of the mailing date of this notice, notice of such request to be served upon the Chapter 13 Trustee and Transferee, the following Order will become fully effective without further action by the Court.

  **IT IS SO ORDERED** that ECMC_____, Transferee, is hereby subrogated in the place and instead of STUDENT LOAN SERV CENTER Original Claimant, as payee on the claim filed herein and future dividends shall be paid to said Transferee.   The Trustee shall give notice by mail to the above Original Claimant and Transferee.   This Order shall be effective on the 21st day hereafter absent a proper request for hearing.

**Dated: April 10, 2002**

JUDGE, UNITED STATES BANKRUPTCY COURT

I, the undersigned, certify under penalty of perjury that on this date a copy of this notice was mailed, postage prepaid, to all named addressees.

ATTORNEY FOR DEBTOR(S)
ROBERT B SHANNER
2067 1ST AVENUE
SAN DIEGO          CA

                                          Clerk for the Office of
                                          T. H. BILLINGSLEA, TRUSTEE

92101

-37-

Exhibit D

**T. H. BILLINGSLEA, TRUSTEE**
**530 B STREET, SUITE 1500**
**SAN DIEGO, CA 92101**
**PHONE (619) 233-7525**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Re:** | Chapter 13 Case |
| JEFFREY A    NEEDELMAN | Case No. 0112461 H 13 |
| 8540 COSTA VERDE BLVD | **NOTICE OF TRANSFER AND** |
| #4448                      92122 | **PENDING SUBROGATION OF CLAIM** |
| SAN DIEGO  CA | **AND ORDER SUBSTITUTING** |
| Debtor(s) | **TRANSFEREE AS PAYEE ON CLAIM** |

**NAME AND ADDRESS OF ORIGINAL CLAIMANT**        Creditor No. 519345

STUDENT LOAN SERV CENTER
1200 NORTH 7TH STREET
CLAIMS DEPT - 2ND FLR                 Acct. No. 218 90 7405
HARRISBURG PA              17102-1444

**NAME AND ADDRESS OF TRANSFEREE**        Creditor No. 032203

ECMC
LOCKBOX 8682
BOX 75848                           Acct. No. 218 90 7405
ST PAUL  MN          55175-0848

**YOU ARE HEREBY NOTIFIED** that evidence of transfer of <u>Claim No. 0009</u> has been filed in this case by the Original Claimant or Transferee named above. Pursuant to Federal Rules of Bankruptcy Procedure 3001(e)(2) and 3001(e)(5), you are hereby notified that unless you request a hearing within **20 days** of the mailing date of this notice, notice of such request to be served upon the Chapter 13 Trustee and Transferee, the following Order will become fully effective without further action by the Court.

**IT IS SO ORDERED** that <u>ECMC</u>                    , Transferee, is hereby subrogated in the place and instead of **STUDENT LOAN SERV CENTER** Original Claimant, as payee on the claim filed herein and future dividends shall be paid to said Transferee. The Trustee shall give notice by mail to the above Original Claimant and Transferee. This Order shall be effective on the 21st day hereafter absent a proper request for hearing.

**Dated: April 10, 2002**

_James W. Meyers_
JUDGE, UNITED STATES BANKRUPTCY COURT

I, the undersigned, certify under penalty of perjury that on this date a copy of this notice was mailed, postage prepaid, to all named addressees.

ATTORNEY FOR DEBTOR(S)
ROBERT B SHANNER
2067 1ST AVENUE
SAN DIEGO        CA

Clerk for the Office of
T. H. BILLINGSLEA, TRUSTEE

92101

-38-
Exhibit D



**BLUEBIRD** (888) 477-0706  www.bluebirdonline.com
OFFICE SUPPLIES

**EXHIBIT E**

## IN THE UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA

IN RE:
JEFFREY A NEEDELMAN
8540 COSTA VERDE BLVD
#4448
SAN DIEGO CA 92122

      Debtor(s)
SSN(1): 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

CASE NO. 01-12461-H13
JUDGE HARGROVE

DATE: 06/26/02

### NOTICE OF CLAIMS FILED AND INTENTION TO PAY CLAIMS

    **NOTICE IS HEREBY GIVEN** of claims filed and the intent to pay the claims of creditors named below and in the amounts and manner, set forth below, subject to provisions of the Plan and other Court Orders and Rule 3010(b), Rules of Bankruptcy Procedure.

