TIMOTHY P. BURKE, ESQ. (SBN 207084)
TIMOTHY P. BURKE & ASSOCIATES
A PROFESSIONAL CORPORATION
1136 Fremont Ave, Ste 108
South Pasadena, California  91030
Telephone:  (626) 799-8902
Facsimile:    (626) 799-8912

Attorneys for
EDUCATIONAL CREDIT MANAGEMENT CORPORATION

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY A. NEEDELMAN,<br><br>            Plaintiff,<br><br>     vs.<br><br>PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AUTHORITY dba AMERICAN EDUCATION SERVICES, KEY BANK N.A.; & EDUCATIONAL CREDIT MANAGEMENT CORPORATION<br><br>            Defendants. | Case No.: 08- CV 0442 L RBB<br><br>Honorable M. James Lorenz<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO EDUCATIONAL CREDIT MANAGEMENT CORPORATION'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**<br><br>**Hearing**<br>Date:    June 30, 2008<br>Time:   10:30 a.m.<br>Courtroom: "14" |

///

///

---

1

REPLY TO PLAINTIFF'S OPPOSITION TO EDUCATIONAL CREDIT MANAGEMENT CORPORATION'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)
CH 7 CASE NO. 08 CV 0442 L RBB

1905

TO THE HONORABLE M. JAMES LORENZ, UNITED STATES DISTRICT JUDGE, PLAINTIFF IN PRO SE, AND ALL PARTIES OF INTEREST:

Educational Credit Management Corporation ("ECMC") presents its Reply to Plaintiff Jeffrey A. Needelman's ("Plaintiff") Opposition to the Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).

This reply will be based upon the Notice of Motion, the Motion, this reply, the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, oral argument and such further and other evidence that may be presented at the time of hearing on this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**DESPITE PLAINTIFF'S ARGUMENT, CASE LAW CLEARLY PROVIDES THAT STUDENT LOAN DEBT CAN ONLY BE DISCHARGED BY FILING AND PROSECUTING AN ADVERSARY COMPLAINT**

Plaintiff dedicates a significant portion of his opposition attempting to convince the Court that his Chapter 13 Plan discharged his student loan debt. However, Plaintiff cannot dispute the overwhelming amount of case law contradicting his position.

Plaintiff fails to recognize that the United States Supreme Court stated in Tenn. Student Assistance Corp. v. Hood, that a debtor who seeks to discharge his student loans must prosecute an adversary proceeding against his student loan holder and prove that "excepting such debt from discharge…will impose an undue hardship on the debtor and the debtor's dependents." (*See*, Tenn. Student Assistance Corp. v. Hood, 124 S. Ct. 1905 at * 23 (2004); *See also*, 11 U.S.C. Section 523(a)(8)).

Further, 11 U.S.C. Section 523(a)(8) is self executing. (*See*, <u>Buford v. Higher Educ. Assistance Foundation,</u>85 B.R. 579 (D.Kan. 1988)). Federal Rules of Bankruptcy Procedure 4007 and 7001(6) also clearly states that the determination of the dischargeability of an otherwise nondischargeable debt is to be accomplished by the filing and prosecution of a complaint to determine dischargeability. *In re Webber*, 251 B.R. 554, 557-58 (Bankr. D. Ariz. 2000) (citations omitted); *In re Stevens*, 236 B.R. 350, 352 (Bankr. E.D. Va. 1999) (an adversary proceeding must be brought to obtain an undue hardship discharge); *In re Mammel*, 221 B.R. 238, 241 (Bankr. N.D. Iowa 1998) (Bankruptcy Rules 4007(c) and 7001(6) require the filing of an adversary complaint to obtain a hardship discharge).

There is no other means provided in statute or case law to discharge ones student loan debt. ECMC must reiterate that Plaintiff did not file an adversary proceeding to discharge his student loan debt. It is irrelevant whether Plaintiff provided notice of his plan to creditors or whether creditors failed to object or oppose his plan. Plaintiff's argument is clearly contrary to the case law in this area, as he must file an adversary complaint to discharge his student loans. As such, Plaintiff's Complaint should be dismissed.

## II.

## PLAINTIFF'S ARGUMENT THAT INTEREST SHOULD HAVE NOT HAVE ACCRUED OR SHOULD HAVE BEEN STAYED IS UNSUPPORTED BY THE CASE LAW

Plaintiff argues that the interest on his student loan debt should not have accrued or should have been stayed. The United States Fourth Circuit Court of Appeal in Kielisch v. Educational Credit Management Corporation (In Re: Kielisch), 258 F.3d 315, 321, stated that 11 U.S.C. Section 502 bars creditors from claiming unmatured postpetition interest when filing their proof of claim. The Court Kielisch court further stated that:

> "Section 502 does not "freeze" the debt of the student loan debtor; interest continues to accrue during the pendency of the bankruptcy proceeding and, . . ., the debtor remains personally liable for the full amount of the student loan debt."

