Michael L. Meeks (State Bar No. 172000)
meeksm@pepperlaw.com
Carol A. Dwyer (State Bar No. 239769)
dwyerc@pepperlaw.com
**PEPPER HAMILTON LLP**
4 Park Plaza, Suite 1200
Irvine, California 92614
Telephone: 949.567.3500
Facsimile: 949.863.0150

Attorneys for Defendant Pennsylvania Higher Education Assistance Agency

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY A. NEEDELMAN,<br><br>Plaintiff,<br><br>vs.<br><br>PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AUTHORITY dba AMERICAN EDUCATION SERVICES, KEY BANK, N.A.; & EDUCATION CREDIT MANAGEMENT SERVICES,<br><br>Defendants. | Case No.  08 CV 0442 L RBB<br><br>Honorable Ruben B. Brooks<br><br>**DEFENDANT PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>[Matter Under Submission]<br><br>Date:  June 30, 2008<br>Time:  10:30 a.m.<br>Place:  Crtrm 14 |

Defendant Pennsylvania Higher Education Assistance Agency[1] ("PHEAA") Replies to Plaintiff Jeffrey Needleman's ("Plaintiff") Opposition to PHEAA's Motion to Dismiss as follows:

---

[1] Pennsylvania Higher Education Assistance Agency was erroneously sued as Pennsylvania Higher Education Assistance Authority.

TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................. 1

II. JUDICIAL DECISIONS PRESUMPTIVELY APPLY RETROACTIVELY .. 2

III. PLAINTIFF'S PLAN WAS NOT EFFECTIVE BECAUSE HE FAILED TO PROVIDE PHEAA WITH NOTICE IN COMPLIANCE WITH DUE PROCESS. 4

    A.   Due Process Requires an Adversarial Proceeding and Service of a Summons and Complaint Upon an Officer or Authorized Agent .......... 5

    B.   Plaintiff's "Notice" Flunked Due Process ................................................. 6

    C.   A Plan That Violates Due Process is Ineffective ...................................... 6

    D.   The Ninth Circuit Significantly Limited *Pardee* and Precluded Its Application to Cases Involving Lack of Due Process ........................... 7

IV. STUDENT LOAN CREDITORS ARE NOT REQUIRED TO RESPOND UNLESS THEY RECEIVE PROPER NOTICE ................................................. 9

V. INTEREST ACCRUED ON PLAINTIFF'S LOANS POST-PETITION ....... 10

VI. CONCLUSION ............................................................................................. 11

i

# TABLE OF AUTHORITIES

Page

**CASES**

*Accord Branch v. Unipac/Nebhalp (In re Branch),*
   175 B.R. 732 .................................................................................................. 10

*Andersen v. UNIPAC_NEBHELP,*
   179 F. 3d 1253 (10th Cir. 1999) ........................................................................ 8

*Banks v. Sallie Mae Servicing Corp.,*
   299 F. 3d 296 (4th Cir. 2002) ............................................................................ 9

*Chevron Oil Co. v. Huson,*
   404 U.S. 97 (1971) ............................................................................................ 3

*Ditto v. McCurdy,*
   510 F. 3d 1070 (9th Cir. 2007) .......................................................................... 3

*Educ. Credit Mgmt. Corp v. Repp,*
   307 B.R. 144 (9th Cir. 2003) ..................................................................... 2, 5, 8

*Educ. Credit Mgmt. Corp. v. Mersman,*
   505 F. 3d 1033 (10th Cir. 2007) ........................................................................ 4

*Enewally v. Was. Mut. Bank,*
   368 F. 3d 1165 (9th Cir. 2004), ................................................................. 2, 5, 6

*Great Lakes Higher Educ. Corp. v. Pardee,*
   193 F. 3d 1083 (9th Cir. 1999) .................................................................. 2, 7, 8

*Harper v. Va. Dep't of Taxation,*
   509 U.S. 86 (1993) ............................................................................................ 2

*Impulsora Del Territorio Sur. S.A. v. Cecchini,*
   780 F. 2d 1140 (9th Cir. 1986) .......................................................................... 3

*Kawaauhau v. Geiger,*
   523 U.S. 57 (1998) ............................................................................................ 3

