COX, WOOTTON, GRIFFIN,
HANSEN & POULOS LLP
Rupert P. Hansen (SBN 082302)
rhansen@cwghp.com
Courtney M. Crawford (SBN 242567)
ccrawford@cwghp.com
190 The Embarcadero
San Francisco, CA 94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

Attorneys for Defendant
KEYBANK, N.A.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY A. NEEDELMAN,<br><br>Plaintiff,<br><br>vs.<br><br>PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AUTHORITY dba AMERICAN EDUCATION SERVICES, KEYBANK, N.A.; AND EDUCATION CREDIT MANAGEMENT SERVICES,<br><br>Defendants. | Case No.: 08 CV 0442 L RBB<br><br>Hon. M. James Lorenz<br><br>**POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF NEEDELMAN'S OPPOSITION TO DEFENDANT KEYBANK, N.A.'S MOTION TO DISMISS**<br><br>[FRCP RULE 12(b)(6)]<br><br>[Under Submission]<br><br>Noticed Hearing Date: June 30, 2008<br>Dept: 14<br>Judge: Hon. M. James Lorenz |

-1-                                  Case No.: 08CV0442L RBB
POINTS AND AUTHORITIES OF DEFENDANT KEYBANK, N.A., IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT KEYBANK'S MOTION TO DISMISS

**COMES NOW** Defendant KEYBANK, N.A. ("KEYBANK") and hereby respectfully submits the following Memorandum of Points and Authorities in Reply to Plaintiff Needelman's Opposition to Defendant KeyBank's Motion to Dismiss the Complaint of Plaintiff JEFFERY A. NEEDELMAN ("Plaintiff").

## I. INTRODUCTION

Plaintiff Needelman has raised three principal grounds in his opposition to Defendant KeyBank's Motion to Dismiss. He contends:

First, that Defendant KeyBank received adequate due process notice that his Chapter 13 Plan ("Plan") was seeking to discharge non-dischargeable federal student loans, and that Defendant KeyBank had a meaningful opportunity to object to the confirmation of that Plan but did not do so.

Second, that Ninth Circuit precedent (which unambiguously *prohibits* the discharge of federal student loans *without an adversary hearing*) should not be applied "retroactively" to his bankruptcy proceeding.

Third, that Plaintiff's payment of interest during his bankruptcy proceeding should be refunded or converted to a reduction of principal on his student loans.

If all else fails, Plaintiff seeks leave to amend. However, based on the Complaints allegations coupled with the collective matters that the parties have put before the Court by way of judicial notice, no amount of amending or massaging the "facts" or "legal conclusions" of Plaintiff's Complaint will cure its implausible and fatally flawed legal premises. *See Advanced Cardiovascular Sys., Inc. v. Scimend Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993); *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955, 1965 (2007). Since Plaintiff's Opposition is without merit, his stealth efforts to be relieved of his federal student loans should not be countenanced by this Court. Defendant's Motion to Dismiss should be granted.

////

## II. LEGAL ARGUMENT

### A. JOINDER IN ARGUMENTS OF DEFENDANTS

Defendant KeyBank adopts, incorporates and joins in the legal arguments advanced by its co-defendants in their Reply papers associated with their respective Motions to Dismiss Plaintiff Needelman's Complaint. In addition thereto, Defendant KeyBank offers the following points and authorities in Reply to Plaintiff Needelman's Opposition to this Motion.

### B. PLAINTIFF'S ATTEMPT TO DISCHARGE HIS FEDERAL STUDENT LOANS FAILS DUE PROCESS

Plaintiff requests that this Court give him a passing grade in due process so he can have this Court declare that his Bankruptcy Proceeding discharged his federal student loans, nothwithstanding Plaintiff's complete disregard (or his intentional avoidance) of the due process requirements of Bankruptcy Code 11 U.S.C. § 523(a)(8).

Plaintiff contends that he is not bound by the due process requirements of 11 U.S.C. § 523(a)(8), and that he properly discharged his student loans merely by listing them in his Petition, and then merely filling in "28%" in the blank at paragraph 10 of the Chapter 13 Plan form:

> "Unsecured Claims. After dividends to all other creditors pursuant to this Plan, Trustee shall pay dividends pro rata on claims allowed unsecured herein to 28% of the amount allowed in full satsifaction thereto."

