UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY A. NEEDELMAN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PENNSYLVANIA HIGHER<br>EDUCATION ASSISTANCE AGENCY<br>dba AMERICAN EDUCATION<br>SERVICES; *et al.*,<br><br>　　　　　Defendants. | Civil No. 08cv442 L(RBB)<br><br>**ORDER DENYING MOTIONS TO DISMISS [doc. nos. 4, 6, 14]** |

The three defendants, Pennsylvania Higher Education Assistance ("PHEAA"), Educational Credit Management Corporation ("ECM") and Key Bank, NA ("Key Bank")[1] have each filed motions to dismiss the above-captioned case. The motions have been fully briefed. Because the motions are premised on the same factual and legal arguments and plaintiff filed a consolidated response in opposition, all three motions will be disposed of in this Order.

**Background**

Plaintiff, a California-licensed attorney, obtained student loans in order to attend law school between 1993 and 1997. His lender, Key Bank, disbursed student loans on August 4,

---

[1] PHEAA is the loan servicing agent for Key Bank's student loans to plaintiff. ECM is a national guaranty agency that insures loans.

1993, December 22, 1993, August 19, 1994, September 20, 1995, and August 28, 1996.[2] After his graduation from law school in 1997, plaintiff made some payments on the loans and he received a deferment or forbearance in 2000. (Complaint ¶ 7.)

Plaintiff filed a Chapter 13 bankruptcy petition in this district on December 6, 2001. *Id.* at ¶ 8. Plaintiff asserts that notice of the Plan was given to all lenders and the creditors offered no objections to the Plan. The bankruptcy court confirmed the five-year plan on January 25, 2002, which called for plaintiff to pay $29,197.11 on the $104,275.35 student loan debt. On March 9, 2007, after plaintiff made all payments required under the Plan, the bankruptcy court entered a discharge order. As a result, plaintiff argues that his student loans were discharged by his Chapter 13 bankruptcy. Although believing the loans were no longer due and owing, plaintiff made monthly loan payments based upon defendants' demands. He now seeks reimbursement of those payments.

**Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A complaint may not be dismissed for failure to state a claim under Rule 12(b)(6), "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and further, must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). But a complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the "right to relief above the speculative level." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1965 (2007).

When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents incorporated by reference in the

---

[2] Although there were five disbursements of moneys to plaintiff, there are seven federally guaranteed student loans at issue. (Complaint ¶ 7.)

complaint, and matters of which the Court takes judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998).

## Discussion

It is well-settled law that student loan debts are presumptively nondischargeable in bankruptcy under 11 U.S.C. § 523(a)(8).[3] *Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 450 (2004). Student loans may not be discharged under Chapter 13 unless the debtor can show "undue hardship," 11 U.S.C. § 523(a)(8), and such a showing can only be made in an adversary proceeding. FED. R. BANKR. P. 7001(6). To initiate an adversary proceeding, the debtor must file a complaint, FED. R. BANKR. P. 7003, which must be served on the student loan creditor along with a summons, FED. R. BANKR. P. 7004.

Attached to the Voluntary Petition for Chapter 13 Bankruptcy was plaintiff's Plan. On Schedule F of the Plan, plaintiff listed all of his student loan creditors. (Plaintiff's Opp., Exh. A at 15.) The Plan provided that with respect to these unsecured creditors, "the Trustee shall pay dividends pro rata on claims allowed unsecured herein 28% of the amount allowed in full satisfaction thereon." *Id.* at 27. No interest was required to be paid to the creditors. *Id.*

The Bankruptcy Court Clerk mailed the required Notice of the § 341(a) Creditors' Meeting to all creditors listed in the Petition which included defendants here. *See* FED. R. BANKR. P. 2002. The Notice contained a summary of the Plan and a statement that a creditor

---

[3] 11 U.S.C. § 523(a)(8) provides:
(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
    (8) unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for--
    (A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
    (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or
    (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual;

was required to file a claim in order to participate in a distribution and "IF NO OBJECTION IS FILED, THE PLAN MAY BE CONFIRMED WITHOUT FURTHER NOTICE AND WILL BE BINDING ON ALL CREDITORS." (Exh. B at 28 (capitalization in original.))  As indicated in the Notice, the Creditors' Meeting was held on January 17, 2002.  No creditors appeared and no objections to the Plan were made.  The Court issued its Order Confirming Debtor's Plan and Allowing Attorneys Fees on January, 24, 2002.  (Exh. C.)  Plaintiff did not file an adversary action to have his student loan debt discharged because of undue hardship. As noted above, the bankruptcy court entered a discharge order upon completion of the Plan.

Defendants do not argue that they failed to receive the Notice of the § 341 Creditors' Meeting.  Nevertheless defendants contend plaintiff's student loan debt has not been discharged because he did not file an adversary proceeding to discharge his student loan debt and due process requires that student loan creditors receive notice of the attempted discharge required by Federal Rules of Bankruptcy Procedure 7001, 7003, and 7004, *i.e.,* the notice required for an adversary action.

Plaintiff relies on *In re Pardee*, 193 F.3d 1083 (9th Cir. 1999) to support his contention that the listing of the student loans in his Petition and Chapter 13 Plan and defendants' failure to object to the Plan after receiving notice of the Plan discharged the student loan debts notwithstanding the lack of an adversary action.  As here, the student loan debtor in *In re Pardee* did not comply with the additional procedure of an adversary action as required by the Bankruptcy Code and Rules to discharge his student debt.  The creditor had notice of Pardee's Petition and Plan, which included the discharge of the student loan debt, but did not file any objections to the Plan.  *Id,* at 1084.  The bankruptcy court confirmed the Plan and discharged the student loan debt.  When Pardee sought to enforce the discharge and to enjoin the creditor from additional attempts to collect the debt, the creditor argued that the confirmed Plan was not final because it had not received the benefit of the additional procedures applicable to the discharge of student loans, specifically, an adversary action.  *Id.* at 1086.