| CLAIM # | NAME AND ADDRESS OF CREDITOR | AMOUNT | %FORGIVE | CLASSIFICATION |
|---------|------------------------------|--------|----------|----------------|
| 0003 | ECMC<br>LOCKBOX 8682<br>BOX 75848<br>ST PAUL MN 55175-0848 | 9826.76 | 72.00 | UNSECURED<br><br>ACCT:218 90 7405<br>COMM:ASG 4/02 |
| 0004 | ECMC<br>LOCKBOX 8682<br>BOX 75848<br>ST PAUL MN 55175-0848 | 11058.38 | 72.00 | UNSECURED<br><br>ACCT:218 90 7405<br>COMM:ADDON-ASG 4/02 |
| 0005 | ECMC<br>LOCKBOX 8682<br>BOX 75848<br>ST PAUL MN 55175-0848 | 14561.74 | 72.00 | UNSECURED<br><br>ACCT:218 90 7405<br>COMM:ADDON-ASG 4/02 |
| 0006 | ECMC<br>LOCKBOX 8682<br>BOX 75848<br>ST PAUL MN 55175-0848 | 15580.22 | 72.00 | UNSECURED<br><br>ACCT:218907405<br>COMM:ADDON-ASG 4/02 |
| 0007 | ECMC<br>LOCKBOX 8682<br>BOX 75848<br>ST PAUL MN 55175-0848 | 1310.17 | 72.00 | UNSECURED<br><br>ACCT:218 90 7405<br>COMM:ADDON-ASG 4/02 |
| 0008 | ECMC<br>LOCKBOX 8682<br>BOX 75848<br>ST PAUL MN 55175-0848 | 11058.38 | 72.00 | UNSECURED<br><br>ACCT:218 90 7405<br>COMM:ADDON-ASG 4/02 |
| 0009 | ECMC<br>LOCKBOX 8682<br>BOX 75848<br>ST PAUL MN 55175-0848 | 11058.38 | 72.00 | UNSECURED<br><br>ACCT:218 90 7405<br>COMM:ADDON-ASG 4/02 |

Exhibit E

PAGE  2 - CHAPTER 13 CASE NO. 01-12461-H13

| CLAIM # | NAME AND ADDRESS OF CREDITOR | AMOUNT | %FORGIVE | CLASSIFICATION |
|---------|------------------------------|--------|----------|----------------|
| 0012 | EDUCATION RESOURCES INST<br>BOX 9123<br>BOSTON MA 02117 | .00 | 100.00<br><br>ACCT:<br>COMM:NOTICE ONLY | NOTICE ONLY |
| 0001 | EFG<br>BOX 2901<br>WINSTON-SALEM NC 27102 | .00 | 72.00<br><br>ACCT:<br>COMM: | UNSECURED |
| 0010 | HEMAR INSURANCE CORP<br>3900 W TECHNOLOGY CIR STE 7<br>SIOUX FALLS SD 57106 | 8358.96 | 72.00<br><br>ACCT:218907405<br>COMM:ADDON | UNSECURED |
| 0002 | SLSC KEYCORP TRUST 1996A<br>660 BOSS STREET<br>BOX 8155<br>HAMBURG PA 17102 | .00 | 72.00<br><br>ACCT:<br>COMM: | UNSECURED |
| 0011 | THE EDUCATION RESOURCE INSTIT<br>330 STUART STREET #500<br>BOX 9123<br>BOSTON MA 02117-9123 | 21752.40 | 72.00<br><br>ACCT:218907405<br>COMM:ADDON | UNSECURED |
| TOTAL | | 104565.39 | | |
| | ROBERT B SHANNER<br>2067 1ST AVENUE<br>SAN DIEGO CA 92101 | 1350.00 | | ATTORNEY |

    Pursuant to 11 U.S.C. 502(a), the claims which have been filed as stated
above will be deemed allowed for purposes of distribution and shall be paid un-
less the debtor or other party in interest files with the court in accordance
with Rule 3007, and Objection to Claim and Request for Hearing within twenty
five (25) days of this notice.

Restricted Use
THOMAS H. BILLINGSLEA, JR.
CHAPTER 13 TRUSTEE
530 "B" STREET, SUITE 1500
SAN DIEGO CA 92101

    I herein certify that a copy of this notice was served upon the debtor(s)
and the debtor(s) attorney of record on this date by regular U.S. Mail postage
prepaid, at their addresses as appear in the records hereof.

Date: 06/28/2002

Clerk for the Office of
T. H. BILLINGSLEA, JR., TRUSTEE

-40-
Exhibit E

BLUEBIRD (888) 477-0700
OFFICE SUPPLIES  www.bluebirdonline.com

**EXHIBIT** F

CSD 2125 [08/16/01]
Thomas H. Billingslea, Chapter 13 Trustee
530 B Street, Suite 1500
San Diego, CA 92101
(619) 233-7525

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, CA 92101-6991

In Re
    JEFFREY A NEEDELMAN
    BOX 471146
    SAN FRANCISCO   CA
    94147-1146

BANKRUPTCY NO.

01-12461-H-13

Tax I.D./S.S.#: XXX-XX-7405   XXX-XX-    Debtor.

**NOTICE OF CHAPTER 13 TRUSTEE'S INTERIM FINAL REPORT
AND TIME TO FILE OBJECTIONS AND RELEASE FROM LIABILITY OF TRUSTEE**

TO THE DEBTOR, ALL CREDITORS AND OTHER PARTIES IN INTEREST:

    Upon review of the records and files of this case, the undersigned Chapter 13 Trustee believes that the Debtor(s) has made all payments under the Plan and that all creditors' claims have been paid as allowed. The Chapter 13 Trustee shall be released from liability as to the debtor, creditors and parties in interest other than the United States Trustee unless a creditor or party in interest files a timely objection as provided below.

    If you object to the Court granting this order:

1.    **YOU ARE REQUIRED** to obtain a hearing date and time from the Chapter 13 Courtroom Deputy by calling (619) 557-5955.

2.    **WITHIN TWENTY-EIGHT (28)\* DAYS FROM THE DATE OF SERVICE OF THIS NOTICE OF INTENDED ACTION**, you are further required to serve a copy of your DECLARATION IN OPPOSITION TO INTENDED ACTION and serve REQUEST AND NOTICE OF HEARING [Local Form CSD 1184\*\*] upon the undersigned moving party, together with any opposing papers. The opposing declaration shall be signed and verified in the manner prescribed by Federal Rule of Bankruptcy Procedure 9011, and the declaration shall:

        a.    identify the interest of the opposing party; and

        b.    state, with particularity, the grounds for the opposition.

3.    **YOU MUST** file the original and one copy of the Declaration and Request and Notice of Hearing with proof of service with the Clerk of the U.S. Bankruptcy Court at 325 West F Street, San Diego, California 92101-6991, no later than the next business day following the date of service.

    IF YOU FAIL TO SERVE YOUR "DECLARATION IN OPPOSITION TO INTENDED ACTION" AND "REQUEST AND NOTICE OF HEARING" within the 28-day\* period provided by this notice, NO HEARING SHALL TAKE PLACE, you shall lose your opportunity for hearing, and an order releasing the trustee from any liability as to the debtor, creditors and parties in interest other than the United States Trustee in this case shall be entered.

                        /S/

Dated: April 12, 2007
                        Thomas Billingslea, Chapter 13 Trustee

\* If you were served by mail, you have three (3) additional days to take the above-stated actions.
\*\* You may obtain Local Form CSD 1184 from the office of the Clerk of the U.S. Bankruptcy Court.

-41-
Exhibit F

020677

THOMAS H BILLINGSLEA, CHAPTER 13 TRUSTEE
530 B STREET, SUITE 1500
SAN DIEGO CA 92101
(619)233-7525

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

In Re:

**JEFFREY A NEEDELMAN**
BOX 471146
SAN FRANCISCO  CA
94147-1146

**Case No.:  01-12461-H-13**

**SSN(1): XXX-XX-7405**

DEBTOR(S)

AKA(1): JEFF NEEDELMAN

# INTERIM FINAL REPORT AND ACCOUNT

Case Filed On:            Plan Confirmed On:              Case Concluded On:
**Thu Dec 06, 2001**          **Fri Jan 25, 2002**                **Fri Mar 09, 2007**

THIS CASE WAS COMPLETED.

The Trustee has maintained a detailed record of all receipts, including the source or other identification of each receipt, and of all disbursements.

RECEIPTS:        Amount paid to the Trustee by or for the Debtor for the benefit of Creditors:        $        33,760.43

| DISTRIBUTIONS TO CREDITORS NAME OF CREDITOR | CLASS | CLAIM AMOUNT | AMOUNT PAID | | UNPAID BALANCE |
|---|---|---|---|---|---|
| | | | PRINCIPAL | INTEREST | |
| 0001/084654 EFG | UNSECURED | .00 | .00 | .00 | .00 |
| 0002/113247 SLSC KEYCORP TRUST 1996A | UNSECURED | .00 | .00 | .00 | .00 |
| 0003/032203 ECMC | UNSECURED | 9,826.76 | 2,751.49 | .00 | .00 |
| 0004/032203 ECMC | UNSECURED | 11,058.38 | 3,096.35 | .00 | .00 |
| 0005/032203 ECMC | UNSECURED | 14,561.74 | 4,077.29 | .00 | .00 |
| 0006/032203 ECMC | UNSECURED | 15,580.22 | 4,362.46 | .00 | .00 |
| 0007/032203 ECMC | UNSECURED | 1,310.17 | 366.85 | .00 | .00 |
| 0008/032203 ECMC | UNSECURED | 11,058.38 | 3,096.35 | .00 | .00 |
| 0009/032203 ECMC | UNSECURED | 11,058.38 | 3,096.35 | .00 | .00 |

-42-
Exhibit F

| DISTRIBUTIONS TO CREDITORS NAME OF CREDITOR | CLASS | AMOUNT ALLOWED | AMOUNT PAID PRINCIPAL | INTEREST | UNPAID BALANCE |
|---|---|---|---|---|---|
| 0010/199337 HEMAR INSURANCE CORP OF AMER | UNSECURED | 8,068.92 | 2,259.30 | .00 | .00 |
| 0011/555947 THE EDUCATION RESOURCE INSTIT | UNSECURED | 21,752.40 | 6,090.67 | .00 | .00 |
| 0012/576106 EDUCATION RESOURCES INST | NOTICE ONLY | .00 | .00 | .00 | .00 |
| 0013/400002 CLERK, BANKRUPTCY COURT | SPECIAL (PYMT < $15) | 81.18 | 81.18 | .00 | .00 |

Refunded to Debtor:

**JEFFREY A NEEDELMAN**                    Closed Case Refund:            669.71

-43-
Exhibit F

Case No.: 01-12461-H-13

## SUMMARY OF CLAIMS ALLOWED AND PAID

| TYPE OF CLAIM | SECURED | PRIORITY | UNSECURED * | R & R | SPECIAL | TOTAL |
|---|---|---|---|---|---|---|
| AMOUNT ALLOWED | 81.18 | .00 | 104,275.35 | .00 | 669.71 | 105,026.24 |
| PRINCIPAL PAID | 81.18 | .00 | 29,197.11 | .00 | 669.71 | 29,948.00 |
| INTEREST PAID | .00 | .00 | .00 | .00 | .00 | .00 |

*The amount allowed reflects the percentage due pursuant to the Plan.     **TOTAL PAID - PRINCIPAL AND INTEREST**     29,948.00
  Percentage to unsecured creditors is 28.00%.

## DISBURSEMENTS PURSUANT TO AN ORDER OF THE COURT

| DEBTOR'S ATTORNEY | FEE ALLOWED | FEE PAID |
|---|---|---|
| ROBERT B SHANNER<br>SHANNER & SHANNER<br>3200 FOURTH AVE, STE 203<br>SAN DIEGO CA<br>92103 | 1,350.00 | 1,350.00 |

## COURT COSTS AND OTHER EXPENSES OF ADMINISTRATION

| TRUSTEE<br>NOTICE FEES | TRUSTEE'S EXPENSE &<br>COMPENSATION FUND | COURT<br>NOTICE FEES | TOTAL COST<br>& EXPENSE |
|---|---|---|---|
| 5.04 | 2,457.39 | .00 | 2,462.43 |

REMAINING FUNDS IN CASE:                                                                      .00

WHEREFORE, your Petitioner prays that a Final Decree be entered discharging your Petitioner as Trustee and releasing your Petitioner and the Trustee's surety from any and all liability on account of the within proceedings, and closing the estate, and for such other and further relief as is just Pursuant to FRBP 5008. I hereby certify the above-captioned case has been fully administered.

FOR:  THOMAS BILLINGSLEA
      CHAPTER 13 TRUSTEE

By: _____/S/_____

Trustee's Representative

-44-
Exhibit F

BLUEBIRDonline.com (888) 475-0700

18W
Rev. 12/03

**United States Bankruptcy Court**
Southern District of California
Jacob Weinberger U.S. Courthouse
325 West F Street
San Diego, CA 92101–6991

Telephone: 619–557–5620
Website: www.casb.uscourts.gov
Hours: 9:00am–4:00pm Monday–Friday

**Jeffrey A. Needelman**
 PO BOX 471146
San Francisco, CA 94147–1146
xxx–xx–7405
*Debtor Aliases:*  Jeff Needelman

Case number:  01–12461–JH13
Chapter: 13
Judge John J. Hargrove

**Discharge of Debtor**

 In the case of the above–named individual, all payments under the confirmed plan have been completed and the court has not approved a written waiver of Discharge executed by the Debtor after the Order for relief under this Chapter. The Trustee has sent by ordinary mail to each creditor named in the Interim Final Report and Account a copy of Summary with notice of time to file objections, and no written objections to said Interim Final Report have timely been filed.

**IT IS ORDERED THAT:**

1. The Debtor is hereby discharged of all debts provided for by the Plan or disallowed under 11 U.S.C. §502, except any debt
    a. Provided for under 11 U.S.C. §1322(b)(5);
    b. of the kind specified under 11 U.S.C. §523(a)(5)(8), or (9);
    c. for restitution of a criminal fine, included in a sentence on the Debtors' conviction of a crime;
    d. based on an allowed claim filed under 11 U.S.C. §1305(a)(2), if prior approval by the Trustee of the Debtor's incurring such debt was practicable and was not obtained;

2. Pursuant to 11 U.S.C. §524, this Discharge operates as an injunction against the commencement or continuation of an action to collect, recover or offset any such debt as a personal liability of the Debtor, whether or not discharge of such debt is waived.

3. Upon entry of the Trustee's final report, the Trustee and his surety shall be discharged and released from any liability relating to this case.

Dated: 5/29/07

By order of the court:

Barry K. Lander
Clerk of the Bankruptcy Court

-45-
Exhibit G

J52036

BLUEBIRDonline.com (888) 477-0700

**EXHIBIT H**

THOMAS H BILLINGSLEA, CHAPTER 13 TRUSTEE
530 B STREET, SUITE 1500
SAN DIEGO CA 92101
(619)233-7525

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

In Re:

**JEFFREY A NEEDELMAN**
**BOX 471146**
**SAN FRANCISCO  CA**
**94147-1146**

**Case No.:  01-12461-H-13**

**SSN(1): XXX-XX-7405**

**DEBTOR(S)**

**AKA(1): JEFF NEEDELMAN**

---

# FINAL REPORT

---

| Case Filed On: | Plan Confirmed On: | Case Concluded On: |
|---|---|---|
| **Thu Dec 06, 2001** | **Fri Jan 25, 2002** | **Fri Mar 09, 2007** |

THIS CASE WAS COMPLETED.

The Trustee has maintained a detailed record of all receipts, including the source or other identification of each receipt, and of all disbursements.

**RECEIPTS:**    Amount paid to the Trustee by or for the Debtor for the benefit of Creditors:    $    33,760.43

| DISTRIBUTIONS TO CREDITORS NAME OF CREDITOR | CLASS | CLAIM AMOUNT | AMOUNT PAID | | UNPAID BALANCE |
|---|---|---|---|---|---|
| | | | PRINCIPAL | INTEREST | |
| 0001/084654 EFG | UNSECURED | .00 | .00 | .00 | .00 |
| 0002/113247 SLSC KEYCORP TRUST 1996A | UNSECURED | .00 | .00 | .00 | .00 |
| 0003/032203 ECMC | UNSECURED | 9,826.76 | 2,751.49 | .00 | .00 |
| 0004/032203 ECMC | UNSECURED | 11,058.38 | 3,096.35 | .00 | .00 |
| 0005/032203 ECMC | UNSECURED | 14,561.74 | 4,077.29 | .00 | .00 |
| 0006/032203 ECMC | UNSECURED | 15,580.22 | 4,362.46 | .00 | .00 |
| 0007/032203 ECMC | UNSECURED | 1,310.17 | 366.85 | .00 | .00 |
| 0008/032203 ECMC | UNSECURED | 11,058.38 | 3,096.35 | .00 | .00 |
| 0009/032203 ECMC | UNSECURED | 11,058.38 | 3,096.35 | .00 | .00 |

-46-
Exhibit H

Case No.: 01-12461-JI-13

| DISTRIBUTIONS TO CREDITORS NAME OF CREDITOR | CLASS | AMOUNT ALLOWED | AMOUNT PAID PRINCIPAL | INTEREST | UNPAID BALANCE |
|---|---|---|---|---|---|
| 0010/199337 HEMAR INSURANCE CORP OF AMER | UNSECURED | 7,357.17 | 2,060.01 | .00 | .00 |
| 0011/555947 THE EDUCATION RESOURCE INSTIT | UNSECURED | 21,752.40 | 6,090.67 | .00 | .00 |
| 0012/576106 EDUCATION RESOURCES INST | NOTICE ONLY | .00 | .00 | .00 | .00 |
| 0013/400002 CLERK, BANKRUPTCY COURT | SPECIAL (PYMT < $15) | 280.47 | 280.47 | .00 | .00 |

Refunded to Debtor:

**JEFFREY A NEEDELMAN**                    Closed Case Refund:            669.71

-47-
Exhibit H

021794        65904021838013



Case No.: 01-12461-11-13

## SUMMARY OF CLAIMS ALLOWED AND PAID

| TYPE OF CLAIM | SECURED | PRIORITY | UNSECURED * | R & R | SPECIAL | TOTAL |
|---|---|---|---|---|---|---|
| AMOUNT ALLOWED | 280.47 | .00 | 103,563.60 | .00 | 669.71 | 104,513.78 |
| PRINCIPAL PAID | 280.47 | .00 | 28,997.82 | .00 | 669.71 | 29,948.00 |
| INTEREST PAID | .00 | .00 | .00 | .00 | .00 | .00 |

*The amount allowed reflects the percentage due pursuant to the Plan.
Percentage to unsecured creditors is 28.00%.

TOTAL PAID - PRINCIPAL AND INTEREST      29,948.00

## DISBURSEMENTS PURSUANT TO AN ORDER OF THE COURT

| DEBTOR'S ATTORNEY | FEE ALLOWED | FEE PAID |
|---|---|---|
| ROBERT B SHANNER<br>SHANNER & SHANNER<br>3200 FOURTH AVE, STE 203<br>SAN DIEGO CA<br>92103 | 1,350.00 | 1,350.00 |

## COURT COSTS AND OTHER EXPENSES OF ADMINISTRATION

| TRUSTEE NOTICE FEES | TRUSTEE'S EXPENSE & COMPENSATION FUND | COURT NOTICE FEES | TOTAL COST & EXPENSE |
|---|---|---|---|
| 5.04 | 2,457.39 | .00 | 2,462.43 |

REMAINING FUNDS IN CASE:                                    .00

WHEREFORE, your Petitioner prays that a Final Decree be entered discharging your Petitioner as Trustee and releasing your Petitioner and the Trustee's surety from any and all liability on account of the within proceedings, and closing the estate, and for such other and further relief as is just Pursuant to FRBP 5008. I hereby certify the above-captioned case has been fully administered.

FOR:  THOMAS BILLINGSLEA
CHAPTER 13 TRUSTEE

DATE: Jun 06, 2007

By:_____/S/_____

Trustee's Representative

-48-
Exhibit H

021794

1

2

### CERTIFICATE OF SERVICE
[Civ. LR 5.2]

3    I hereby certify that I am admitted to practice before this Court and that a copy of the

4  foregoing document was this date served upon all counsel of record by placing a copy of the same

5  in the United States Mail at San Francisco, California, postage prepaid, and sent to their last

6  known address as follows:

7

8  Michael L. Meeks
   Pepper Hamilton, LLP
9  4 Park Plaza, Suite 1200
   Irvine, California 92614

10

11  Timothy P. Burke, Esq.
    Timothy P. Burke & Associates
12  1136 Fremont Avenue, Suite 108
    South Pasadena, California 91030

13

14  Rupert P. Hansen
    Cox, Wootton, Griffin, Hansen & Poulos, LLP
15  190 The Embarcadero
    San Francisco, California 94150

16

17  I declare under penalty of perjury under the laws of the United States that the above is true and

18  correct.  Executed on June 10, 2008, at San Francisco, California.

19

20

21    Jeffrey A. Needelman

22

23

24

25

26

27

28

**(CASE NO. 08-CV-0442-L-RBB)**