Other courts have supported the Kielisch courts position, as well as finding that the interest is nondischargeable and could be personally collected from Plaintiff upon completion of the Chapter 13 Plan. (See, Bruning v. United States, 376 U.S. 358 (1964); Leeper v. Pennsylvania Higher Educ. Assistance Agency, 49 F.3d 98 (3d Cir. 1995);  As such, Plaintiff's argument is again unsupported by statute or case law, as such they complaint should be dismissed.

## III.

## **CONCLUSION**

For the reasons stated herein, ECMC again respectfully requests that the Complaint be dismissed with prejudice and that Plaintiff not be provided with leave to amend regarding the above-referenced causes of action.

                                        Respectfully submitted,

DATED: June  23, 2008          TIMOTHY P. BURKE & ASSOCIATES
                                        A PROFESSIONAL CORPORATION

                                   By:  /s/ TIMOTHY P. BURKE
                                          TIMOTHY P. BURKE
                                          Attorneys for EDUCATIONAL CREDIT
                                          MANAGEMENT CORPORATION

1  Educational Credit Management Corporation hereby files the following
2  certificate of service:

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 1136 Fremont Avenue, Suite 108, South Pasadena, California  91030, in said County and State.  On **June 23, 2008**, I served the following document(s):
**REPLY TO PLAINTIFF'S OPPOSITION TO EDUCATIONAL CREDIT MANAGEMENT CORPORATION'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

on each of the interested parties:    **SEE ATTACHED SERVICE LIST**

by the following means of service:

☒    **BY MAIL**: I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date.  I am familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  Under that practice it would be deposited with the U.S. Postal Service on that same date with postage thereon fully prepaid at South Pasadena, California in the ordinary course of business I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **BY PERSONAL SERVICE**: I provided a true copy of the above-listed document(s) to a messenger, employed by _____(**COURIER SERVICE NAME**)_____, along with an envelope(s) addressed to each person(s) named at the address(es) shown, and gave that document(s) to a messenger for personal delivery before 5:00 p.m. on the above-mentioned date.

☐    **BY FACSIMILE**: On October 17, 2006, from South Pasadena, California, I caused each such document to be transmitted by facsimile machine, to the parties and numbers on the attached Service List.  To the best of my knowledge, the transmission was reported as complete, and no error was reported by the facsimile machine.  A copy of the transmission record is maintained by our office.

☐    **BY FEDERAL EXPRESS OR UNITED STATES POSTAL EXPRESS MAIL:**  On the above-mentioned date, I placed a true copy of the above mentioned document(s), in a sealed envelope or package designated by either Federal Express or the United States Postal Service with delivery fees paid or provided for, addressed to the person(s) as indicated above and deposited same in a box or other facility regularly maintained by Federal Express or the United States Postal Service or delivered same to an authorized courier or driver authorized by Federal Express or the United States Postal Service to receive documents.

☒    I am employed with the law office of TIMOTHY P. BURKE & ASSOCIATES, A Professional Corporation, TIMOTHY P. BURKE is a member of the bar of this court.

☐    **(STATE)**        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒    **(FEDERAL)**    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on **June 23, 2008**.

                                                         /S/ TIMOTHY P. BURKE
                                                         TIMOTHY P. BURKE

**SERVICE LIST**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA**

**NEEDELMAN V. P.H.E.A.A., ET. AL.
CASE NO. 08-0442 L RBB**

PLAINTIFF PRO SE
Jeffrey A. Needelman, Esq.
P.O. Box 471146
San Francisco, CA 94147
(415) 441-4401

COUNEL FOR DEFENDANT P.H.E.A.A.
Michael Meeks, Esq.
Pepper Hamilton, LLP
4 Park Plaza, Suite 1200
Irvine, CA 92614
(949) 567-3500

COUNEL FOR DEFENDANT KEYBANK, N.A.
Rupert Hansen Esq.
Hansen Poulos, LLP
190 The Embarcadero
San Francisco, CA 94105
(949) 567-3500

7

REPLY TO PLAINTIFF'S OPPOSITION TO EDUCATIONAL CREDIT MANAGEMENT CORPORATION'S MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6)
CH 7 CASE NO. 08 CV 0442 L RBB
1905