*Richardson,*
   192 B.R. 224 (Bankr. S.D. Cal. 1996) .............................................................. 7

*Rivers v. Roadway Express,*
   511 U.S. 298 (1994) .......................................................................................... 2

*Robertson v. Isomedix, Inc. (In re International Nutronics),*
   28 F.3d 965 ........................................................................................................ 7

*Sallie Mae Serv. Corp. v. Ransom,*
   336 B.R. 790 (9th Cir. 2005) ............................................................................. 2

*Trulis v. Barton,*
   107 F. 3d 685 (9th Cir. 1995) ............................................................................ 7

*United States v. McKie,*
   73 F. 3d 1149 (D.C. Cir. 1996) ......................................................................... 2

*Wagner v. Ohio Student Loan Comm'n,*
   200 B.R. 160, 163 (Bankr. N.D. Ohio) ........................................................... 10

*Workinger v. John L. Jersey & Son, Inc.,*
   1999 U.S. App. LEXIS 19824, 2-3 (9th Cir. 1999) .......................................... 2

## OTHER AUTHORITIES

11 U.S.C. Section 523(a)(8) .................................................................................... 5, 8
Federal Rules Bankruptcy Procedure Rule 7001(6) ........................................................ 5
Federal Rules Bankruptcy Procedure Rule 7003 ............................................................ 5
Federal Rules Bankruptcy Procedure Rule 7004 ............................................................ 5
Federal Rules Bankruptcy Procedure Rule 7004(3) ........................................................ 5

## I. INTRODUCTION

Plaintiff's reason No. 4 in his statement of reasons in opposition, says it all -- Plaintiff wants the Court to ignore all of the case law that has developed since 2002 explaining and distinguishing . Plaintiff asserts that the subsequent Ninth Circuit case law that unambiguously eliminates his claims for relief, should not be applied retroactively. Simply put, the cases cited in the motion were actually applied retroactively and there is no basis for ignoring the long-standing principal that case law is applied retroactively.

Plaintiff obtained a Discharge of Debtor Order ("Discharge Order") in his prior Chapter 13 bankruptcy proceeding ("Bankruptcy Action"), in which the court expressly excluded student loans from discharge. Plaintiff does not (and cannot) dispute this fact.

Student loan creditors must receive notice of the attempted discharge as provided by Federal Rules of Bankruptcy Procedure, Rules 7001, 7003 and 7004. The debtor seeking discharge of student loans must file an adversary proceeding to determine whether the debt imposes an undue hardship on the debtor. Failure to comply with the Rules violates due process and operates to nullify any purported discharge of the debt. Plaintiff does not (and cannot) claim that he provided Defendant Pennsylvania Higher Education Assistance Agency ("PHEAA") with notice in compliance with Rules 7001, 7003 and 7004.

Plaintiff contends that the "confirmation and fulfillment" of his Chapter 13 Bankruptcy Plan ("Plan") discharged his student loan debt. As set forth in PHEAA's Motion to Dismiss, confirmation of a Chapter 13 plan has no preclusive effect on issues that must be raised through an adversary proceeding. Thus, the confirmation of Plaintiff's Plan has no preclusive effect on the issues in the instant matter.

Finally, Plaintiff's assertion that PHEAA is not entitled to collect interest accrued during the bankruptcy, is simply incorrect. As stated in PHEAA's motion, the court in *Ransom, infra*, specifically held that such interest along with post-bankruptcy interest is recoverable. The Court should dismiss the entire complaint as a matter of law, without leave to amend.

## II.   JUDICIAL DECISIONS PRESUMPTIVELY APPLY RETROACTIVELY

The crux of Plaintiff's argument in his opposition is that the law at the time he filed his Petition applies, rather than the current state of the law. *See* Opposition at pp. 11-16 (requesting application of *Great Lakes Higher Educ. Corp. v. Pardee*, 193 F. 3d 1083 (9th Cir. 1999), which has been subsequently clarified and limited by *Enewally v. Was. Mut. Bank*, 368 F. 3d 1165 (9th Cir. 2004), *Educ. Credit Mgmt. Corp v. Repp*, 307 B.R. 144 (9th Cir. 2003), and *Sallie Mae Serv. Corp. v. Ransom*, 336 B.R. 790 (9th Cir. 2005)).

"The principle that statutes operate only prospectively, while judicial decisions operate retrospectively, is familiar to every law student." *Rivers v. Roadway Express*, 511 U.S. 298, 311-312 (1994); *See also United States v. McKie*, 73 F. 3d 1149, 1152 (D.C. Cir. 1996) ("For near a thousand years, the fundamental rule ... that has governed judicial decisions, is that such decisions must ordinarily be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the court's] announcement of the rule"); *See also Workinger v. John L. Jersey & Son, Inc.*, 1999 U.S. App. LEXIS 19824, 2-3 (9th Cir. 1999) ("When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule") (quoting *Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993)).

1   Plaintiff argues, in vain, that the Court should not apply *Repp, Ransom*
2   *Enewally* do not apply to his case because they should be applied prospectively
3   only. *See* Opposition at pp. 19-21. Plaintiff requests that the Court use an equitable
4   balancing test set forth in *Chevron Oil Co. v. Huson,* 404 U.S. 97 (1971), to find an
5   exception to the well-settled rule of retroactivity. *See* Opposition at pp. 20 - 21.
6   Importantly, *Chevron Oil* and the balancing test set forth therein has been <u>expressly</u>
7   <u>overruled by the Ninth Circuit.</u> *See Ditto v. McCurdy,* 510 F. 3d 1070, 1077 (9th
8   Cir. 2007) (Rejecting the application of *Chevron Oil's* retroactivity test and holding
9   "[t]his circuit has recognized that the *Chevron Oil* equitable exception 'has been
10  discredited by the subsequent Supreme Court decisions…'")

11  In *Ditto*, a debtor filed for bankruptcy to discharge a medical malpractice
12  judgment against him and the creditor sought summary judgment in bankruptcy
13  court, arguing that the debt was non-dischargeable. *Ditto,* 510 F. 3d at 1074-75. At
14  the time of the creditor's motion for summary judgment in bankruptcy court, the
15  controlling Ninth Circuit case, *Impulsora Del Territorio Sur. S.A. v. Cecchini*, 780
16  F. 2d 1140 (9th Cir. 1986), provided that the debt was not dischargeable, and the
17  creditor's motion was granted. *Id.* at 1076. Then, the debtor then filed a 60(b)
18  motion. *Id.* Before the bankruptcy court heard the 60(b) motion, the U.S. Supreme
19  Court issued a decision, *Kawaauhau v. Geiger*, 523 U.S. 57 (1998), which changed
20  the law regarding the dischargeability of the particular debt. *Id.* The debtor then
21  filed a motion for summary judgment that the debt was dischargeable, which was
22  granted. *Id.* The creditor appealed to the Ninth Circuit requesting that the Court
23  find that *Geiger* not be retroactively applied to her case. *Id.* 1076.

24  The *Ditto* court applied *Geiger* rather than *Cecchini* to her case, reasoning
25  that there is no authority for an equitable exception to retroactivity. *Id.* at 1077.
26  The *Ditto* court held that *Chevron Oil* and similar cases were "effectively
27  overruled," and "discredited." *Id.* at 1077. Moreover, the Ninth Circuit in *Ditto*
28  held that the court "must apply the law as it stands, including any intervening

3

precedents." Here, *Repp, Enewally* and *Ransom* are not even "intervening" precedents – they are standing precedents in place at the time Plaintiff filed this action. Thus, the Court here must "apply the law as it stands," which requires the application of rules set forth in *Repp, Enewally* and *Ransom* as set forth in the Motion to Dismiss.

Plaintiff argues that *Repp, Enewally* and *Ransom* should only apply prospectively merely because the decision in *Educ. Credit Mgmt. Corp. v. Mersman*, 505 F. 3d 1033 (10th Cir. 2007) applies prospective only. *See* Opposition at pp. 19-20. The *Mersman* court specifically stated that its decision was prospective only, whereas the courts in *Repp, Enewally* and *Ransom* made no such statement. *Id.* at 1051-52. Moreover, the Tenth Circuit in *Mersman* relied upon *Chevron Oil* in determining that its decision is prospective only. *Id.* at 1051-52. As discussed above, *Chevron Oil* has been **overruled**. *See Ditto*, 510 F. 3d at 1077.

Plaintiff provides no grounds or authority to preclude retroactive application of *Repp, Enewally* and *Ransom*. *See Rivers*, 511 U.S. at 312 (The United States Supreme Court held that "[e]ven though applicable..precedents were otherwise when this dispute arose, the District Court properly applied [a subsequent ruling] to this case"); *See McKie*, 73 F. 3d at 1152 ("Litigants, either civil or criminal, may thus take advantage of judicial modifications in the law that are announced before they have exhausted their direct appeals.) Accordingly, *Repp, Enewally* and *Repp* apply to the Motion to Dismiss and Plaintiff's Complaint.

### III. PLAINTIFF'S PLAN WAS NOT EFFECTIVE BECAUSE HE FAILED TO PROVIDE PHEAA WITH NOTICE IN COMPLIANCE WITH DUE PROCESS

Plaintiff does not dispute that the Discharge Order expressly exempted his student loans from discharge. *See* Opposition at p. 9, Part IV. Rather, Plaintiff argues that the Plan and Confirmation Order trump the Discharge Order. *See Id.* However, a Chapter 13 plan is not effective and does not discharge student loans

4

where notice to the creditor failed to comply with due process. Enewally v. Was. Mut. Bank, 368 F. 3d 1165, 1173 (9th Cir. 2004) ("A confirmed plan has no preclusive effect on issues that must be brought by adversary proceeding, or were not sufficiently evidenced in a plan to provide adequate notice to the creditor.") As set forth in the Motion to Dismiss, Plaintiff's purported "notice" was fatally inadequate and violated due process.

**A. Due Process Requires an Adversarial Proceeding and Service of a Summons and Complaint Upon an Officer or Authorized Agent**

As set forth above, the Court must apply the law as it presently stands. It is well-settled in the Ninth Circuit that to effectively discharge a student loan, the debtor must: (1) file an adversarial proceeding to determine whether the debt imposes an undue hardship on the debtor and (2) serve a summons and complaint on the creditor to the attention of an officer or agent authorized to accept service. *See Ransom,* 336 B.R. at 791 ("[A]ny discharge of student loans through a Chapter 13 plan requires notice of the quality expected of the adversary proceeding that Federal Rule of Bankruptcy Procedure 7001 prescribes for making 'undue hardship' dischargeability determinations under 11 U.S.C. §523(a)(8)") (citing *Educ. Credit Mgmt. Corp. v. Repp,* 307 B.R. 144 (9th Cir. 2003); *See* Fed. Rules Bkrtcy. Proc. Rule 7001(6)(requires an adversary proceeding to discharge debt); *See* Fed. Rules Bkrtcy. Proc. Rule 7003 (provides method of commencing adversary proceeding); *See* Fed. Rules Bkrtcy. Proc. Rule 7004(3) (provides procedure for serving summons and complaint upon a corporation); *Repp*, 307 B.R. at 153 (attempted discharge of a student loan in a Chapter 13 plan is procedurally deficient and not binding on a creditor unless the creditor had proper notice under Fed. Rules Bkrptcy. Proc. Rule 7004); *See also In re Mersman*, 505 F. 3d at 1049 ([A] bankruptcy court **lacks authority to confirm a plan** provision that seeks to discharge a student loan debt without an adversary proceeding proving 'undue hardship.'" (emphasis added.))

### B. Plaintiff's "Notice" Flunked Due Process

Plaintiff erroneously contends that his notice was adequate and further applies the wrong Federal Rule of Bankruptcy Procedure. *See* Opposition at p. 18 (arguing that his "notice" complied with FRBP Rules 2002 and 3015(d)). The court in *Repp* expressly stated that notice under Rules 2002(b) and 3015(d) is **inadequate** and held that notice must be made under Rules 7001 and 7004. *Repp*, 307 B.R. at 152.

The type of "notice" that Plaintiff provided PHEAA flunked due process. He never filed an adversary proceeding. He never served PHEAA with a summons and complaint. He never served an officer, director or agent of PHEAA. The contents of the paperwork that Plaintiff mailed to PHEAA's lockbox, addressed to no-one in particular, does not satisfy due process. *Repp;* 307 B.R. at 154 ("Although stealth may achieve surprise at the tactical level, the strategic problem is that 'below the radar' is also fatally below the due process standard"); *See also Ransom*, 336 B.R. at 795-96 ("[I]f chapter 13 plan provisions regarding matters that require an adversary proceeding do not "adequately identify" the modification of a creditor's claim, then there would be an "ambush" that would raise due process concerns.") (quoting *Enewally v. Washington Mutual Bank*, 368 F. 3d 1165, 1173 (9th Cir. 2004); *accord In re Hansom*, 397 F. 3d 482, 484 (7th Cir. 2005).

### C. A Plan That Violates Due Process is Ineffective

A Chapter 13 plan is not effective and does not discharge student loans where there has been a violation of due process. "A confirmed plan has no preclusive effect on issues that must be brought by adversary proceeding, or were not sufficiently evidenced in a plan to provide adequate notice to the creditor." *Enewally v. Was. Mut. Bank*, 368 F. 3d 1165, 1173 (9th Cir. 2004).

Plaintiff was required to comply with *Repp, Enewally* and *Ransom*. He did not do so. Accordingly, his Plan was not effective and did not discharge his student loans.

Plaintiff erroneously relies upon *Trulis v. Barton*, 107 F. 3d 685 (9th Cir. 1995), *In re Richardson*, 192 B.R. 224 (Bankr. S.D. Cal. 1996) and *Robertson v. Isomedix, Inc.* (*In re International Nutronics*), 28 F.3d 965 in arguing that his Plan has a preclusive effect. *See* Opposition at p. 10. *Trulis* and *Robertson* are inapposite in that they did not involve discharge of student loans or due process issues. The reason why Plaintiff's Plan is not effective is because it involves the discharge of student loans, which require heightened notice. Thus, *Trulis* provides no guidance in the instant case. Similarly, there is no plausible application of *Richardson* to the instant case. *In re Richardson* only involved the question of whether the debtor could modify her Chapter 13 plan based on her inability to perform within the prescribed time frame.

### D. The Ninth Circuit Significantly Limited *Pardee* and Precluded Its Application to Cases Involving Lack of Due Process

Plaintiff does not dispute that he failed to comply with the requirements of *Repp, Enewally* and *Ransom*. Plaintiff argues that *Great Lakes Higher Educ. Corp. v. Pardee*, 193 F. 3d 1083 (9th Cir. 1999), allows him to discharge his student loan debt without conforming with due process. *See* Opposition at p. 12-13. However, there is no discussion of due process in *Pardee*. The *Repp, Ransom* and *Enewally* decisions **expressly limit** the application of *Pardee* to circumstances where due process is not at issue.

*Repp* was a case of first impression in the Ninth Circuit and no prior case, including *Pardee*, touched on the issue of what notice is required for a Chapter 13 plan, which includes student loans, to be effective. *Repp*, 307 B.R. at 149 ("The due process question that remains open in the Ninth Circuit after *Pardee* is what notice is required to be given to the student loan creditor before a chapter 13 plan provision can be effective, in the face of a due process challenge, to discharge a student loan debt.")

7

1  The Court in *Ransom*, outlined the state of the law in the Ninth Circuit on the issue of what notice and due process is required for an effective Chapter 13 plan that includes student loans:

> This is another attempt to use a chapter 13 plan to effect a "discharge-by-declaration" of student loan debt by ambush. In <u>Great Lakes Higher Educ. Corp. v. Pardee (In re Pardee)</u>, 193 F. 3d 1083 (9th Cir. 1999), the Ninth Circuit, leaving open a due process question...
>
> Later, the Ninth Circuit resolved the open due process issue, ruling that "a confirmed plan has no preclusive effect on issues that must be brought by an adversary proceeding, or were not sufficiently evidenced in a plan to provide adequate notice to the creditor." <u>Enewally v. Wash. Mut. Bank (In re Enewally)</u>, 368 F. 3d 1165, 1173 (9th Cir. 2004).
>
> We accurately anticipated Enewally when we held that any discharge of student loans through a chapter 13 plan requires notice of the quality expected of the adversary proceeding that Federal Rule of Bankruptcy Procedure 7001 prescribes for making "undue hardship" dischargeablity determinations under 11 U.S.C. § 523(a)(8). <u>Educ. Credit Mgmt. Corp. v. Repp (In re Repp)</u>, 307 B.R. 144 (9th Cir. BAP 2003).

The applicability of *Pardee* has been significantly limited to the narrow situation where due process is not at issue. *See Id.* *Pardee* cannot be applied in the instant case because PHEAA raised the due process objection in its responsive pleading – its Motion to Dismiss.[2]

---

[2] Plaintiff also cites to *Andersen v. UNIPAC_NEBHELP*, 179 F. 3d 1253, 1259 (10th Cir. 1999) in arguing that his Plan is res judicata and that his debt was discharged. *See* Opposition at p. 13. **Importantly,** ***Andersen*** **was expressly <u>overruled</u> by the Tenth Circuit and is no longer good law.** *See In re Mersmann*, 505 F. 3d 1033, 1038 (10th Cir. 2007) ("Because we find that the discharge of student loans without an adversary proceeding violates the Bankruptcy Code and Rules and is not entitled to res judicata effect, we overrule Andersen.") As set forth in section II, the Court must apply the law as it presently stands, not the law of 1999 in *Andersen*.

8

### IV. STUDENT LOAN CREDITORS ARE NOT REQUIRED TO RESPOND UNLESS THEY RECEIVE PROPER NOTICE

Plaintiff contends that PHEAA "waived" its right to object to the Plan because it did not respond to his "notice" of the Plan. *See* Opposition at p. 11-16. A student loan creditor is not expected to respond to a defective notice that has not been duly served. *Repp*, 307 B.R. at 153-154. In *Repp*, the Court held that the confirmed plan had no preclusive effect and there was no adverse effect on the creditor who did not object. The court held:

> Rule 7001(6)'s requirement of an adversary proceeding creates the reasonable expectation that a §523(a)(8) dischargeability issue need not be responded to, and will not be addressed by the court, until there has been proper service of a summons and complaint pursuant to Rule 7004.

*Repp*, 307 B.R. at 153. The *Repp* court further acknowledged that a bankruptcy court might nonetheless approve, rather than properly reject, an "illegal" plan with defective notice. *Id.* The court held that in such an instance, the plan has no preclusive effect, and the creditor is not bound by the bankruptcy court's error. *Id.* The court held "where the Bankruptcy Code and Rules require a heightened degree of notice, due process entitles a party to receive such notice before an order binding the party will be afforded preclusive effect." *Id.* (quoting *Banks v. Sallie Mae Servicing Corp.*, 299 F. 3d 296 (4th Cir. 2002)). PHEAA was not required to respond to Plaintiff's Plan and there is no waiver of its objections thereto because it did not receive adequate notice. Plaintiff failed to comply with due process and therefore, the Plan has no preclusive effect.

Plaintiff further contends PHEAA should have objected to the Notices of Transfer and Pending Subrogation of Claim and Order Substituting Transferee as Payee on Claim ("Subrogation Notices"). *See* Opposition at p. 17. Plaintiff disingenuously argues that there was a "voluntarily subrogate[ion] to the proofs of claim" because there was no objection. *See* Opposition at pp. 6, 17. However, the

9

plain face of the Subrogation Notices show that they were sent to no-one in particular and clearly do not constitute a summons and complaint, thereby failing to comport with due process requirements. Plaintiff's argument that PHEAA was required to respond to the Subrogation Notices is similarly without merit.

## V.   INTEREST ACCRUED ON PLAINTIFF'S LOANS POST-PETITION

As discussed in the Motion to Dismiss, Plaintiff is not entitled to a declaration that post-petition interest was discharged.[3] *See* Motion to Dismiss at pp. 1, 4-6. In addition, Plaintiff is not entitled to reimbursement of post-petition interest payments. *See* Motion to Dismiss at pp. 9-10.

"Post-petition interest on nondischargeable student loans is also nondischargeable." *Ransom,* 336 B.R. at 794; *See Wagner v. Ohio Student Loan Comm'n,* 200 B.R. 160, 163 (Bankr. N.D. Ohio) (holding that post-petition interest on student loans are non-dischargeable); *Accord Branch v. Unipac/Nebhalp (In re Branch),* 175 B.R. 732, 734 (Holding that interest on non-dischargeable students loans are also non-dischargeable because "[a]ny other result would create a windfall for a Chapter 13 debtor to the detriment of a creditor who holds a nondischargeable debt"); *See In re Sullivan,* 195 B.R. 649, 652 (Bankr. W.D. Tex. 1996) (holding that post-petition interest on non-dischargeable debt, such as student loans, accrues and is collectible); *See Ridder v. Great Lakes Higher Educ. Corp. (In re Ridder),* 171 B.R. 345, 346 (Bankr. W.D. Wis. 1994) ("Although claims for postpetition interest are disallowed during bankruptcy, after bankruptcy the holder of a nondischargeable [student loan] debt may collect from the debtor personally.")

Plaintiff cannot distinguish *Ransom.* There, the court held that post-petition interest accrued on the non-dischargeable student loan and the creditor was entitled

---

[3] Plaintiff frames the issue as requesting a declaration that post-petition interest did not accrue. Opposition at p. 21. Plaintiff claims that PHEAA did not address this issue in its Motion to Dismiss, however, PHEAA expressly requested that the Court find that post-petition interest was not discharged. See Motion to Dismiss at pp. 1, 4-6. "If the no-accrual-of-interest provision is forever enforceable, then it operates to discharge the student loan debt." *Ransom,* 336 B.R. at 795.

10

to collect said interest after discharge, following completion of the plan. *Ransom*, 336 B.R. at 799. **The court further provided that although the interest could not be collected during the "life" of the chapter 13 proceeding, the accrued interest was later collectible.** *Id.* at 796.

Plaintiff has not presented any authority permitting discharge (or barring accrual of) post-petition interest. Plaintiff is not entitled to a declaration that the interest on his student loans were discharged, as it would be contrary to the foregoing authorities.

## VI. CONCLUSION

Based on the foregoing, PHEAA respectfully requests that Plaintiff's complaint and each cause of action therein be dismissed in its entirety.

DATED: June 23, 2008                PEPPER HAMILTON LLP

                                    By:_____/s/ Michael L. Meeks_____
                                        Michael L. Meeks
                                        Carol A. Dwyer
                                        Attorneys for Defendant Philadelphia
                                        Higher Education Assistance Agency

11

## PROOF OF SERVICE

I am employed in the County of Orange, State of California, am over the age of 18 and not a party to the within action. My business address is Pepper Hamilton LLP, 4 Park Plaza, Suite 1200, Irvine, California 92614. I am over the age of 18 and not a party to the action. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.

On the date set forth below, I served the foregoing documents described **Defendant Pennsylvania Higher Education Assistance Agency's Reply in Support of Motion to Dismiss,** on all interested parties in this action by placing [ ] the original [ x ] a true copy thereof in a sealed envelope addressed as follows:

| | |
|---|---|
| Timothy P. Burke, Esq.<br>Timothy P. Burke & Associates<br>A Professional Corporation<br>1136 Fremont Avenue, Suite 108<br>South Pasadena, CA 91030<br>Tburke@tpblaw.com | Rupert P. Hansen<br>Courtney M Crawford<br>Cox, Wootton, Griffin, Hansen & Poulos 190<br>The Embarcadero<br>San Francisco, CA 94105<br>rhansen@cwghp.com<br>ccrawford@cwghp.com |
| Jeffrey A. Needelman<br>P.O. Box 471146<br>San Francisco, CA 94147<br>Jneedelmanesq@sbcglobal.net | |

[ ] **BY MAIL**: I am "readily familiar" with Pepper Hamilton's practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereof fully prepaid at Irvine, California, on that same day following ordinary business practices.

[ ] **BY PERSONAL SERVICE**: I caused to be personally delivered such envelope(s) directly to the person(s) being served.

[ x ] **BY E-MAIL OR CM/EFC ELECTRONIC TRANSMISSION** – Based on a court order or Case Management/Electronic Case Filing System, the parties agree to accept service by e-mail or electronic transmission. I caused the documents to be sent to the e-mail address of the addressee(s) via CM/ECF court system.

[ x ] (*State*) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ] (*Federal*) I declare under penalty of perjury under the laws of United States of America that the above is true and correct.

I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made. Executed on June 23, 2008, at Irvine, California.

_____
RAQUEL MORENO

#9553835 v1

PROOF OF SERVICE