Even if Plaintiff could in this manner avoid the due process requirements of Section 523(a)(8) (which is denied), Plaintiff has not even facially come close to complying with the abberant (and overruled) legal authority he would like this Court to apply here. Unlike the legal precedent Plaintiff seeks to rely on to support his arguments against this Motion, Plaintiff's December 11, 2001 Bankruptcy Petition avoids identifying any student loans as *federal student loans*. See Defendant KeyBank's Request for Judicial Notice ("Def. KeyBank RJN"), Exhibit 1, at p. 16. Likewise, Plaintiff's Chapter 13 Plan does not mention or anywhere state or "declare" that he is suffering from *any hardship*, let alone *undue*

-3-    Case No.: 08CV0442L RBB
POINTS AND AUTHORITIES OF DEFENDANT KEYBANK, N.A., IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT KEYBANK'S MOTION TO DISMISS

*hardship* such that he seeks to have the debt and obligation of his federal student loans discharged. *See* Def. KeyBank RJN, Exhibit 2. Similarly, the December 11, 2001 Order and Notice for Meeting of Creditors setting a meeting on January 17, 2008 (just 37 days after the Plan was filed), fails to state or "declare" that Plaintiff Needelman was claiming *any hardship*, let alone *undue hardship* to attempt to seek to have the debt and obligation of his federal student loans discharged. *See* Def. KeyBank RJN, Exhibit 3. Moreover, the Order of Discharge entered in Plainiff's Bankruptcy Proceeding did nothing to put any defendant in this action on notice that their right to enforce *federal student loans* was potentially, or in any way, impaired or required any appeal or other action. In this regard the Discharge Order Plaintiff obtained in his Bankruptcy Proceeding on May 29, 2007, stated in pertinent part:

> IT IS ORDERED THAT:
>
> 1. The Debtor is hereby discharged of all debts provided for by the Plan or disallowed under 11 U.S.C. §502, **except any debt**
>
>    a. Provided for under 11 U.S.C. §1322(b)(5);
>
>    **b. of the kind specified under 11 U.S.C.§523(a)(5)(8), or (9);**

(Emphasis added.) See RJN at ¶5 and., at Exhibit "5."

While it is true that the Tenth Circuit has *in the past* upheld a "discharge-by-declaration" of federal student loans, without the adversary proceeding required by 11 U.S.C. § 523(a)(8), that case involved **express** language in the Chapter 13 Plan which purported to establish undue hardship. *See, Anderson v. UNIPAC-NEBHELP (In re Anderson)*, 179 F.3d 1253 (10th Cir. 1999).[1]

While creditors ordinarily are not entitled to personal service before a bankruptcy court may discharge a debt, the Supreme Court has held that the Federal Rules of Bankruptcy Procedure provide federal student loan creditors "greater procedural protection" because such

---

[1] *Anderson* was subsequently limited by the Tenth Circuit in *Poland v. Educ. Credit Mgmt. Corp. (In re Poland)*, 382 F.3d 1185 (10th Cir. 2004) to cases involving explicit hardship language in the confirmation plan, and that Panel went so far as to say *Anderson* was wrongly decided. *Id.* at 1189, fn 2. Following that, *Anderson* was overruled by the Tenth Circuit *In re Mersmann*, 505 F3d 1033, 1038 (10th Cir. 2007).

-4-                                              Case No.: 08CV0442L RBB
POINTS AND AUTHORITIES OF DEFENDANT KEYBANK, N.A., IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT KEYBANK'S MOTION TO DISMISS

loans are not automatically dischargable. *See Tenn. Student Assist. Corp. v. Hood*, 541 U.S. 440, 451 (2004). In *Tennessee Student Assistance,* the Supreme Court held that the statutory presumption against the discharge of student loans under Title 11 U.S.C. § 523(a)(8) is self-executing and that "unless the debtor affirmatively secures a hardship determination, the discharge order will not include the student loan debt. 541 U.S. at 450. The Court further ruled that "[b]ecause student loan debts are not automatically dischargeable...[t]he current Bankruptcy Rules *require* the debtor to file an "adversary proceeding'... to discharge his student loan debt." *Id.* at 451. As prescribed by the Rules, an 'adversary proceeding' requires the service of a summons and complaint. *Id.* at 452 (citing Fed. R. Bankr. P. 7001(6), 7003, and 7004). Plaintiff Needelman's claims of *res judicata* of his Plan are meaningless in the absence of according such due process to his federal student loan creditors.

Plaintiff Needelman places his reliance on *Great Lakes Higher Educ. Corp. v. Pardee (In re Pardee)*, 193 F.3d 1083 (9th Cir. 1999) to support his contention that (at the time his Plan was confirmed), the law in the Ninth Circuit was that when a Chapter 13 Plan simply states it discharges "student loans" the discharge of those loans is *res judicata* upon the confirmation of the Plan. However, *Pardee* did not decide the issue of the discharge of non-dischargable student loans. The facts of *Pardee* involved **only the discharge of "post-petition interest"** on non-dischargable student loans. To attempt to extend the *Pardee* Court's citation of *Anderson* beyond the factual scope of *Pardee* is to rely on mere *dicta*, particularly where the Bankruptcy Code's due process protections for student loan creditors is self-executing." See, *Tenn. Student Assist. Corp.*, 541 U.S at 450.

*In re Ransom*, 336 B.R. 790, 791 (9th Cir. 2005) the Ninth Circuit *expressly* ruled that "[a]ny discharge of student loans through a Chapter 13 plan requires notice of the quality expected of the adversary proceeding that Federal Rule of Bankruptcy Procedure 7001 prescribes for making 'undue hardship' dischargeability determinations under 11 U.S.C. §523(a)(8)") (citing Educ. Credit Mgmt. Corp. v. Repp, 307 B.R. 144 (9th Cit 2003)); See,

-5-    Case No.: 08CV0442L RBB
POINTS AND AUTHORITIES OF DEFENDANT KEYBANK, N.A., IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT KEYBANK'S MOTION TO DISMISS

Fed. Rules Bkrtcy. Proc. Rule 7001 (6)(requires an adversary proceeding to discharge debt); See, Fed. Rules Bkrtcy. Proc. Rule 7003 (provides method of commencing adversary proceeding); See, Fed. Rules Bkrtcy. Proc. Rule 7004(3) (provides procedure for serving summons and complaint upon a corporation); See, 307 B.R. at 153 (attempted discharge of a student loan in a Chapter 13 plan is procedurally deficient and not binding on a creditor unless the creditor had proper notice under Fed. Rules Bkrptcy. Proc. Rule 7004).

Similarly the Fourth, Sixth, and Seventh Circuits have ruled that a discharge by declaration provision is unenforceable as against a student loan creditor. *See Ruehle v. Educ. Credit Mgmt. Corp. (In re Ruehle)*, 412 F.3d 679 (6th Cir. 2005); *In re Hanson*, 397 F.3d 482 (7th Cir. 2005); *Banks v. 13 Sallie Mae Serv. Corp. (In re Banks)*, 299 F.3d 296 (4th Cir. 2002). As the Seventh Circuit recognized in *In re Hanson*, a debtor inserts conclusory "undue hardship findings" into a discharge by declaration provision in the "hope . . . that an unsuspecting bankruptcy court will confirm the plan and that the [student loan] lender will not recognize the discharge by declaration ploy in time to object to confirmation or to file an appeal." 397 F.3d at 484-85. A discharge obtained in this manner, *i.e.*, "without filing an adversary proceeding to establish undue hardship," is plainly "contrary to the express language of the Bankruptcy Code and Rules." *Id.* at 485.

The fundamental absence of due process here is even more plain where Plaintiff Needelman has not even bothered with (or calculatingly dispensed with) *any* language in his Petition or Plan which could even arguably be equated to put any of the Defendants on notice that Plaintiff was attempting a "discharge by declaration." This Court should not permit such a denial of due process to be unjustly rewarded.

C.  *IN RE REPP, IN RE ENEWALLY* AND *IN RE RANSOM* APPLY TO PLAINTIFF'S BANKRUPTCY PROCEEDING

Plaintiff contends that *In re Ransom*, 336 B.R. 790 (9th Cir. 2005), *Educ. Credit Mgmt. Corp. v. Repp*, 307 B.R. 144 (9th Cir 2003), and *Enwally v. Wash. Mut. Bank*, 368 F.3d 1165 (9th Cir. 2004) should not be applied by this Court retroactively. In this regard,

-6-   Case No.: 08CV0442L RBB
POINTS AND AUTHORITIES OF DEFENDANT KEYBANK, N.A., IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT KEYBANK'S MOTION TO DISMISS

Plaintiff relies on *In re Mersmann*, 505 F3d 1033 (10th Cir. 2007) which applies the retroactivity test of *Chevron Oil Co. v. Huson*, 404 U.S. 97 (1971).

First, as noted above, unlike *Anderson* which was direct precedent in the Tenth Circuit that a debtor could do a student loan "discharge-by-declaration" through a confirmed Plan notwithstanding 11 U.S.C. §523(a)(8) – *Pardee* never expressly reached that issue. *Pardee* only needed to address the discharge of "post-petition interest" on student loans, which does not factually implicate the "self-executing" discharge prohibition of 11 U.S.C. §523(a)(8).

Moreover, Plaintiff contends that under the third test of *Chevron* (concerning whether the retroactive application of the "new rule" could produce substantial inequitable results) "the equities *disfavor disturbing the finality of Plaintiff's plan*, confirmed in 2002." Plaintiff's Opposition ("Opp." at 20:14-16.). However, this third part of the *Chevron* test was significantly weakened by the 1993 decision *Harper v. Va. Dep't of Taxation*, 509 U.S. 86. In *Harper* the court states that, in both civil and criminal cases, it is impermissible for:

> the substantive law [to] shift and spring' according to 'the particular equities of [individual's] claims' of actual reliance on an old rule and of harm from a retroactive application of the new rule.

Thus, Plaintiff Needleman may not avoid the well-decided decisional precedent of *In Re Repp, In Re Enewally* and *In Re Ransom*. Each or these cases were decided during the pendency of Plaintiff Needelman's bankruptcy proceeding. Moreover, the Supreme Court's decision in *Tennessee Student Assistance* holding that the statutory presumption against the discharge of student loans under Title 11 U.S.C. § 523(a)(8) is self-executing, and requires the debtor to file an adversary proceeding to discharge student loans – *was decided in 2004 while Plaintiff Needelman's bankruptcy proceeding was still pending. Id.,* 541 U.S. at 450-451. Consistent with the Ninth Circuit precedent directly on point, and with the Supreme Court's decision in *Tennessee Student Assistance*, Plaintiff Needleman's Discharge Order did not discharge his non-dischargable student loans.

////

-7-   Case No.: 08CV0442L RBB
POINTS AND AUTHORITIES OF DEFENDANT KEYBANK, N.A., IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT KEYBANK'S MOTION TO DISMISS

## VI. CONCLUSION

Defendant KEYBANK respectfully requests that Plaintiff's complaint and each cause of action therein be dismissed in its entirety, with prejudice.

Dated: June 23, 2008

COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Attorneys for Defendant
KEYBANK, N.A.

By: ___s/Rupert P. Hansen___
　　　Rupert P. Hansen

**CERTIFICATE OF SERVICE**

Case:     *Jeffrey A. Needelman v. Pennsylvania Higher Education, et al.*

Case No.: U.S. District Court, Southern District Case No.: 08 CV 00442 L RBB

I am employed in the City and County of San Francisco by the law firm of COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP, 190 The Embarcadero, San Francisco, California 94105. I am over the age of 18 years and not a party to the within action.

On June 23, 2008, I served the attached document(s):
- **POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF NEEDELMAN'S OPPOSITION TO DEFENDANT KEYBANK, N.A.'S MOTION TO DISMISS**

on the parties, through their attorneys of record, by placing copies thereof in sealed envelopes (except facsimile transmission(s)), addressed as shown below, for service as designated below:

(A)  By First Class Mail: I caused each such envelope, with first-class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. mail in San Francisco, California, for collection and mailing to the addressee on the date indicated.

(B)  By Personal Service: I caused each such envelope to be personally delivered to the addressee(s) by a member of the staff of this law firm on the date indicated.

(C)  By Messenger Service: I caused each such envelope to be delivered to a courier employed by FIRST LEGAL SUPPORT SERVICES or by WORLDWIDE ATTORNEY SERVICES, with both of whom we have a direct billing account, who personally delivered each such envelope to the addressee(s) on the date indicated.

(D)  By Federal Express:  I caused each such envelope to be delivered to Federal Express Corporation at San Francisco, California, with whom we have a direct billing account, to be delivered to the addressee(s) on the next business day. I deposited each such envelope/package at the Rincon Center, Steuart Street location of Federal Express Corporation.

(E)  By Facsimile: I caused such document to be served via facsimile electronic equipment transmission (fax) on the party(ies) in this action by transmitting a true copy to the following fax numbers:

| SERVICE | ADDRESSEE | PARTY REPRESENTED |
|---------|-----------|-------------------|
| A | Jeffrey A. Needelman, Esq.<br>P.O. Box 471146<br>San Francisco, CA 94147<br>(415) 441-4401 | Plaintiff Pro Se |
| A | Michael L Meeks<br>Pepper Hamilton LLP<br>4 Park Plaza<br>Suite 1200<br>Irvine, CA 92614<br>(949)567-3509<br>Fax: (866)777-8799<br>Email: meeksm@pepperlaw.com | Defendant Pennsylvania Higher Education Assistance Authority doing business as American Education Services |
| A | Timothy P Burke<br>Timothy P Burke and Associates<br>1136 Fremont Avenue<br>Suite 108<br>South Pasadena, CA 91030<br>(626)799-8902<br>Fax: (626)799-8912<br>Email: tburke@tpblaw.com | Education Credit Management Services |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on June 23, 2008 at San Francisco, California.

/s/Rupert P. Hansen

RUPERT P. HANSEN

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL 415-438-4600
FAX 415-438-4601

CERTIFICATE OF SERVICE          Case No.: 08 CV 00442 L RBB