/ / /

/ / /

The *Pardee* court noted:

> If a creditor fails to protect its interests by timely objecting to a plan or appealing the confirmation order, "it cannot later complain about a certain provision contained in a confirmed plan, even if such a provision is inconsistent with the Code."

*Id.* (quoting *Anderson v. UNIPAC-NEBHELP*, 179 F.3d 1253, 1258 (10th Cir. 1999)). The *Pardee* court continued: "This court has recognized the finality of confirmation orders even if the confirmed bankruptcy plan contains illegal provisions." *Id.* (citing *Trulis v. Barton*, 107 F.3d 685, 691 (9th Cir. 1995). The Ninth Circuit recently reiterated the *Pardee* holding that "a discharge is a final judgment and cannot be set aside or ignored because a party suddenly claims, years later, that the trial court committed an error." *Espinosa v. United Student Aid Funds, Inc.*, – F.3d –, 2008 WL 5158728, at *3 (9th Cir. (Ariz.) Dec 10, 2008).[4]

Defendants contend that *Pardee* "is no longer viable law" (ECM's motion at 5) and it "has been subsequently clarified and limited." (PHEAA's motion at 2.) According to defendants, subsequent Ninth Circuit law has held that confirmation of a plan will not have a preclusive effect on an issue that must be raised in an adversary proceeding unless it is actually litigated. *See e.g., Enewally v. Wash. Mut. Bank*, 368 F.3d 1165, 1173 (9th Cir. 2004); *Educ. Credit Mgmt. Corp. v. Repp*, 307 B.R. 144 (B.A.P. 9th Cir. 2004); *In re Ransom*, 336 B.R. 790 (9th Cir. 2005).

More recently the Ninth Circuit took up this exact issue: "Whether a debtor may obtain discharge of a student loan by including it in a Chapter 13 plan, if the creditor fails to object after notice of the proposed plan." *Espinosa,* 2008 WL 5158728, at *2.

In *Espinosa*, the debtor notified his student loan creditor by mail of the deadline for filing objections and the date of the confirmation hearing as required under FED. R. BANKR. P. 2002(b). Espinosa listed his student debt in his Chapter 13 petition and Plan but did not file an adversary proceeding. The bankruptcy court confirmed Espinosa's Plan. After Espinosa made the payments specified in the Plan, the bankruptcy court entered a discharge order. The creditor

---

[4] The Mandate in *Espinosa v. United Student Aid Funds, Inc.*, 06-16421, was filed on December 22, 2008.

sought relief from the discharge order based upon Espinosa's failure to initiate an adversary proceeding and his consequent failure to obtain a judicial determination of undue hardship. The creditor also argued that due process required notice in accordance with the additional procedures set forth in the Bankruptcy Rules for adversary actions rather than the notice of the plan required under FED. R. BANKR. P. 2002.

The *Espinosa* court found that the creditors received notice of the proposed Chapter 13 plan, "and so knew perfectly well that if the plan were approved and satisfied, the debtor would be granted a discharge of the student debt listed in the plan." *Espinosa*, at *5. The court continued:

> Had the creditor wanted to insist on an adversary [action], it could have objected to the Chapter 13 plan on the ground that there was no judicial finding of undue hardship. Had [the creditor] so objected, the bankruptcy court would have been required to disapprove the plan and Espinosa would have been put to the hard choice of commencing an adversary [action] or abandoning Chapter 13. But [the creditor] didn't object to the plan and didn't appeal the order confirming the plan, as it well could have. [citation omitted] Instead, it accepted the payments made by the debtor during the plan's life and then acted as if the whole thing never happened.

*Id.* Ultimately the *Espinosa* court held that "student loan debts can be discharged by way of a Chapter 13 plan if the creditor does not object, after receiving notice of the proposed plan . . . and that such notice is not constitutionally inadequate." *Id.,* at *10.

The facts put forth in the complaint are decidedly similar to the facts in *Espinosa*. Here, plaintiff alleges defendants had notice of plaintiff's Chapter 13 bankruptcy petition, the associated Plan, the deadline for filing objections and the date of the confirmation hearing; the student loan debts were listed in the Plan but defendants did not object to the Plan's term that "the Trustee shall pay dividends pro rata on claims allowed unsecured herein 28% of the amount allowed in full satisfaction thereon" and 0% interest allowed; plaintiff made payments under the Plan; and upon completion of the Pplan, the bankruptcy court signed a Discharge Order on May 29, 2007. (Plaintiff's Exh. G.) Based on *Espinosa*, plaintiff has stated a claim that his student loan debt has been discharged, defendants may not seek enforcement of the debt, and plaintiff is entitled to reimbursement for payments made after the Discharge Order.

Accordingly, defendant Pennsylvania Higher Education Assistance Authority's motion to dismiss is **DENIED**; defendant Education Credit Management Services' motion to dismiss is **DENIED**; and defendant Key Bank, NA's motion to dismiss is **DENIED**.  The parties are directed to jointly contact the assigned magistrate judge within five days of the filing of this Order to schedule further proceedings as may be deemed necessary and appropriate.

**IT IS SO ORDERED.**

DATED: January 5, 2009

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL